## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FIRSTMERIT BANK, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, | |
| Plaintiff, | No. 1:12-cv-00572 |
| v. | |
| 2200 NORTH ASHLAND, LLC, et al. | |
| Defendants. | |

## AGREED ORDER APPOINTING RECEIVER FOR NON-RESIDENTIAL PROPERTY

THIS CAUSE was heard on Plaintiff's motion pursuant to the Illinois Mortgage Foreclosure Act, 735 ILCS 5/15-1101 *et seq.*, seeking an order appointing Steven R. Boyack ("Boyack") as receiver for the non-residential property located at:

      a.   7645 Sheridan Road, Chicago, Illinois 60626 ("7645 Sheridan Property").

      b.   4526 N. Sheridan Road, Chicago, Illinois 60640 ("4526 N. Sheridan Property").

      c.   1673 W. Pratt, Chicago, Illinois 60626 ("Clark Property").

      d.   1020 W. Lawrence Avenue, Chicago, Illinois 60640 ("Lawrence Property" and sometimes collectively with the 7645 Sheridan Property, the 4526 Sheridan Property, and the Clark Property, the "Properties").

The Properties are the subject of Plaintiff's complaint in mortgage foreclosure. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1332 and is fully advised in the premises. As used herein "defendant" and "mortgagor" shall also mean "defendants" and "mortgagors" as the context requires.

## THE COURT FINDS:

1.    The Plaintiff filed a verified complaint seeking to foreclose mortgages that alleges the following mortgagors defaulted on their obligations ("Complaint"):

      a.   7645 North Sheridan, LLC ("7645 Sheridan Mortgagor");

      b.   4526 North Sheridan, LLC ("4526 Sheridan Mortgagor"); and

      c.   6770 North Clark, LLC ("Clark Mortgagor");

        d.  Lawrence House, LLC ("Lawrence Mortgagor," and sometimes collectively with the 7645 Sheridan Mortgagor, the 4526 Sheridan Mortgagor, and the Clark Mortgagor, the "Mortgagors").

2.      The mortgages at issue ("Mortgages") secure the following promissory notes (the "Notes"), copies of which are attached to the Complaint:

        a.  a promissory note dated December 15, 2008, as amended, supplemented, or modified from time to time, executed by the 7645 Sheridan Mortgagor, in the principal amount of $5,600,000.00 ("7645 Sheridan Note");

        b.  a promissory note dated May 22, 2008, as amended, supplemented, or modified from time to time, executed by the 4526 Sheridan Mortgagor, in the principal amount of $3,700,000.00 ("4526 Sheridan Note");

        c.  a promissory note dated May 22, 2008, as amended, supplemented, or modified from time to time, executed by the Clark Mortgagor, in the principal amount of $2,910,000.00 ("Clark Note"); and

        d.  a promissory note dated May 28, 2008, as amended, supplemented, or modified from time to time, executed by the Lawrence Mortgagor, in the principal amount of $6,956,000.00 ("Lawrence Note").

3.      A copy of the mortgage on the 7645 Sheridan Property is attached to the Complaint, is dated December 15, 2008, was executed by the 7645 Sheridan Mortgagor, and was recorded as document number 0902129031 with the Cook County Recorder of Deeds against the 7645 Sheridan Property.

4.      A copy of the mortgage on the 4526 Sheridan Property is attached to the Complaint, is dated May 22, 2008, was executed by the 4526 Sheridan Mortgagor, and was recorded as document number 0815040159 with the Cook County Recorder of Deeds against the 4526 Sheridan Property.

5.      A copy of the mortgage on the Clark Property is attached to the Complaint, is dated May 22, 2008, was executed by the Clark Mortgagor, and was recorded as document number 0815040157 with the Cook County Recorder of Deeds against the Clark Property.

6.      A copy of the mortgage on the Lawrence Property is attached to the Complaint, is dated May 22, 2008, was executed by the Lawrence Mortgagor, and was recorded as document number 0815705193 with the Cook County Recorder of Deeds against the Lawrence Property.

7.      The Properties constitutes collateral pledged by the Mortgagors for payment and satisfaction of the indebtedness owed to FirstMerit under the Notes.

8.    The Properties are improved as follows:

    a.    The 7645 Sheridan Property is a single parcel improved with a multi-family mid-to high-rise residential building consisting of approximately 78 units.

    b.    The 4526 N. Sheridan Property is multifamily mid-rise residential building consisting of 103 units.

    c.    The Clark Property is a single parcel improved with a mixed-use residential building consisting of ground floor commercial space and approximately 52 residential units.

    d.    The Lawrence Property is a single parcel improved with a multi-family mid to high-rise residential building consisting of approximately 372 units.

9.    The Complaint alleges that "Events of Default," as defined in the Mortgages and Notes, have occurred due to, *inter alia*, the Mortgagors failure to make the required monthly payments due under the Clark Note and the Lawrence Note. The Events of Default recited herein and as more fully described in the Complaint, give the Plaintiff the right to accelerate all amounts due under the Notes and to demand the same be immediately payable.

10.    The Mortgages provide on that upon the occurrence of an Event of Default, the mortgagee shall have the right to make application for appointment of a receiver for the property.

11.    The Properties do not fall within the definition of "Residential Real Estate" under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219).

12.    The Court finds that due notice of the motion has been given pursuant to Rule 5 of the Federal Rules of Civil Procedure.

**PURSUANT TO AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED:**

1.    The receiver, Steven R. Boyack, based on the information provided to the Court, is deemed to be qualified to act as receiver and to manage the Properties as would a reasonably prudent person.

2.    Plaintiff's motion for an order appointing a receiver for the Properties is granted, and the above-named receiver is hereby appointed. Plaintiff's motion for an order appointing a receiver for the property located at 2200 N. Ashland Ave., Chicago, Illinois 60614 is hereby withdrawn without prejudice. This order will not become effective until the court has approved the receiver's bond as set forth below.

3.    The receiver is empowered with all the duties, responsibilities and powers enumerated in the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15-1101 *et seq*.

4.    The receiver is authorized to collect all rents relating to the Properties, and the tenants of the Properties, if any, are directed to pay rent to the receiver from the effective date of this order, until further notice. The receiver shall allocate all receipts from the operation of the real estate and other property subject to the Mortgages in accordance with 735 ILCS 5/15-1704(d). Within 21 days, the receiver shall provide notice to any and all occupants of the property as required by 735 ILCS 5/15-1704(f).

5.    All Section 8 rent voucher payments and all rent voucher payments from Housing Authorities, including but not limited to the Housing Authority of Cook County, whether for rent due after the Receiver takes possession of the Real Property Collateral or unpaid rents that were due prior to the Receiver's possession must be paid to the Receiver until the Receiver is discharged.

6.    The Receiver shall make arrangements for, and enter into contracts for the provision of, all utilities, services, equipment and supplies necessary or desirable for the management, operation, maintenance and servicing of the Property, to include but not be limited to gas/steam, electric, water, sewer, trash, phone, cable, internet, and snow removal, in the name of Defendant, using Defendant's taxpayer identification number. The Receiver shall not be responsible for any utility bills accruing prior to its appointment and the Receiver is not personally responsible for any bills during the Receivership.

7.    The Receiver may use, and Defendant must provide, any federal taxpayer identification numbers relating to the Property for any lawful purpose, except Receiver shall have no obligation to prepare or file tax returns on behalf of the Defendant.

8.    The receiver is authorized, without further order of this Court, to retain Phillip K. Wang, Esq. of the law firm Duane Morris, LLP at his normal and customary rates for similar work to act as the receiver's general counsel to represent and assist him with the performance of his duties as set forth herein if the receiver feels that legal counsel is reasonably necessary to assist with the performance of his duties hereunder.

9.    As soon as practically possible following bond approval, but in no case later than five (5) business days after the receiver's bond is approved, Mortgagors shall turn over to the receiver documents which relate in **any way** to the following:

   a.   Income collected for the Properties after the effective date of this order;

   b.   Contracts, documents, and agreements relating to accounts receivable and payable, operation, management, sale, leasing and/or control of the Properties;

   c.   All documents such as insurance policies, real estate taxes, notices and/or bills which concern the Properties in any way;

   d.   Documents relating to the Properties' condition, operation and maintenance or relating to any persons employed to maintain, secure or repair the Properties;

4

    e. A list by case name and number of all current litigation or regulatory proceedings which involve the Properties including, but not limited to: (1) abatement of taxes or reduction of assessments, (2) mechanics lien claims, (3) building code violations or zoning enforcement action; and (4) any other litigation or legal or related proceedings;

    f. All keys needed to operate, repair and/or maintain the Properties; and

    g. A list of all tenants and their payment history for the last two years.

10. Any security or other deposits which tenants have paid to the Mortgagor, or its agents, and which are not paid to the receiver, and over which the receiver has no control, shall be obligations of the Mortgagors and not the receivership estate, and the receiver shall not be obligated to refund such deposits except, however, the receiver may determine, in the exercise of commercially reasonable discretion, to refund such a security deposit to a tenant if in the best interests of the receivership estate. Any security or other deposits that tenants have paid or may pay to the receiver, shall be refundable by the receiver in accordance with the leases or agreements

11. The Mortgagors shall promptly and fully cooperate with receiver in connection with the receiver's performance of his/her duties and are prohibited from interfering with the powers or duties of receiver. The Mortgagors are further prohibited from directing anyone to interfere, in any way, with the receiver in the execution of this order.

12. The receiver shall file monthly written reports with the court. Each report shall be prepared with a case caption, personally signed by the receiver, and filed with the clerk of the court. The receiver or the plaintiff's attorney must mail copies of the report to all parties in the case (including those who have not formally appeared) at least five court days before the hearing on the report. The mailing shall include a notice of motion indicating the time, date and courtroom number applicable to the approval of the report, and a proof of service. Reports will be presented on a schedule established by the court for each particular case.

13. Each report shall include, at a minimum: a description of the property (number of units, type of use, size and condition), contact information for the receiver, a list of tenants with the amount of their rent, a summary of any litigation involving the property of which the receiver is aware, a report on any failure of the mortgagor or any tenant to cooperate with the requirements of the receiver order, verification that the property is adequately insured, a detailed billing statement for the receiver's fees, a draft order approving the report and setting the case for the next receiver's report, a photograph of the outside of the property (first report only), an income/expense statement, current balance on hand, background information on any matter for which the receiver is requesting special court approval, and a check register showing income received and expenses incurred since the previous report.

14.    Pursuant to 735 ILCS 5/15-1704(c), the receiver is authorized to retain Laramar Specialty
       Services, LLC to assist the receiver with respect to management of the subject premises.
       The plaintiff has represented to the court that the anticipated management fees will be
       $9,000.00 per property for the first month and the greater of 4.0% of the gross receipts
       per property per month or $4,000.00 per property per month for each following month.
       The duties and responsibilities of the management company will be: day-to-day
       management duties, preparation of annual budgets and monthly operating financial data,
       lease management, tenant relations, rent billing and collections, financial management
       and reporting. Interfacing with insurance agents and real estate tax protests are also
       included within the scope of Property Management.

15.    The receiver or a knowledgeable representative thereof must appear in court when his/her
       report is presented.

16.    The receiver's fee shall be $225.00 per hour. The court will review all fee requests for
       reasonableness.  The court reserves the right to reduce any fees which it deems to be
       excessive, including fees charged under the above-listed fee schedule.  Receiver's
       certificates shall constitute a first and prior lien on the property.

17.    With the consent of the plaintiff, the receiver may authorize necessary improvements to
       the property not to exceed the cost of $15,000.00. The receiver has the power to procure
       or maintain appropriate utility services for the property and to procure or maintain
       appropriate insurance coverage for the property.

18.    This order is not effective until the court has approved the receiver's bond in the amount
       of $250,000.00, which must be issued by a court-approved surety company and signed by
       a court-approved attorney-in-fact for the surety company.

19.    The Receiver shall file and serve upon the parties on June 1, 2012 the First Receiver's
       Report, which shall cover the reporting period beginning from the day the receiver's bond
       is approved through May 31, 2012.  The receiver shall notice the report for presentment
       before the Court within 14 days of the date the report is filed.

20.    This matter is set for status on settlement on May 16, 2012 at 10:30 a.m. in Courtroom
       1386.

ENTER:

Judge   Magistrate Judge

Date: _____April 27_____, 2012

6

<u>Prepared by</u>:
William J. Serritella (ARDC #6210001)
Katherine A. Attebery (ARDC # 6292944)
Brianna M. Sansone (ARDC #6298677)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 828-9600