## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FirstMerit Bank, N.A., as successor-in-interest to the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust Company,<br><br>    Plaintiff,<br><br>  v.<br><br>2200 North Ashland, LLC, 7645 North Sheridan, LLC, 6770 N. Clark, LLC, 4526 North Sheridan, LLC, Lawrence House, LLC, Astor House, LLC, First S & H Management, LLC, Sam Menetti, Hodo Menetti, Pullump L. Mehmeti, a/k/a Pullump L. Menetti, individually and as Trustee of the Pullump Menetti 2007 Irrevocable Trust, Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, Burim Mehmeti, a/k/a Burim Menetti, individually and as Trustee of the Burim Menetti 2007 Irrevocable Trust, Schmidt, Salzman & Moran, Ltd., City of Chicago,Mid-American Elevator Company, Inc., Diamond Bancorp, Inc., and AEP Energy, Inc. f/k/a Bluestar Entergy Solutions, Inc.<br><br>    Defendants. | No. 1:12-cv-00572 |

## SECOND AMENDED COMPLAINT
## TO FORECLOSE MORTGAGES AND FOR OTHER RELIEF

Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the Federal Deposit Insurance

Corporation, as Receiver for Midwest Bank and Trust Company, by and through its attorneys,

Aronberg Goldgehn Davis & Garmisa, pursuant to 735 ILCS 5/15-1101 *et seq.*, brings its Second

Amended Complaint to Foreclose Mortgages and for Other Relief against Defendants, 2200

North Ashland, LLC, 7645 North Sheridan, LLC, 6770 N. Clark, LLC, 4526 North Sheridan,

LLC, Lawrence House, LLC, Astor House, LLC, First S & H Management, LLC, Sam Menetti,

Hodo Menetti, Pullump L. Mehmeti, a/k/a Pullump L. Menetti, individually and as Trustee of the

Pullump Menetti 2007 Irrevocable Trust, Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually

and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, Burim Mehmeti, a/k/a Burim

Menetti, individually and as Trustee of the Burim Menetti 2007 Irrevocable Trust, Schmidt,

Salzman & Moran, Ltd., City of Chicago,Mid-American Elevator Company, Inc., Diamond

Bancorp, Inc., and AEP Energy, Inc. f/k/a Bluestar Entergy Solutions, Inc., stating in support as

follows:

## JURISDICTION AND VENUE

1.        Plaintiff, FirstMerit Bank, N.A. ("FirstMerit"), as successor-in-interest to the

Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Midwest Bank and Trust

Company ("Midwest"), files this matter to foreclose the mortgages and collect the indebtedness

hereinafter described.

2.        Jurisdiction in this Court is based upon diversity of citizenship. 28 U.S.C. § 1332.

There is complete diversity among the parties, and the matters in controversy, exclusive of

interest and costs, exceed the sum of $75,000.00.

3.        FirstMerit is a citizen of the State of Ohio because it is a national association

chartered under the laws of the State of Ohio, and it maintains its principal place of business and

headquarters in the State of Ohio. FirstMerit is the successor-in-interest to Midwest Bank by

virtue of its acquisition of certain of the assets of that entity, including the all of the loans

described in this Complaint (the "Loans"), from the FDIC on May 14, 2010.

4.        The citizenship of the mortgagors (hereinafter sometimes collectively referred to

as the "Borrowers") joined as defendants is as follows:

a.        Upon information and belief, 2200 North Ashland, LLC ("Ashland
Borrower") is citizen of the State of Illinois because it is an Illinois limited liability
company with its principal place of business in Chicago, Illinois, and its members are
citizens of the State of Illinois.

2

b. Upon information and belief, 7645 North Sheridan, LLC ("7645 Sheridan Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

c. Upon information and belief, 6770 N. Clark, LLC ("Clark Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

d. Upon information and belief, 4526 North Sheridan, LLC ("4526 Sheridan Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

e. Upon information and belief, Lawrence House, LLC ("Lawrence Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

f. First S & H Management, LLC ("S&H Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

5. The citizenship of certain guarantors (hereinafter sometimes collectively referred to as the "Guarantors") joined as defendants is as follows:

a. Upon information and belief, Astor House, LLC ("Astor House") is citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

b. Sam Menetti ("Sam") is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

c. Hodo Menetti ("Hodo") is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

d. Pullump L. Mehmeti, a/k/a Pullump L. Menetti, individually and as trustee of the Pullump L. Menetti 2007 Irrevocable Trust ("Pullump"), is a citizen of the State of Illinois because he maintains his principal place of residence in Park Ridge, Illinois.

e. Tefik H. Mehmeti, a/k/a/ Tefik H. Menetti, individually and as trustee of the Tefik Menetti 2007 Irrevocable Trust ("Tefik"), is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

f.     Burim Mehmeti, a/k/a Burim Menetti, individually and as trustee of the Burim Menetti 2007 Irrevocable Trust ("Burim"), is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

6.     The citizenship of other persons or entities joined as defendants is as follows:

a.     Upon information and belief, Schmidt Salzman & Moran ("SSM") is a citizen of the State of Illinois because it is an Illinois limited company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

b.     The City of Chicago ("City") is a citizen of the State of Illinois because it is an Illinois municipal corporation with its principal place of business in Chicago, Illinois.

c.     Upon information and belief, Mid-American Elevator Company, Inc. ("Mid-American") is a citizen of the State of Illinois because it is an Illinois Corporation with its principal place of business in Chicago, Illinois.

d.     Upon information and belief, Diamond Bankcorp, Inc. ("Diamond Bank") is a citizen of the State of Nevada because it has been incorporated in Nevada. Diamond Bank is also a citizen of the State of Illinois because its principal place of business is located in Schaumburg, Illinois.

e.     Upon information and belief, AEP Energy, Inc. f/k/a Bluestar Entergy Solutions, Inc. ("Blue Star") is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Chicago, Illinois.

7.     Venue is proper in this District because the mortgages at issue are secured by property located in this District, and a substantial portion of the acts and omissions giving rise to the claim occurred here. 18 U.S.C. § 1391.

## COMMON FACTUAL ALLEGATIONS

### The Ashland Loan, Note, and Mortgage

8.     The Ashland Borrower and FirstMerit entered into that certain Business Loan Agreement dated May 22, 2008, as amended, supplemented or modified from time to time (the "Ashland Loan Agreement"), in connection with a Loan from FirstMerit to the Ashland Borrower in an amount not to exceed THREE MILLION ONE HUNDRED THOUSAND AND

00/100 DOLLARS ($3,100,000.00) (the "Ashland Loan"), which Ashland Loan was evidenced by, among other loan documents, that certain Promissory Note dated May 22, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "Ashland Note").

9. The Ashland Note was secured by, among other things, that certain Mortgage dated May 22, 2008 (the "Ashland Mortgage"), on the property commonly known as 2200 N. Ashland Ave., Chicago, Illinois, and legally described in the Ashland Mortgage (the "Ashland Property").

10. The FDIC, as Receiver for Midwest, assigned the Ashland Mortgage to FirstMerit (the "Ashland Assignment").

11. The Ashland Loan and Ashland Note has been repaid in full. However, as more fully discussed below, the Ashland Mortgage continues to secure the other loans described herein.

### The 7645 Sheridan Loan, Note, Mortgage, and Guaranties

12. The 7645 Sheridan Borrower and FirstMerit have entered into that certain Loan Agreement dated December 15, 2008, as amended, supplemented or modified from time to time (the "7645 Sheridan Loan Agreement"), pursuant to which FirstMerit agreed to extend a loan to the 7645 Sheridan Borrower in an amount not to exceed FIVE MILLION SIX HUNDRED THOUSAND AND 00/100 DOLLARS ($5,600,000.00) (the "7645 Sheridan Loan"), which 7645 Sheridan Loan is evidenced by, among other loan documents, that certain Mortgage Note dated December 15, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "7645 Sheridan Note").

13.     The 7645 Sheridan Note is secured by that certain Mortgage, Security Agreement and Fixture Financing Statement dated December 15, 2008 (the "7645 Sheridan Mortgage) on the property commonly known as 7645 North Sheridan Road, Chicago, Illinois, legally described in the 7645 Sheridan Mortgage (the "7645 Sheridan Property").

14.     The 7645 Sheridan Note is also secured by those certain Guaranties of Payment and Performance executed by each of Astor House, Pullump, Telfif and Burim ("7645 Sheridan Guarantors"), each dated as of December 15, 2008 ("7645 Sheridan Guaranties").

15.     On or about January 20, 2012, the FDIC, as Receiver for Midwest, executed an allonge to the 7645 Sheridan Note (the "7645 Sheridan Allonge") and assigned the 7645 Sheridan Mortgage to FirstMerit (the "7645 Sheridan Assignment").

**The 4526 Sheridan Loan, Note, Mortgage, and Guaranties**

16.     The 4526 Sheridan Borrower and FirstMerit have entered into that certain Business Loan Agreement dated May 22, 2008, as amended, supplemented or modified from time to time (the "4526 Sheridan Loan Agreement"), pursuant to which FirstMerit agreed to extend a loan to the 4526 Sheridan Borrower in an amount not to exceed THREE MILLION SEVEN HUNDRED THOUSAND AND 00/100 DOLLARS ($3,700,000.00) (the "4526 Sheridan Loan"), which 4526 Sheridan Loan is evidenced by, among other loan documents, that certain Promissory Note dated May 22, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "4526 Sheridan Note").

17.     The 4526 Sheridan Note is secured by that certain Mortgage dated May 22, 2008 (the "4526 Sheridan Mortgage") on the property commonly known as 4526 N. Sheridan Rd., Chicago, Illinois, legally described in the 4526 Sheridan Mortgage (the "4526 Sheridan Property").

18.     The 4526 Sheridan Note is also secured by those certain Commercial Guaranties executed by each of Sam and Hodo ("4526 Sheridan Guarantors"), each dated May 22, 2008 ("4526 Sheridan Guaranties").

19.     On or about January 20, 2012 the FDIC, as Receiver for Midwest, executed an allonge to the 4526 Sheridan Note (the "4526 Sheridan Allonge") and assigned the 4526 Sheridan Mortgage to FirstMerit (the "4526 Sheridan Assignment").

**The Clark Loan, Note, Mortgage, and Guaranties**

20.     The Clark Borrower and FirstMerit have entered into that certain Business Loan Agreement dated May 22, 2008, as amended, supplemented or modified from time to time (the "Clark Loan Agreement"), pursuant to which FirstMerit agreed to extend a loan to the Clark Borrower in an amount not to exceed TWO MILLION NINE HUNDRED TEN THOUSAND AND 00/100 DOLLARS ($2,910,000.00) (the "Clark Loan"), which Clark Loan is evidenced by that certain Promissory Note dated May 22, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "Clark Note").

21.     The Clark Note is secured by that certain Mortgage dated May 22, 2008 (the "Clark Mortgage") and recorded on May 29, 2008 with the Recorder's Office as Document No. 0815040157 on the property commonly known as 1673 W. Pratt, Chicago, Illinois, legally described in the Clark Mortgage (the "Clark Property").

22.     The Clark Note is also secured by those certain Commercial Guaranties executed by each of Same and Hodo (the "Clark Guarantors"), each dated May 22, 2008 ("Clark Guaranties").

23.     On or about January 20, 2012 the FDIC, as Receiver for Midwest, executed an allonge to the Clark Note (the "Clark Allonge") and assigned the Clark Mortgage to FirstMerit (the "Clark Assignment").

### The Lawrence Loan, Note, Mortgage, and Guaranties

24.     The Lawrence Borrower and FirstMerit have entered into that certain Business Loan Agreement dated May 28, 2008, as amended, supplemented or modified from time to time (the "Lawrence Loan Agreement"), pursuant to which FirstMerit agreed to extend a loan to the Lawrence Borrower in an amount not to exceed SIX MILLION NINE HUNDRED FIFTY-SIX THOUSAND AND 00/100 DOLLARS ($6,956,000.00) (the "Lawrence Loan"), which Lawrence Loan is evidenced by, among other loan documents, that certain Promissory Note dated May 28, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "Lawrence Note").

25.     The Lawrence Note is secured by that certain Mortgage dated May 28, 2008 (the "Lawrence Mortgage") on the property commonly known as 1020 W. Lawrence Avenue, Chicago, Illinois, legally described in the Lawrence Mortgage (the "Lawrence Property").

26.     The Lawrence Note is also secured by those certain Commercial Guaranties executed by each of Sam and Hodo ("Lawrence Guarantors"), each dated May 28, 2008 ("Lawrence Guaranties").

27.     On or about January 20, 2012 the FDIC, as Receiver for Midwest, executed an allonge to the Lawrence Note (the "Lawrence Allonge") and assigned the Lawrence Mortgage to FirstMerit (the "Lawrence Assignment").

**The S&H February Loan, Note, Mortgage, and Guaranties**

28.     The S&H Borrower and FirstMerit entered into a Business Loan Agreement dated February 4, 2008 pursuant to which FirstMerit agreed to loan to the S&H Borrower an amount not to exceed SIX HUNDRED THREE THOUSAND AND 00/100 DOLLARS ($603,000.00) (the "S&H February Loan"). The S&H February Loan is evidenced by that certain Promissory Note executed by the S&H Borrower dated February 4, 2008, payable to FirstMerit, (as it may have been amended, restated, modified or supplemented from time to time, the "S&H February Note").

29.     The S&H February Note is also secured by those certain Commercial Guaranties executed by each of Pullump, Tefik, and Burim ("S&H February Guarantors"), each dated February 4, 2008 ("S&H February Guaranties").

30.     On or about January 20, 2012, the FDIC, as Receiver for Midwest, executed an allonge to the S&H February Note (the "S&H February Allonge").

**The S&H September Loan, Note, Mortgage, and Guaranties**

31.     The S&H Borrower and FirstMerit entered into a Business Loan dated September 3, 2008 pursuant to which FirstMerit agreed to loan and to the S&H Borrower an amount not to exceed TWO HUNDRED SEVENTY TWO THOUSAND AND 00/100 DOLLARS ($272,000.00) (the "S&H September Loan"). The S&H September Loan is evidence by, among other loan documents, certain Promissory Note executed by the S&H Borrower dated September 3, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, (the "S&H September Note).

32.     The S&H September Note is also secured by those certain Commercial Guaranties executed by each of Pullup, Tefik, and Burim ("S&H September Guarantors"), each dated September 4, 2008 (S&H September Guaranties").

33.     On or about January 20, 2012 the FDIC, as Receiver for Midwest, executed an allonge to the September Note (the "S&H September Allonge").

**The Restructure, Forbearance and Mortgage Modification Agreements**

34.     On or about September 20, 2011, the Ashland Loan, 7645 Sheridan Loan, 4526 Sheridan Loan, Clark Loan, and Lawrence Loan (collectively the "Apartment Building Loans") were restructured, and the indebtedness under those promissory notes was cross-collateralized and cross-defaulted (the "Restructure"). The Restructure is evidenced by the Loan Document Modification and Cross-Collateralization and Cross-Default Agreement between the Ashland Borrower, the 7645 Sheridan Borrower, the Clark Borrower, the 4526 Sheridan Borrower, and the Lawrence Borrower (collectively the "Apartment Building Borrowers") and FirstMerit dated August 19, 2011 (the "2011 Modification Agreement").  A true and accurate copy of the Modification Agreement is attached hereto as **Exhibit 1**.

35.     Pursuant to the 2011 Modification Agreement, FirstMerit and the Apartment Building Borrowers agreed, among other things, that each of the Ashland Mortgage, 7645 Sheridan Mortgage, 4526 Sheridan Mortgage, Clark Mortgage, and Lawrence Mortgage (collectively, the "Mortgages") secured each of the Loans, and that an event of default under any of the Apartment Building Loans would constitute a default under each of them.

36.     As a result of the occurrence of certain defaults under the Apartment Building Loans, the S&H September Loan, and the S&H February Loan, on or about December 14, 2011, FirstMerit elected to declare the whole of the principal sum of the indebtedness thereunder,

remaining unpaid, together with interest, fees, and costs thereon, immediately due and payable. True and accurate copies of the December 14, 2011 Default and Acceleration Notices are attached hereto as **Group Exhibit 2**.

37.     FirstMerit confirmed its election to declare the Ashland Loans, the S&H September Loan, and the S&H February Loan in default by commencing against the Borrowers and Guarantors the instant action (the "Ashland Lawsuit"), and an action entitled *FirstMerit Bank, N.A., et al vs. First S & H Management, LLC, et al.*, No. 1:12-cv-00580, in the U.S. District Court for the Northern District of Illinois (the "S&H Lawsuit").  The S&H Lawsuit was dismissed without prejudice on August 14, 2012.

38.     FirstMerit and the Apartment Building Borrowers entered into that certain Forbearance Agreement, dated August 2, 2012 (the "Apartment Building Forbearance Agreement"), pursuant to which FirstMerit agreed to forbear for a limited period of time from exercising certain of its rights and remedies available to it under the credit agreements evidencing and/or related to the Apartment Building Loans, subject to and upon the terms and conditions set forth therein.  A true and accurate copy of the Apartment Building Forbearance Agreement is attached hereto as **Exhibit 3**.

39.     FirstMerit and the S&H Borrower entered into that certain Forbearance Agreement, dated August 2, 2012 ("S&H Forbearance Agreement"), under which FirstMerit agreed to forbear for a limited period of time from exercising certain of its rights and remedies available to it under the credit agreements evidencing and/or related to the S&H September Loan and the S&H February Loan (collectively the "S&H Loans"), subject to and upon the terms and conditions set forth therein.  A true and accurate copy of the S&H Forbearance Agreement is attached hereto as **Exhibit 4**.

40.     Pursuant to the Apartment Building Forbearance Agreement and the S&H Forbearance Agreement, FirstMerit, the Apartment Building Borrowers, and the S&H Borrowers agreed that each of the Mortgages secured each of the S&H Loans as well as the Apartment Building Loans.

41.     As a result of the occurrence of certain defaults under the Apartment Building Forbearance Agreement and the S&H Forbearance Agreement, on or about December 12, 2012, FirstMerit elected to declare the whole of the principal sum of the indebtedness of the Apartment Building Borrowers and the S&H Borrower remaining unpaid, together with interest, fees, and costs thereon, to be immediately due and payable. True and accurate copies of the December 12, 2012 Default and Acceleration Notices are attached hereto as **Group Exhibit 5**.

42.     Any pre-suit notice requirements have been met, and any and all grace periods have expired or have been a waived.

**Events of Default**

43.     The following events of default have occurred under the Apartment Building Forbearance Agreement:

   a.      The Apartment Building Borrowers have failed produce to FirstMerit, or its agent, tax bills, and information on capital expenses, ownership history, and the scope of construction (including construction costs) for the Ashland Property, as required by Paragraph 4(ii) of the Apartment Building Forbearance Agreement;

   b.      The Apartment Building Borrowers have failed to provide to FirstMerit all listing agreements related to the Apartment Buildings (as defined in the Forbearance Agreement), as required by Paragraph 4(iii) of the Apartment Building Forbearance Agreement;

   c.      The Apartment Building Borrowers have failed to pay the first and second installment 2011 real estate tax bills, plus penalties and fees, on the Ashland Property, as required by Paragraph 4(vi) of the Apartment Building Forbearance Agreement;

   d.      The Apartment Building Borrowers have failed to establish a tax escrow account at FirstMerit, and have failed to deposit therein the required monthly payment

of $3,834.00 for the estimated first installment 2012 real estate tax bill for the Ashland Property, as required by Paragraph 4(vii) of the Apartment Building Forbearance Agreement;

e.      The Apartment Building Borrowers have failed to make the monthly due under the 7645 Sheridan Note, the 4526 Sheridan Note, and the Clark Note, in accordance with the terms of each such Note, in and after October, 2012, as required by Paragraph 4(viii) of the Apartment Building Forbearance Agreement; and

f.      The Apartment Building Borrowers have failed to resolve the pending mechanics lien claims asserted against the Borrowers, as required by Paragraph 4(ix) of the Apartment Building Forbearance Agreement.

g.      The Lawrence Borrower failed to close the sale of the Lawrence Property on or before October 31, 2012, as required by Paragraph 4(iv) of the Apartment Building Forbearance Agreeement.

44.     The following events of default have occurred under the S&H Forbearance Agreement:

a.      The S&H Borrower has failed to repay to FirstMerit $23,479.37, which was advanced by FirstMerit to pay past due real estate taxes on the Properties (as defined in the S&H Forbearance Agreement).

b.      The S&H Borrower has failed to use commercially reasonable efforts to market and sell the Properties or to submit all listing agreements as evidence thereof (as defined in the S&H Forbearance Agreement).

45.     After the forebearance defaults described above, the Apartment Building Borrowers have defaulted under the Apartment Building Notes, and the S&H Borrowers have defaulted under the S&H Notes, because they have failed and refused to pay the entire balance due thereunder, including interest thereon, after FirstMerit accelerated them on December 12 2012.

46.     Each of the foregoing failures and refusals also constitute events of default ("Events of Default") under each of the Mortgages described herein.

47.     To date, the foregoing Events of Default have not been cured.

## COUNT I – MORTGAGE FORECLOSURE – ASHLAND MORTGAGE

48. FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 50.

49. FirstMerit files this Count I pursuant to 735 ILCS 5/15-1101, *et seq*., to foreclose the Ashland Mortgage, and in connection therewith joins the following as defendants:

g. Ashland Borrower.
h. 7645 Sheridan Borrower.
i. 4526 Sheridan Borrower.
j. Clark Borrower.
k. Lawrence Borrower.
l. S&H Borrower.
m. SSM.

50. Attached to this Complaint and incorporated herein by reference are the following exhibits related to the Ashland Loan, which are true and correct copies of the originals:

a. **Exhibit 6** is a true copy of the Ashland Note.
b. **Exhibit 7** is a true copy of the Ashland Mortgage.
c. **Exhibit 8** is a true copy of the Ashland Assignment.

51. Information concerning the Ashland Mortgage is as follows:

a. Nature of Instrument:  Mortgage

b. Date of Mortgage:  May 22, 2008

c. Name of mortgagor: 2200 North Ashland, LLC

d. Name of mortgagee:

    i. Original Mortgagee:   Midwest Bank and Trust Company
    ii. Current Mortgagee:    FirstMerit Bank, N.A.
    iii. Current Loan Servicer:  n/a

e. Date and place of initial recording: May 29, 2008, Cook County Recorder

f. Identification of recording:  081504154

g. Estate conveyed:  Mortgage of Fee Simple Interest

h. Amount of original principal indebtedness, including subsequent advances made under the mortgage: $3,100,000.00

i. Legal description of secured Property:

THAT PART OF THE NORTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 31, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING SOUTH AND WEST OF THE NORTH BRANCH OF THE CHICAGO RIVER AND BOUNDED ON THE NORTH AND EAST BY THE CHICAGO RIVER, CHICAGO AND NORTHWESTERN RAILROAD (EXCEPT THAT PARTY OF SAID TRACT OF THE LAND CONDEMNED FOR THE WIDENING OF NORTH ASHLAND AVENUE CONVEYED TO THE CITY OF CHICAGO BY DEED DATED JULY 16, 1930 AND RECORDED JULY 28, 1930 AS DOCUMENT 10713775), IN COOK COUNTY, ILLINOIS.

Property Index Number: 14-31-200-032-0000

Common Address: 2200 North Ashland Avenue, Chicago, 60614 Illinois

j. Statements as to defaults and amounts now due:

Plaintiff expressly incorporates herein by reference the Events of Default alleged in Paragraphs 43 and 44 of this Complaint.

The amounts due as of December 19, 2012 are:

| | | |
|---|---|---:|
| **i.** | **Total Principal:** | **$ 18,923,643.68** |
| | A. 7645 Sheridan Note: | 5,349,635.26 |
| | B. 4526 Sheridan Note: | 3,500,376.59 |
| | C. Clark Note: | 2,753,430.66 |
| | D. Lawrence Note: | 6,485,380.21 |
| | E. S&H February Note: | 570,807.31 |
| | F. S&H September Note: | 264,013.65 |
| | | |
| **ii.** | **Total Interest:** | **$ 907,212.34** |
| | A. 7645 Sheridan Note: | 293,890.46 |
| | B. 4526 Sheridan Note: | 159,400.69 |
| | C. Clark Note: | 125,386.08 |
| | D. Lawrence Note: | 266,536.02 |
| | E. S&H February Note: | 42,359.14 |
| | F. S&H September Note: | 19,639.95 |
| | | |
| **iii.** | **Total Late Fees:** | **$ 210,765.34** |
| | A. 7645 Sheridan Note: | 56,544.46 |
| | B. 4526 Sheridan Note: | 28,627.83 |

|   |   |   |   |
|---|---|---|---|
| | C. Clark Note: | | 20,662.66 |
| | D. Lawrence Note: | | 59,787.94 |
| | E. S&H February Note: | | 30,867.62 |
| | F. S&H September Note: | | 14,274.83 |

**iv.** **Total Advances for Real Estate Taxes:** **$** **310,525.72**
A. 7645 Sheridan Property:      104,127.26
B. 4526 Sheridan Property:      28,932.53
C. Clark Property:      71,701.91
D. Lawrence Property:      94,045.29
E. S&H February Property:      11,673.71
F. S&H September Property:      45.02

**v.** **Total Forced Place Insurance:** **$** **171,239.76**
A. 7645 Sheridan Property:      27,513.00
B. 4526 Sheridan Property:      27,800.00
C. Clark Property:      27,648.00
D. Lawrence Property:      88,278.76

**vi.** **Total Receivership Fees** **$** **300,228.97**
A. 7645 Sheridan Property:      52,845.39
B. 4526 Sheridan Property:      18,969.25
C. Clark Property:      4,637.50
D. Lawrence Property:      187,488.20
E. S&H February Property:      27,341.55
F. S&H September Property:      8,947.08

**vii.** **Total Other Fees (Appraisal, Title, etc.):** **45,675.08**
A. 7645 Sheridan Property:      8,293.60
B. 4526 Sheridan Property:      7,773.00
C. Clark Property:      8,418.44
D. Lawrence Property:      11,733.11
E. S&H February Property:      9,106.93
F. S&H September Property:      350.00

**viii.** **Legal Fees:** **131,362.48**
A. 7645 Sheridan Note:      34,780.24
B. 4526 Sheridan Note:      16,417.81
C. Clark Note:      15,243.11
D. Lawrence Note:      32,460.66
E. S&H February Note:      25,098.71
F. S&H September Note:      7,361.95

**ix.** **Total due:** **$** **21,000,653.37**

**x.** **Statement as to per diem interest**

| | | | |
|---|---|---|---|
| **accruing at the default rate after default:** | | | |
| A. | 7645 Sheridan Note: | $ | 947.33 |
| B. | 4526 Sheridan Note: | $ | 534.78 |
| C. | Clark Note: | $ | 420.66 |
| D. | Lawrence Note: | $ | 990.82 |
| E. | S&H February Note: | $ | 103.06 |
| F. | S&H September Note: | $ | 47.67 |

k.  Name of present owner(s) of the Ashland Property:  The Ashland Borrower.

l.  Names of additional defendants whose interest in or lien on the Property subordinate to that of Plaintiff and is sought to be terminated:

    i.  SSM, under and by virtue of the following liens:

        A.  Claim for lien in the amount of $37,138.50, recorded April 8, 2011, as document number 1109844095.

        B.  Claim for lien in the amount of $8,399.00, recorded April 23, 2012 as document number 1211416005.

m.  Names of persons claimed to be personally liable for deficiency:

    i.  7645 Sheridan Borrower.
    ii.  4526 Sheridan Borrower.
    iii.  Clark Borrower.
    iv.  Lawrence Borrower.
    v.  S&H Borrower.
    vi.  Astor House (as to the 7645 Sheridan Note).
    vii.  Pullump (as to the 7645 Sheridan Note and the S&H Notes).
    viii.  Tefik (as to the 7645 Sheridan Note and the S&H Notes).
    ix.  Burim (as to the 7645 Sheridan Note and the S&H Notes).
    x.  Sam (as to the 4526 Sheridan Note, the Clark Note and the Lawrence Note).
    xi.  Hodo (as to the 4526 Sheridan Note, the Clark Note and the Lawrence Note).

n.  Capacity in which FirstMerit brings this suit:  As the owner and legal holder of, inter alia, the Ashland Mortgage.

o.  Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the Ashland Mortgage.

p.  Facts in support of waiver right of redemption period:

Pursuant to the terms of the Ashland Mortgage, the right of redemption has been waived.

q. Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the Ashland Mortgage, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the Ashland Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r. Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s. FirstMerit does not at this time offer to the Ashland Borrower, in accordance with Section 15-1402, to accept title to the Ashland Property in satisfaction of all indebtedness and obligations secured by the Ashland Mortgage without judicial sale.

t. Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Ashland Borrower, by virtue of its interest as owner of record.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court grant it the following relief:

A. A judgment of foreclosure and sale by the Special Commissioner appointed for that purpose.

B. An order waiving the redemption period, as applicable.

C. A judgment for deficiency against the 7645 Sheridan Borrower, the 4526 Sheridan Borrower, the Clark Borrower, the Lawrence Borrower, and the S&H Property..

D. An order granting possession of the Ashland Property.

E. An order appointing a receiver, if sought.

F. A judgment for attorneys' fees, costs and expenses, including, but not limited to, payments for taxes, insurance, securing, inspections and other expenses of the mortgagee.

G. A finding that the interests of any and all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if sought.

H. An order enforcing its assignment of rents derived from said real estate, if applicable.

I. That, in the event that the Ashland Property is not redeemed from sale according to law, a deed or deeds may issue to the purchaser(s) at the foreclosure sale, that the purchaser(s) may be let in possession of the Property so sold, and a writ of assistance or other such writ as may be proper for such purpose may issue, and that all defendants named herein, and all persons claiming by, through, or under them, may forever be barred and foreclosed of any and all right or equity of redemption and claim to the Ashland Property.

J. Such other and further relief as equity may require, including, but not limited to, declaratory or injunctive relief.

FirstMerit Bank, N.A., also requests that the judgment for foreclosure or other orders entered herein provide for the following, pursuant to 735 ILCS 5/15-1506(f):

A. A sale by public auction.

B. A cash sale by open bid, in the form of a cashier's check, certified funds, or other good bank funds.

C. A provision that the Intercounty Judicial Sales Corporation or other authorized Special Commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of redemption.

D. An order that title in the Ashland Property may be subject, at the sale, to exceptions of record, including unpaid general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record; and

E. In the event that a party to the foreclosure is a successful bidder at the foreclosure sale, such party shall be allowed to offset against the purchase price the amounts due such party under the judgment of foreclosure or order confirming the sale.

19

## COUNT II – MORTGAGE FORECLOSURE – 7645 N. SHERIDAN

52.     FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 52.

53.     FirstMerit files this Count II pursuant to 735 ILCS 5/15-1101, *et seq.*, to foreclose the 7645 Sheridan Mortgage, and in connection therewith joins the following as defendants:

   a. 7645 Sheridan Borrower.
   b. 4526 Sheridan Borrower.
   c. Clark Borrower.
   d. Lawrence Borrower.
   e. Astor House.
   f. Pullump L. Menetti, individually and as Trustee of the Pullump L. Menetti Trust.
   g. Tefik H. Menetti, individually and as Trustee of the Pullump L. Menetti Trust.
   h. Burim Menetti, individually and as Trustee of the Burim Menetti Trust.
   i. The City.

54.     Attached to this Complaint and incorporated herein by reference are the following exhibits related to the 7645 Sheridan Loan, which are true and correct copies of the originals:

   a. **Exhibit 9** is a true copy of the 7645 Sheridan Note.
   b. **Exhibit 10** is a true copy of the 7645 Sheridan Mortgage.
   c. **Exhibit 11** is a true copy of the 7645 Sheridan Allonge.
   d. **Exhibit 12** is a true copy of the 7645 Sheridan Assignment.
   e. **Exhibit 13** is a true copy of the guaranty of Astor House.
   f. **Exhibit 14** is a true copy of the guaranty of Pullump.
   g. **Exhibit 15** is a true copy of the guaranty of Tefik.
   h. **Exhibit 16** is a true copy of the guaranty of Burim.

55.     Information concerning the 7645 Sheridan Mortgage is as follows:

   a. Nature of Instrument:  Mortgage

   b. Date of Mortgage:  December 15, 2008

   c. Name of mortgagor: 7645 North Sheridan, LLC

   d. Name of mortgagee:

      i. Original Mortgagee:   Midwest Bank and Trust Company
      ii. Current Mortgagee:    FirstMerit Bank, N.A.
      iii. Current Loan Servicer:  n/a

e.  Date and place of initial recording: January 21, 2009, Cook County Recorder

f.  Identification of recording of mortgage:    0902129031

g.  Estate conveyed:  Mortgage of Fee Simple Interest

h.  Amount of original principal indebtedness, including subsequent advances made under the mortgage: $5,600,000.00

i.  Legal description of secured Property:

LOTS 28 AND 29 IN LOWENMEYER'S LAKESIDE TERRACE ADDITION TO EVANSTON, A SUBDIVISION OF BLOCK 1 IN DREYER'S LAKE SHORE ADDITION TO SOUTH EVANSTON, A SUBDIVISION OF THE SOUTH 1/2 OF THE NORTHWEST 1/4OF SECTION 29, TOWNSHIP 41 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Property Index Number:   11-29-103-009-0000

Common Address:  7645 North Sheridan Road, Chicago, Illinois 60626

j.  Statements as to defaults and amounts now due:

Plaintiff expressly incorporates herein by reference the Events of Default alleged in Paragraphs 43 and 44 of this Complaint.

The amounts due as of December 19, 2012 are:

| | | |
|---|---|---:|
| **i.** | **Total Principal:** | **$  18,923,643.68** |
| | A. 7645 Sheridan Note: | 5,349,635.26 |
| | B. 4526 Sheridan Note: | 3,500,376.59 |
| | C. Clark Note: | 2,753,430.66 |
| | D. Lawrence Note: | 6,485,380.21 |
| | E. S&H February Note: | 570,807.31 |
| | F. S&H September Note: | 264,013.65 |
| | | |
| **ii.** | **Total Interest:** | **$      907,212.34** |
| | A. 7645 Sheridan Note: | 293,890.46 |
| | B. 4526 Sheridan Note: | 159,400.69 |
| | C. Clark Note: | 125,386.08 |
| | D. Lawrence Note: | 266,536.02 |
| | E. S&H February Note: | 42,359.14 |
| | F. S&H September Note: | 19,639.95 |

|       |                                             |    |               |
|-------|---------------------------------------------|----|---------------|
| iii.  | **Total Late Fees:**                        | $  | **210,765.34**|

A. 7645 Sheridan Note: 56,544.46
B. 4526 Sheridan Note: 28,627.83
C. Clark Note: 20,662.66
D. Lawrence Note: 59,787.94
E. S&H February Note: 30,867.62
F. S&H September Note: 14,274.83

**iv.**     **Total Advances for Real Estate Taxes:**    $   **310,525.72**
A. 7645 Sheridan Property: 104,127.26
B. 4526 Sheridan Property: 28,932.53
C. Clark Property: 71,701.91
D. Lawrence Property: 94,045.29
E. S&H February Property: 11,673.71
F. S&H September Property: 45.02

**v.**     **Total Forced Place Insurance:**    $   **171,239.76**
A. 7645 Sheridan Property: 27,513.00
B. 4526 Sheridan Property: 27,800.00
C. Clark Property: 27,648.00
D. Lawrence Property: 88,278.76

**vi.**     **Total Receivership Fees:**    $   **300,228.97**
A. 7645 Sheridan Property: 52,845.39
B. 4526 Sheridan Property: 18,969.25
C. Clark Property: 4,637.50
D. Lawrence Property: 187,488.20
E. S&H February Property: 27,341.55
F. S&H September Property: 8,947.08

**vii.**     **Total Other Fees (Appraisal, Title, etc.):**    **45,675.08**
A. 7645 Sheridan Property: 8,293.60
B. 4526 Sheridan Property: 7,773.00
C. Clark Property: 8,418.44
D. Lawrence Property: 11,733.11
E. S&H February Property: 9,106.93
F. S&H September Property: 350.00

**viii.**     **Legal Fees:**    **131,362.48**
A. 7645 Sheridan Note: 34,780.24
B. 4526 Sheridan Note: 16,417.81
C. Clark Note: 15,243.11
D. Lawrence Note: 32,460.66
E. S&H February Note: 25,098.71
F. S&H September Note: 7,361.95

                                                          **21,000,653.37**

        **ix.**       **Total due:**                              **$**

        **x.**       **Statement as to per diem interest**
                   **accruing at the default rate after default:**

| | | | $ | |
|---|---|---|---|---|
| | A. 7645 Sheridan Note: | | $ | 947.33 |
| | B. 4526 Sheridan Note: | | $ | 534.78 |
| | C. Clark Note: | | $ | 420.66 |
| | D. Lawrence Note: | | $ | 990.82 |
| | E. S&H February Note: | | $ | 103.06 |
| | G. S&H September Note: | | $ | 47.67 |

k. Name of present owner(s) of the 7645 Sheridan Property:  The 7645 Sheridan Borrower.

l. Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

    i. The City, under and by virtue of the following liens:

        A. Judgment Lien in the amount of $4,540.00, recorded December 2, 2010, as document number 1033612189.

        B. Judgment Lien in the amount of $1,140.00, recorded September 22, 2012, as document number 1227126114.

        C. Judgment Lien in the amount of $1,140.00, recorded September 27, 2012, as document number 1227126116.

        D. Judgment Lien in the amount of $1,140.00, recorded September 27, 2012, as document number 1227126132.

        E. Judgment Lien in the amount of $540.00, recorded October 29, 2012, as document number 1230341107.

        F. Judgment Lien in the amount of $1,140.00, recorded October 29, 2012, as document number 1230341120.

m. Names of persons claimed to be personally liable for deficiency:

    i. The 7645 Sheridan Borrower.
    ii. The 4526 Sheridan Borrower.
    iii. The Clark Borrower.
    iv. The Lawrence Borrower.
    v. Astor House.
    vi. Pullump.
    vii. Tefik.
    viii. Burim.

n. Capacity in which FirstMerit brings this suit:  As the owner and legal holder of, inter alia, the 7645 Sheridan Mortgage.

o. Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the 7645 Sheridan Mortgage.

p. Facts in support of waiver right of redemption period:

Pursuant to the terms of the 7645 Sheridan Mortgage, the right of redemption has been waived.

q. Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the 7645 Sheridan Mortgage and Note, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the 7645 Sheridan Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r. Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s. FirstMerit does not at this time offer to the 7645 Sheridan Borrower, in accordance with Section 15-1402, to accept title to the 7645 Sheridan Property in satisfaction of all indebtedness and obligations secured by the 7645 Sheridan Mortgage without judicial sale.

t. Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

7645 Sheridan Borrower, by virtue of its interest as owner of record.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court grant it the following relief:

A. A judgment of foreclosure and sale by the Special Commissioner appointed for that purpose.

B.  An order waiving the redemption period, as applicable.

C.  A judgment for deficiency against the 7645 Sheridan Borrower, the 4526 Sheridan Borrower, the Clark Borrower, the Lawrence Borrower, the S&H Borrower, Astor House, Pullump, Tefik, and Burim.

D.  An order granting possession of the 7645 Sheridan Property.

E.  An order appointing a receiver, if sought.

F.  A judgment for attorneys' fees, costs and expenses, including, but not limited to, payments for taxes, insurance, securing, inspections and other expenses of the mortgagee.

G.  A finding that the interests of any and all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if sought.

H.  An order enforcing its assignment of rents derived from said real estate, if applicable.

I.  That, in the event that the 7645 Sheridan Property is not redeemed from sale according to law, a deed or deeds may issue to the purchaser(s) at the foreclosure sale, that the purchaser(s) may be let in possession of the Property so sold, and a writ of assistance or other such writ as may be proper for such purpose may issue, and that all defendants named herein, and all persons claiming by, through, or under them, may forever be barred and foreclosed of any and all right or equity of redemption and claim to the 7645 Sheridan Property.

J.  Such other and further relief as equity may require, including, but not limited to, declaratory or injunctive relief.

FirstMerit Bank, N.A. also requests that the judgment for foreclosure or other orders

entered herein provide for the following, pursuant to 735 ILCS 5/15-1506(f):

A.  A sale by public auction.

B.  A cash sale by open bid, in the form of a cashier's check, certified funds, or other good bank funds.

C.  A provision that the Intercounty Judicial Sales Corporation or other authorized Special Commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of redemption.

D.  An order that title in the 7645 Sheridan Property may be subject, at the sale, to exceptions of record, including unpaid general real estate taxes for the current year

and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record; and

E. In the event that a party to the foreclosure is a successful bidder at the foreclosure sale, such party shall be allowed to offset against the purchase price the amounts due such party under the judgment of foreclosure or order confirming the sale.

### <u>COUNT III – MORTGAGE FORECLOSURE – 4526 N. SHERIDAN</u>

56. FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 56.

57. FirstMerit files this Count III pursuant to 735 ILCS 5/15-1101, *et seq*., to foreclose the 4526 Sheridan Mortgage, and in connection therewith joins the following as defendants:

    a. 7645 Sheridan Borrower.
    b. 4526 Sheridan Borrower.
    c. Clark Borrower.
    d. Lawrence Borrower.
    e. S&H Borrower.
    f. Hodo.
    g. Sam.
    h. City.
    i. Mid-American.
    j. SSM.
    k. Diamond Bank.

58. Attached to this Complaint and incorporated herein by reference are the following exhibits related to the 4526 Sheridan Loan, which are true and correct copies of the originals:

    a. **Exhibit 17** is a true copy of the 4526 Sheridan Note.
    b. **Exhibit 18** is a true copy of the 4526 Sheridan Mortgage.
    c. **Exhibit 19** is a true copy of the 4526 Sheridan Allonge.
    d. **Exhibit 20** is a true copy of the 4526 Sheridan Assignment.
    e. **Exhibit 21** is a true copy of the guaranty of Sam.
    f. **Exhibit 22** is a true copy of the guaranty of Hodo.

59. Information concerning the 4526 Sheridan Mortgage is as follows:

    a. Nature of Instrument:  Mortgage

b. Date of Mortgage:  May 22, 2008

c. Name of mortgagor: 4526 North Sheridan, LLC

d. Name of mortgagee:

   i. Original Mortgagee:   Midwest Bank and Trust Company
   ii. Current Mortgagee:    FirstMerit Bank, N.A.
   iii. Current Loan Servicer:  n/a

e. Date and place of initial recording: May 29, 2008, Cook County Recorder

f. Identification of recording of mortgage:    0815040159

g. Estate conveyed:  Mortgage of Fee Simple Interest

h. Amount of original principal indebtedness, including subsequent advances made under the mortgage:  $3,700,000.00

i. Legal description of secured Property:

   LOT 13 IN WILLIAM DEERING SURRENDEN SUBDIVISION IN THE WEST 1/2 OF THE NORTHWEST 1/4 OF SECTION 17, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED MAY 6, 1896 AS DOCUMENT NUMBER 2384355, IN COOK COUNTY, ILLINOIS

   Property Index Number:   14-17-219-008-0000

   Common Address:  4526 N. Sheridan Road, Chicago, Illinois 60640

j. Statements as to defaults and amounts now due:

   Plaintiff expressly incorporates herein by reference the Events of Default alleged in Paragraphs 43 and 44 of this Complaint.

   The amounts due as of December 19, 2012 are:

   | i. | **Total Principal:** | **$ 18,923,643.68** |
   |----|----------------------|---------------------|
   |    | A. 7645 Sheridan Note: | 5,349,635.26 |
   |    | B. 4526 Sheridan Note: | 3,500,376.59 |
   |    | C. Clark Note: | 2,753,430.66 |
   |    | D. Lawrence Note: | 6,485,380.21 |
   |    | E. S&H February Note: | 570,807.31 |
   |    | F. S&H September Note: | 264,013.65 |

| | | | |
|---|---|---|---|
| **ii.** | **Total Interest:** | **$** | **907,212.34** |
| | A. 7645 Sheridan Note: | | 293,890.46 |
| | B. 4526 Sheridan Note: | | 159,400.69 |
| | C. Clark Note: | | 125,386.08 |
| | D. Lawrence Note: | | 266,536.02 |
| | E. S&H February Note: | | 42,359.14 |
| | F. S&H September Note: | | 19,639.95 |
| | | | |
| **iii.** | **Total Late Fees:** | **$** | **210,765.34** |
| | A. 7645 Sheridan Note: | | 56,544.46 |
| | B. 4526 Sheridan Note: | | 28,627.83 |
| | C. Clark Note: | | 20,662.66 |
| | D. Lawrence Note: | | 59,787.94 |
| | E. S&H February Note: | | 30,867.62 |
| | F. S&H September Note: | | 14,274.83 |
| | | | |
| **iv.** | Total Advances for Real Estate Taxes: | **$** | **310,525.72** |
| | A. 7645 Sheridan Property: | | 104,127.26 |
| | B. 4526 Sheridan Property: | | 28,932.53 |
| | C. Clark Property: | | 71,701.91 |
| | D. Lawrence Property: | | 94,045.29 |
| | E. S&H February Property: | | 11,673.71 |
| | F. S&H September Property: | | 45.02 |
| | | | |
| **v.** | Total Forced Place Insurance | **$** | **171,239.76** |
| | A. 7645 Sheridan Property: | | 27,513.00 |
| | B. 4526 Sheridan Property: | | 27,800.00 |
| | C. Clark Property: | | 27,648.00 |
| | D. Lawrence Property: | | 88,278.76 |
| | | | |
| **vi.** | Total Receivership Fees | **$** | **300,228.97** |
| | A. 7645 Sheridan Property: | | 52,845.39 |
| | B. 4526 Sheridan Property: | | 18,969.25 |
| | C. Clark Property: | | 4,637.50 |
| | D. Lawrence Property: | | 187,488.20 |
| | E. S&H February Property: | | 27,341.55 |
| | F. S&H September Property: | | 8,947.08 |
| | | | |
| **vii.** | Total Other Fees (Appraisal, Title, etc.): | | **45,675.08** |
| | A. 7645 Sheridan Property: | | 8,293.60 |
| | B. 4526 Sheridan Property: | | 7,773.00 |
| | C. Clark Property: | | 8,418.44 |
| | D. Lawrence Property: | | 11,733.11 |
| | E. S&H February Property: | | 9,106.93 |
| | F. S&H September Property: | | 350.00 |

**viii.** Legal Fees: **131,362.48**

    A. 7645 Sheridan Note: 34,780.24

    B. 4526 Sheridan Note: 16,417.81

    C. Clark Note: 15,243.11

    D. Lawrence Note: 32,460.66

    E. S&H February Note: 25,098.71

    F. S&H September Note: 7,361.95

**ix.** Total due: **$ 21,000,653.37**

**x.** Statement as to per diem interest accruing at the default rate after default:

    A. 7645 Sheridan Note: $ 947.33

    B. 4526 Sheridan Note: $ 534.78

    C. Clark Note: $ 420.66

    D. Lawrence Note: $ 990.82

    E. S&H February Note: $ 103.06

    F. S&H September Note: $ 47.67

k. Name of present owner(s) of the 4526 Sheridan Property: 4526 Sheridan Borrower.

l. Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

    i. City, under and by virtue of the following liens:

        A. Judgment Lien in the amount of $1,040.00, recorded April 14, 2009, as document number 0910435065.

        B. Judgment Lien in the amount of $975.00, recorded September 21, 2009, as document number 0926426541.

        C. Judgment Lien in the amount of $5,500.00, recorded December 7, 2009, as document number 0934135063.

        D. Judgment Lien in the amount of $500.00, recorded May 19, 2010, as document number 1013926359.

        E. Judgment Lien in the amount of $2,540.00, recorded January 17, 2011, as document number 1100712202.

        F. Judgment Lien in the amount of $5,175.00, recorded February 1, 2011, as document number 1103240084.

        G. Lien in the amount of $6,261.18, recorded June 24, 2009, as document number 0917526291 (in favor of the City of Chicago Department of Water Management).

    ii. SSM, under and by virtue of a claim for lien in the amount of $37,138.50, recorded April 8, 2011, as document number 1109844095.

iii.   Mid-American, under and by virtue of a mechanic's lien in the amount of $4,920.00, recorded November 18, 2011, as document number 1132255019.

iv.   Diamond Bank, under and by virtue of the following:

     A.   mortgage dated May 18, 2006, and recorded October 27, 2006, as document number 0630055002, and re-recorded June 14, 2010, as document No. 1016526092, to secure an indebtedness of $4,695,000.00.

     B.   assignment of rents dated May 18, 2006, and recorded October 27, 2006, as document number 0630055003, and re-recorded June 14, 2010, as document number 1016526093.

     C.   Loan modification agreement recorded as document number 1129731021.

     D.   Mortgage dated May 18, 2006, and recorded October 27, 2006, as document number 0630055017.

     E.   Loan modification agreement recorded as document number 1129731022.

m.  Names of persons claimed to be personally liable for deficiency:

    i.   7645 Sheridan Borrwer.
    ii.   4526 Sheridan Borrower.
    iii.   Clark Borrower.
    iv.   Lawrence Borrower.
    v.   S&H Borrower.
    vi.   Sam.
    vii.   Hodo.

n.  Capacity in which FirstMerit brings this suit:  As the owner and legal holder of, inter alia, the 4526 Sheridan Mortgage.

o.  Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the 4526 Sheridan Mortgage.

p.  Facts in support of waiver right of redemption period:

Pursuant to the terms of the 4526 Sheridan Mortgage, the right of redemption has been waived.

q.  Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the 4526 Sheridan Mortgage and Note, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the 4526 Sheridan Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r. Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s. FirstMerit does not at this time offer to the 4526 Sheridan Borrower, in accordance with Section 15-1402, to accept title to the 4526 Sheridan Property in satisfaction of all indebtedness and obligations secured by the 4526 Sheridan Mortgage without judicial sale.

t. Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

4526 Sheridan Borrower, by virtue of its interest as owner of record.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court grant it the following relief:

A. A judgment of foreclosure and sale by the Special Commissioner appointed for that purpose.

B. An order waiving the redemption period, as applicable.

C. A judgment for deficiency against the 7645 Sheridan Borrower, the 4526 Sheridan Borrower, the Clark Borrower, the Lawrence Borrower, the S&H Borrower, Hodo, and Sam.

D. An order granting possession of the 4526 Sheridan Property.

E. An order appointing a receiver, if sought.

F.  A judgment for attorneys' fees, costs and expenses, including, but not limited to, payments for taxes, insurance, securing, inspections and other expenses of the mortgagee.

G.  A finding that the interests of any and all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if sought.

H.  An order enforcing its assignment of rents derived from said real estate, if applicable.

I.  That, in the event that the 4526 Sheridan Property is not redeemed from sale according to law, a deed or deeds may issue to the purchaser(s) at the foreclosure sale, that the purchaser(s) may be let in possession of the Property so sold, and a writ of assistance or other such writ as may be proper for such purpose may issue, and that all defendants named herein, and all persons claiming by, through, or under them, may forever be barred and foreclosed of any and all right or equity of redemption and claim to the 4526 Sheridan Property.

J.  Such other and further relief as equity may require, including, but not limited to, declaratory or injunctive relief.

FirstMerit Bank, N.A. also requests that the judgment for foreclosure or other orders

entered herein provide for the following, pursuant to 735 ILCS 5/15-1506(f):

A.  A sale by public auction.

B.  A cash sale by open bid, in the form of a cashier's check, certified funds, or other good bank funds.

C.  A provision that the Intercounty Judicial Sales Corporation or other authorized Special Commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of redemption.

D.  An order that title in the 4526 Sheridan Property may be subject, at the sale, to exceptions of record, including unpaid general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record; and

E.  In the event that a party to the foreclosure is a successful bidder at the foreclosure sale, such party shall be allowed to offset against the purchase price the amounts due such party under the judgment of foreclosure or order confirming the sale.

## COUNT IV – MORTGAGE FORECLOSURE – CLARK PROPERTY

60.     FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 62.

61.     FirstMerit files this Count IV pursuant to 735 ILCS 5/15-1101, *et seq*., to foreclose the Clark Mortgage, and in connection therewith joins the following as defendants:

a.  7645 Sheridan Borrower.
b.  4526 Sheridan Borrower.
c.  Clark Borrower.
d.  Lawrence Borrower.
e.  S&H Borrower.
f.  Sam.
g.  Hodo.
h.  City.
i.  SSM.

62.     Attached to this Complaint and incorporated herein by reference are the following exhibits related to the Clark Loan, which are true and correct copies of the originals:

a.  **Exhibit 23** is a true copy of the Clark Note.
b.  **Exhibit 24** is a true copy of the Clark Mortgage.
c.  **Exhibit 25** is a true copy of the Clark Allonge.
d.  **Exhibit 26** is a true copy of the Clark Assignment.
e.  **Exhibit 27** is a true copy of the guaranty of Sam.
f.  **Exhibit 28** is a true copy of the guaranty of Hodo.

63.     Information concerning the Clark Mortgage is as follows:

a.  Nature of Instrument:  Mortgage

b.  Date of Mortgage:  May 22, 2008

c.  Name of mortgagor: 6770 N. Clark, LLC

d.  Name of mortgagee:

  i.  Original Mortgagee:   Midwest Bank and Trust Company
  ii.  Current Mortgagee:   FirstMerit Bank, N.A.
  iii.  Current Loan Servicer:  n/a

e.  Date and place of initial recording: May 29, 2008, Cook County Recorder

f.  Identification of recording of mortgage:  0815040157

g.  Estate conveyed:  Mortgage of Fee Simple Interest

h.  Amount of original principal indebtedness, including subsequent advances made under the mortgage:  $2,910,000.00

i.  Legal description of secured Property:

LOTS 9 TO 13, BOTH INCLUSIVE, IN MANN'S ADDITION TO ROGERS PARK, BEING A SUBDIVISION IN THE NORTH 1/3 OF THE NORTHEAST 1/4 OF THE EAST 1/2 OF THE SOUTHEAST 1/3 OF SECTION 31, TOWNSHIP 41 NORTH, RANGE 14, EAT OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF CLARK STREET, IN COOK COUNTY, ILLINOIS

Property Index Number:  11-31-408-001-0000

Common Address:  1673 W. Pratt, Chicago, Illinois 60626

j.  Statements as to defaults and amounts now due:

Plaintiff expressly incorporates herein by reference the Events of Default in Paragraphs 43 and 44 of this Complaint.

The amounts due as of December 19, 2012 are:

|  |  |  |
|---|---|---|
| **i.** | **Total Principal:** | **$ 18,923,643.68** |
|  | A. 7645 Sheridan Note: | 5,349,635.26 |
|  | B. 4526 Sheridan Note: | 3,500,376.59 |
|  | C. Clark Note: | 2,753,430.66 |
|  | D. Lawrence Note: | 6,485,380.21 |
|  | E. S&H February Note: | 570,807.31 |
|  | F. S&H September Note: | 264,013.65 |
|  |  |  |
| **ii.** | **Total Interest:** | **$ 907,212.34** |
|  | A. 7645 Sheridan Note: | 293,890.46 |
|  | B. 4526 Sheridan Note: | 159,400.69 |
|  | C. Clark Note: | 125,386.08 |
|  | D. Lawrence Note: | 266,536.02 |
|  | E. S&H February Note: | 42,359.14 |
|  | F. S&H September Note: | 19,639.95 |
|  |  |  |
| **iii.** | **Total Late Fees:** | **$ 210,765.34** |
|  | A. 7645 Sheridan Note: | 56,544.46 |

|   |   |   |   |
|---|---|---|---|
| | B. 4526 Sheridan Note: | | 28,627.83 |
| | C. Clark Note: | | 20,662.66 |
| | D. Lawrence Note: | | 59,787.94 |
| | E. S&H February Note: | | 30,867.62 |
| | F. S&H September Note: | | 14,274.83 |
| | | | |
| iv. | **Total Advances for Real Estate Taxes:** | $ | **310,525.72** |
| | A. 7645 Sheridan Property: | | 104,127.26 |
| | B. 4526 Sheridan Property: | | 28,932.53 |
| | C. Clark Property: | | 71,701.91 |
| | D. Lawrence Property: | | 94,045.29 |
| | E. S&H February Property: | | 11,673.71 |
| | F. S&H September Property: | | 45.02 |
| | | | |
| v. | **Total Forced Place Insurance** | $ | **171,239.76** |
| | A. 7645 Sheridan Property: | | 27,513.00 |
| | B. 4526 Sheridan Property: | | 27,800.00 |
| | C. Clark Property: | | 27,648.00 |
| | D. Lawrence Property: | | 88,278.76 |
| | | | |
| vi. | **Total Receivership Fees** | $ | **300,228.97** |
| | A. 7645 Sheridan Property: | | 52,845.39 |
| | B. 4526 Sheridan Property: | | 18,969.25 |
| | C. Clark Property: | | 4,637.50 |
| | D. Lawrence Property: | | 187,488.20 |
| | E. S&H February Property: | | 27,341.55 |
| | F. S&H September Property: | | 8,947.08 |
| | | | |
| vii. | **Total Other Fees (Appraisal, Title, etc.):** | | **45,675.08** |
| | A. 7645 Sheridan Property: | | 8,293.60 |
| | B. 4526 Sheridan Property: | | 7,773.00 |
| | C. Clark Property: | | 8,418.44 |
| | F. Lawrence Property: | | 11,733.11 |
| | G. S&H February Property: | | 9,106.93 |
| | H. S&H September Property: | | 350.00 |
| | | | |
| viii. | **Legal Fees:** | | **131,362.48** |
| | A. | 7645 Sheridan Note: | 34,780.24 |
| | B. | 4526 Sheridan Note: | 16,417.81 |
| | C. | Clark Note: | 15,243.11 |
| | D. | Lawrence Note: | 32,460.66 |
| | E. | S&H February Note: | 25,098.71 |
| | F. | S&H September Note: | 7,361.95 |
| | | | |
| ix. | **Total due:** | $ | **21,000,653.37** |

  **xx. Statement as to per diem interest accruing**
    **at the default rate after default:**

| | | | |
|---|---|---|---|
| A. | 7645 Sheridan Note: | $ | 947.33 |
| B. | 4526 Sheridan Note: | $ | 534.78 |
| C. | Clark Note: | $ | 420.66 |
| D. | Lawrence Note: | $ | 990.82 |
| E. | S&H February Note: | $ | 103.06 |
| F. | S&H September Note: | $ | 47.67 |

k. Name of present owner(s) of the Clark Property:  Clark Borrower.

l. Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

  i. City, under and by virtue of the following liens:

    A. Judgment Lien in the amount of $1,075.00, recorded September 28, 2009, as document number 0927126381.
    B. Judgment Lien in the amount of $6,040.00, recorded October 8, 2010, as document number 1028111077.
    C. Judgment Lien in the amount of $1,040.00, recorded January 19, 2011, as document number 1101912338.
    D. Judgment Lien in the amount of $1,540.00, recorded April 20, 2011, as document number 1111012121.

  ii. SSM, under and by virtue of the following:

    A. Claim for lien in the amount of $37,138.50, recorded April 8, 2011, as document number 1109844095.
    B. Claim for a lien in the amount of $8,399.00, recorded April 23, 2012, as document number 121146005.

m. Names of persons claimed to be personally liable for deficiency:

  i. 7645 Sheridan Borrower.
  ii. 4526 Sheridan Borrower.
  iii. Clark Borrower.
  iv. Lawrence Borrower.
  v. S&H Borrower.
  vi. Sam.
  vii. Hodo.

n. Capacity in which FirstMerit brings this suit:  As the owner and legal holder of, inter alia, the Clark Mortgage.

o. Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the Clark Mortgage.

p.  Facts in support of waiver right of redemption period:

Pursuant to the terms of the Clark Mortgage, the right of redemption has been waived.

q.  Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the Clark Mortgage and Note, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the Clark Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r.  Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s.  FirstMerit does not at this time offer to the Clark Borrower, in accordance with Section 15-1402, to accept title to the Clark Property in satisfaction of all indebtedness and obligations secured by the Clark Mortgage without judicial sale.

t.  Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Clark Borrower, by virtue of its interest as owner of record.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court grant it the following relief:

A.  A judgment of foreclosure and sale by the Special Commissioner appointed for that purpose.

B.  An order waiving the redemption period, as applicable.

C. A judgment for deficiency against the 7645 Sheridan Borrower, the 4526 Sheridan Borrower, the Clark Borrower, the Lawrence Borrower, the S&H Borrower, Hodo Menetti, and Sam Menetti.

D. An order granting possession of the Clark Property.

E. An order appointing a receiver, if sought.

F. A judgment for attorneys' fees, costs and expenses, including, but not limited to, payments for taxes, insurance, securing, inspections and other expenses of the mortgagee.

G. A finding that the interests of any and all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if sought.

H. An order enforcing its assignment of rents derived from said real estate, if applicable.

I. That, in the event that the Clark Property is not redeemed from sale according to law, a deed or deeds may issue to the purchaser(s) at the foreclosure sale, that the purchaser(s) may be let in possession of the Property so sold, and a writ of assistance or other such writ as may be proper for such purpose may issue, and that all defendants named herein, and all persons claiming by, through, or under them, may forever be barred and foreclosed of any and all right or equity of redemption and claim to the Clark Property;.

J. Such other and further relief as equity may require, including, but not limited to, declaratory or injunctive relief.

FirstMerit Bank, N.A. also requests that the judgment for foreclosure or other orders entered herein provide for the following, pursuant to 735 ILCS 5/15-1506(f):

A. A sale by public auction.

B. A cash sale by open bid, in the form of a cashier's check, certified funds, or other good bank funds.

C. A provision that the Intercounty Judicial Sales Corporation or other authorized Special Commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of redemption.

D. An order that title in the Clark Property may be subject, at the sale, to exceptions of record, including unpaid general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the

judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record; and

E. In the event that a party to the foreclosure is a successful bidder at the foreclosure sale, such party shall be allowed to offset against the purchase price the amounts due such party under the judgment of foreclosure or order confirming the sale.

## **COUNT V – MORTGAGE FORECLOSURE – LAWRENCE PROPERTY**

64. FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 64.

65. FirstMerit files this Count V pursuant to 735 ILCS 5/15-1101, *et seq*., to foreclose the Lawrence Mortgage, and in connection therewith joins the following as defendants:

    a. 7645 Sheridan Borrower.
    b. 4526 Sheridan Borrower.
    c. Clark Borrower.
    d. Lawrence Borrower.
    e. S&H Borrower.
    f. City.
    g. SSM.
    h. AEP Energy.

66. Attached to this Complaint and incorporated herein by reference are the following exhibits related to the Lawrence Loan, which are true and correct copies of the originals:

    a. **Exhibit 29** is a true copy of the Lawrence Note.
    b. **Exhibit 30** is a true copy of the Lawrence Mortgage.
    c. **Exhibit 31** is a true copy of the Lawrence Allonge.
    d. **Exhibit 32** is a true copy of the Lawrence Assignment.
    e. **Exhibit 33** is a true copy of the guaranty of Sam.
    f. **Exhibit 34** is a true copy of the guaranty of Hodo.

67. Information concerning the Lawrence Mortgage is as follows:

    a. Nature of Instrument:  Mortgage

    b. Date of Mortgage:  May 28, 2008

    c. Name of mortgagor: Lawrence House, LLC

    d. Name of mortgagee:

     i.  Original Mortgagee: Midwest Bank and Trust Company
    ii.  Current Mortgagee: FirstMerit Bank, N.A.
   iii.  Current Loan Servicer:  n/a

e.  Date and place of initial recording: June 5, 2008, Cook County Recorder

f.  Identification of recording of mortgage:  0815705193

g.  Estate conveyed:  Mortgage of Fee Simple Interest

h.  Amount of original principal indebtedness, including subsequent advances made under the mortgage:  $6,956,000.00

i.  Legal description of secured Property:

LOTS 25, 26, AND 27 IN SNOW & DICKERSON'S SUBDIVISION OF THE SOUTH 20 ACRES OF THE SOUTHEAST FRACTIONAL 1/4 OF SECTION 8, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Property Index Number:  14-08-416-030-0000

Common Address:  1020 W. Lawrence Avenue, Chicago, Illinois 60640

j.  Statements as to defaults and amounts now due:

Plaintiff expressly incorporates herein by reference the Events of Default alleged in Paragraphs 43 and 44 of this Complaint.

The amounts due as of December 19, 2012 are:

| | | |
|---|---|---:|
| **i.** | **Total Principal:** | **$ 18,923,643.68** |
| | A. 7645 Sheridan Note: | 5,349,635.26 |
| | B. 4526 Sheridan Note: | 3,500,376.59 |
| | C. Clark Note: | 2,753,430.66 |
| | D. Lawrence Note: | 6,485,380.21 |
| | E. S&H February Note: | 570,807.31 |
| | F. S&H September Note: | 264,013.65 |
| | | |
| **ii.** | **Total Interest:** | **$ 907,212.34** |
| | A. 7645 Sheridan Note: | 293,890.46 |
| | B. 4526 Sheridan Note: | 159,400.69 |
| | C. Clark Note: | 125,386.08 |
| | D. Lawrence Note: | 266,536.02 |
| | E. S&H February Note: | 42,359.14 |
| | F. S&H September Note: | 19,639.95 |

| | | | |
|---|---|---|---:|
| **iii.** | **Total Late Fees:** | **$** | **210,765.34** |
| | A. 7645 Sheridan Note: | | 56,544.46 |
| | B. 4526 Sheridan Note: | | 28,627.83 |
| | C. Clark Note: | | 20,662.66 |
| | D. Lawrence Note: | | 59,787.94 |
| | E. S&H February Note: | | 30,867.62 |
| | F. S&H September Note: | | 14,274.83 |
| | | | |
| **iv.** | **Total Advances for Real Estate Taxes:** | **$** | **310,525.72** |
| | A. 7645 Sheridan Property: | | 104,127.26 |
| | B. 4526 Sheridan Property: | | 28,932.53 |
| | C. Clark Property: | | 71,701.91 |
| | D. Lawrence Property: | | 94,045.29 |
| | E. S&H February Property: | | 11,673.71 |
| | F. S&H September Property: | | 45.02 |
| | | | |
| **v.** | **Total Forced Place Insurance:** | **$** | **171,239.76** |
| | A. 7645 Sheridan Property: | | 27,513.00 |
| | B. 4526 Sheridan Property: | | 27,800.00 |
| | C. Clark Property: | | 27,648.00 |
| | D. Lawrence Property: | | 88,278.76 |
| | | | |
| **vi.** | **Total Receivership Fees:** | **$** | **300,228.97** |
| | A. 7645 Sheridan Property: | | 52,845.39 |
| | B. 4526 Sheridan Property: | | 18,969.25 |
| | C. Clark Property: | | 4,637.50 |
| | D. Lawrence Property: | | 187,488.20 |
| | E. S&H February Property: | | 27,341.55 |
| | F. S&H September Property: | | 8,947.08 |
| | | | |
| **vii.** | **Total Other Fees (Appraisal, Title, etc.):** | | **45,675.08** |
| | A. 7645 Sheridan Property: | | 8,293.60 |
| | B. 4526 Sheridan Property: | | 7,773.00 |
| | C. Clark Property: | | 8,418.44 |
| | D. Lawrence Property: | | 11,733.11 |
| | E. S&H February Property: | | 9,106.93 |
| | F. S&H September Property: | | 350.00 |
| | | | |
| **viii.** | **Legal Fees:** | | **131,362.48** |
| | A. 7645 Sheridan Note: | | 34,780.24 |
| | B. 4526 Sheridan Note: | | 16,417.81 |
| | C. Clark Note: | | 15,243.11 |
| | D. Lawrence Note: | | 32,460.66 |
| | E. S&H February Note: | | 25,098.71 |
| | F. S&H September Note: | | 7,361.95 |

|  |  |  |  |
|---|---|---|---|
| **ix.** | **Total due:** | **$** | **21,000,653.37** |

**x.** **Statement as to per diem interest**
**accruing at the default rate after default:**

| | | |
|---|---|---|
| A. 7645 Sheridan Note: | $ | 947.33 |
| B. 4526 Sheridan Note: | $ | 534.78 |
| C. Clark Note: | $ | 420.66 |
| D. Lawrence Note: | $ | 990.82 |
| E. S&H February Note: | $ | 103.06 |
| F. S&H September Note: | $ | 47.67 |

k. Name of present owner(s) of the Lawrence Property: Lawrence Borrower.

l. Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

   i. City, under and by virtue of the following liens:

   A. Judgment Lien in the amount of $5,075.00, recorded June 12, 2009, as document number 0916341081.
   B. Judgment Lien in the amount of $2,540.00, recorded August 5, 2010, as document number 1021726132.
   C. Judgment Lien in the amount of $1,040.00, recorded March 8, 2011, as document number 1106711147.
   D. Judgment Lien in the amount of $575.00, as document number 1223326050.
   E. Judgment Lien in the amount of $1,040.00, as document number 1230341120.

   ii. Mid-American, under and by virtue of a claim of mechanic's lien in the amount of $6,591.50, recorded November 18, 2011, as document number 1132255018.

   iii. Blue Star Energy, under and by virtue of a judgment lien in the amount of $51,250.20, recorded as document number 122076110.

m. Names of persons claimed to be personally liable for deficiency:

   i. 7645 Sheridan Borrower.
   ii. 4526 Lawrence Borrower.
   iii. Clark Borrower.
   iv. Lawrence Borrower.
   v. S&H Borrower.
   vi. Sam.
   vii. Hodo.

n. Capacity in which FirstMerit brings this suit: As the legal holder of the indebtedness and owner of the Lawrence Mortgage.

o. Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the Lawrence Mortgage.

p. Facts in support of waiver right of redemption period:

Pursuant to the terms of the Lawrence Mortgage, the right of redemption has been waived.

q. Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the Lawrence Mortgage and Note, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the Lawrence Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r. Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s. FirstMerit does not at this time offer to the Lawrence Borrower, in accordance with Section 15-1402, to accept title to the Lawrence Property in satisfaction of all indebtedness and obligations secured by the Lawrence Mortgage without judicial sale.

u. Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Lawrence Borrower, by virtue of its interest as owner of record.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court grant it the following relief:

A. A judgment of foreclosure and sale by the Special Commissioner appointed for that purpose.

B. An order waiving the redemption period, as applicable.

C. A judgment for deficiency against the 7645 Sheridan Borrower, the 4526 Sheridan Borrower, the Clark Borrower, the Lawrence Borrower, the S&H Borrower, Hodo, and Sam.

D. An order granting possession of the Lawrence Property.

E. An order appointing a receiver, if sought.

F. A judgment for attorneys' fees, costs and expenses, including, but not limited to, payments for taxes, insurance, securing, inspections and other expenses of the mortgagee.

G. A finding that the interests of any and all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if sought.

H. An order enforcing its assignment of rents derived from said real estate, if applicable.

I. That, in the event that the Lawrence Property is not redeemed from sale according to law, a deed or deeds may issue to the purchaser(s) at the foreclosure sale, that the purchaser(s) may be let in possession of the Property so sold, and a writ of assistance or other such writ as may be proper for such purpose may issue, and that all defendants named herein, and all persons claiming by, through, or under them, may forever be barred and foreclosed of any and all right or equity of redemption and claim to the Lawrence Property.

J. Such other and further relief as equity may require, including, but not limited to, declaratory or injunctive relief.

FirstMerit Bank, N.A. also requests that the judgment for foreclosure or other orders

entered herein provide for the following, pursuant to 735 ILCS 5/15-1506(f):

A. A sale by public auction.

B. A cash sale by open bid, in the form of a cashier's check, certified funds, or other good bank funds.

C. A provision that the Intercounty Judicial Sales Corporation or other authorized Special Commissioner shall conduct the sale for a reasonable fee, which fee shall be recoverable by Plaintiff in the event of redemption.

D.  An order that title in the Lawrence Sheridan Property may be subject, at the sale, to exceptions of record, including unpaid general real estate taxes for the current year and for preceding years which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon real estate, and easements and restrictions of record; and

E.  In the event that a party to the foreclosure is a successful bidder at the foreclosure sale, such party shall be allowed to offset against the purchase price the amounts due such party under the judgment of foreclosure or order confirming the sale.

## **COUNT VI – ACTION TO COLLECT THE 7645 SHERIDAN NOTE**

68.    FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 68.

69.    By reason of the foregoing, as of December 19, 2012, the 7645 Sheridan Borrower is indebted to FirstMerit in the following amount:

| | | |
|---|---|---:|
| a. | Principal Balance: | $  5,349,635.26 |
| b. | Interest: | 293,890.46 |
| c. | Late Fees: | 56,544.46 |
| d. | Real Estate Taxes: | 104,127.26 |
| e. | Insurance: | 27,513.00 |
| f. | Receivership Fees: | 52,845.39 |
| g. | Appraisal and Other Fees: | 8,293.60 |
| h. | Legal Fees: | 34,780.24 |
| | **Total Due as of December 19, 2012:** | **$  5,927,629.67** |

70.    Interest on the 7645 Sheridan Note is accruing at $947.33 per diem.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, 7645 North Sheridan, LLC, on Count VI as follows:

A.  Damages of $5,927,629.67, plus all pre-judgment interest accruing under the 7645 Sheridan Note between December 19, 2012, and the date of judgment;

B.  Costs of this suit and attorneys' fees pursuant to the 7645 Sheridan Note; and

C. Any such further relief as justice and equity may require.

## **COUNT VII – ACTION TO COLLECT THE 4526 SHERIDAN NOTE**

71.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 71.

72.     By reason of the foregoing, as of December 19, 2012, the 4526 Sheridan Borrower is indebted to FirstMerit in the following amount:

| | | |
|---|---|---|
| a. | Principal Balance: | $ 3,500,376.59 |
| b. | Interest: | 159,400.69 |
| c. | Late Fees: | 28,672.83 |
| d. | Real Estate Taxes: | 28,932.53 |
| e. | Insurance: | 27,800.00 |
| f. | Receivership Fees: | 18,969.25 |
| g. | Title and Other Fees: | 7,773.00 |
| h. | Legal Fees: | 16,417.81 |
| | **Total Due as of January 20, 2012:** | $ **3,788,342.70** |

73.     Interest on the 4526 Sheridan Note is accruing at $534.78 per diem.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, 4526 North Sheridan, LLC, on Count VII as follows:

A. Damages of $3,788,342.70, plus all pre-judgment interest accruing under the 4526 Sheridan Note between December 19, 2012, and the date of judgment;

B. Costs of this suit and attorneys' fees pursuant to the 4526 Sheridan Note; and

C. Any such further relief as justice and equity may require.

## **COUNT VIII – ACTION TO COLLECT THE CLARK NOTE**

74.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 74.

75.     By reason of the foregoing, as of December 19, 2012, the Clark Borrower is indebted to FirstMerit in the following amount:

|   |   |   |   |
|---|---|---|---|
| a. | Principal Balance: | $ | 2,753,430.66 |
| b. | Interest: | | 125,386.08 |
| c. | Late Fees: | | 20,662.66 |
| d. | Real Estate Taxes: | | 71,701.91 |
| e. | Insurance: | | 27,648.00 |
| f. | Receivership Fees: | | 4,637.50 |
| g. | Title and Other Fees: | | 8,418.44 |
| h. | Legal Fees: | | 15,243.11 |
| | **Total Due as of January 20, 2012:** | **$** | **3,027,128.36** |

76.     Interest on the Clark Note is accruing at $420.66 per diem.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, 6770 N. Clark, LLC, on Count VIII as follows:

A.  Damages of $3,027,128.36, plus all pre-judgment interest accruing under the Clark Note between December 19, 2012, and the date of judgment;

B.  Costs of this suit and attorneys' fees pursuant to the Clark Note; and

C.  Any such further relief as justice and equity may require.

## <u>COUNT IX – ACTION TO COLLECT THE LAWRENCE NOTE</u>

77.      FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 77.

78.     By reason of the foregoing, as of December 19, 2012, the Lawrence Borrower is indebted to FirstMerit in the following amount:

|   |   |   |   |
|---|---|---|---|
| a. | Principal Balance: | $ | 6,485,380.21 |
| b. | Interest: | | 266,536.02 |
| c. | Late Fees: | | 59,787.94 |

| | | |
|---|---|---|
| d. Real Estate Taxes: | | 94,045.29 |
| e. Insurance: | | 88,278.76 |
| f. Receivership Fees: | | 187,488.20 |
| g. Title and Other Fees: | | 11,733.11 |
| h. Legal Fees: | | 32,460.66 |
| **Total Due as of January 20, 2012:** | **$** | **7,225,710.19** |

79. Interest on the Lawrence Note is accruing at $990.82 per diem.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Lawrence House, LLC, on Count IX as follows:

A. Damages of $7,225,710.19, plus all pre-judgment interest accruing under the Lawrence Note between December 19, 2012, and the date of judgment;

B. Costs of this suit and attorneys' fees pursuant to the Lawrence Note; and

C. Any such further relief as justice and equity may require.

## COUNT X – ACTION TO COLLECT THE S&H FEBRUARY NOTE

80. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 80.

81. Attached to this Complaint and incorporated herein by reference are the following exhibits related to the S&H February Loan, which are true and correct copies of the originals:

    a. **Exhibit 35** is a true copy of the February 4, 2008 S&H February Note.
    b. **Exhibit 36** is a true copy of the February 4, 2009 S&H February Note.
    c. **Exhibit 37** is a true copy of the August 4, 2009 S&H February Note.
    d. **Exhibit 38** is a true copy of the S&H February Allonge.

82. By reason of the foregoing, as of December 19, 2012, the S&H Borrower is indebted to FirstMerit in the following amount:

| | | |
|---|---|---|
| a. Principal Balance: | $ | 570,807.31 |
| b. Interest: | | 42,359.14 |
| c. Late Fees: | | 30,867.62 |
| d. Real Estate Taxes: | | 11,673.71 |

| | | |
|---|---|---|
| e. Receivership Fees: | | 27,341.55 |
| f. Title and Other Fees: | | 9,106.93 |
| g. Legal Fees: | | 25,098.71 |
| **Total Due as of December 19, 1012:** | **$** | **717,254.97** |

83.     Interest on the S&H February Note is accruing at 103.06 per diem.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, First S & H Management, LLC, on Count XI as follows:

A.  Damages of $717,254.97, plus all pre-judgment interest accruing under the September Note between December 19, 2012, and the date of judgment;

B.  Costs of this suit and attorneys' fees pursuant to the February Note; and

C.  Any such further relief as justice and equity may require.

## <u>COUNT XI – ACTION TO COLLECT THE S&H SEPTEMBER NOTE</u>

84.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 84.

85.     Attached to this Complaint and incorporated herein by reference are the following exhibits related to the S&H September Loan, which are true and correct copies of the originals:

    a.  **Exhibit 39** is a true copy of the September 3, 2008 S&H September Note.
    b.  **Exhibit 40** is a true copy of the September 3, 2009 S&H September Note.
    c.  **Exhibit 41** is a true copy of the S&H September Allonge.

86.     By reason of the foregoing, as of December 19, 2012, the S&H Borrower is indebted to FirstMerit in the following amount:

| | | |
|---|---|---|
| a. Principal Balance: | $ | 264,013.65 |
| b. Interest: | | 19,639.95 |
| c. Late Fees: | | 14,274.83 |
| d. Real Estate Taxes: | | 45.02 |
| e. Receivership Fees: | | 8,947.08 |
| f. Title and Other Fees: | | 350.00 |

| | | | |
|---|---|---|---|
| g. | Legal Fees: | | 7,361.95 |
| | **Total Due as of December 19, 2012** | **$** | **314,632.48** |

87.     Interest on the S&H September Note is accruing at 47.67 per diem.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, First S & H Management, LLC, as follows:

A.  Damages of $314,632.48, plus all pre-judgment interest accruing under the September Note between December 19, 2012, and the date of judgment;

B.  Costs of this suit and attorneys' fees pursuant to the September Note; and

C.  Any such further relief as justice and equity may require.

## COUNT XII – ACTION TO COLLECT UNDER THE 7645 SHERIDAN GUARANTIES

88.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 69 through 70, of this Complaint as Paragraph 88.

89.     As consideration for FirstMerit's agreement to extend credit to the 7645 Sheridan Borrower, the 7645 Sheridan Guarantors unconditionally agreed to pay all amounts due FirstMerit by the 7645 Sheridan Borrower in connection with the 7645 Sheridan Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

90.     After the 7645 Sheridan Borrower's default under the 7645 Sheridan Note, the 7645 Sheridan Guarantors have made no payment on behalf of the 7645 Sheridan Borrower to satisfy the balance due FirstMerit under the 7645 Sheridan Note.

91.     Based upon the foregoing, the 7645 Sheridan Guarantors are in breach of their obligations under the 7645 Sheridan Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $5,927,629.67.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Pullump L. Mehmeti, a/k/a Pullump L. Menetti, individually and as Trustee of the Pullump Menetti 2007 Irrevocable Trust, Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, Burim Mehmeti, a/k/a Burim Menetti, individually and as Trustee of the Burim Menetti 2007 Irrevocable Trust, on Count XII as follows:

A. Damages of $5,927,629.67, plus all pre-judgment interest accruing under the 7645 Sheridan Note between December 19, 2012, and the date of judgment;

B. Costs of this suit and attorneys' fees pursuant to the 7645 Sheridan Guaranties; and

C. Any such further relief as justice and equity may require.

### COUNT XIII – ACTION TO COLLECT 4526 SHERIDAN GUARANTIES

92.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 72 through 73 of this Complaint, as Paragraph 92.

93.     As consideration for FirstMerit's agreement to extend credit to the 4526 Sheridan Borrower, the 4526 Sheridan Guarantors unconditionally agreed to pay all amounts due FirstMerit by the 4526 Sheridan Borrower in connection with the 4526 Sheridan Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

94.     After the 4526 Sheridan Borrower's default under the 4526 Sheridan Note, the 4526 Sheridan Guarantors have made no payment on behalf of the 4526 Sheridan Borrower to satisfy the balance due FirstMerit under the 4526 Sheridan Note.

95.     Based upon the foregoing, the 4526 Sheridan Guarantors are in breach of the obligations under the 4526 Sheridan Guaranties, and FirstMerit is entitled to recover from them,

after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $3,788,342.70.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Hodo Menetti and Sam Menetti, on Count XIII as follows:

A.  Damages of $3,788,342.70, plus all pre-judgment interest accruing under the 4526 Sheridan Note between December 19, 2012, and the date of judgment;

B.  Costs of this suit and attorneys' fees pursuant to the 4526 Sheridan Note; and

C.  Any such further relief as justice and equity may require.

## COUNT XIV – ACTION TO COLLECT THE CLARK GUARANTIES

96.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 75 through 76, of this Complaint as Paragraph 96.

97.     As consideration for FirstMerit's agreement to extend credit to the Clark Borrower, the Clark Guarantors unconditionally agreed to pay all amounts due FirstMerit by the Clark Borrower in connection with the Clark Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

98.     After the Clark Borrower's default under the Clark Note, the Clark Guarantors have made no payment on behalf of the Clark Borrower to satisfy the balance due FirstMerit under the Clark Note.

99.     Based upon the foregoing, the Clark Guarantors are in breach of their obligations under the Clark Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $3,027,128.36.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Hodo Menetti and Sam Menetti, on Count XIV as follows:

    A. Damages of $3,027,128.36, plus all pre-judgment interest accruing under the Clark Note between December 19, 2012, and the date of judgment;

    B. Costs of this suit and attorneys' fees pursuant to the Clark Note; and

    C. Any such further relief as justice and equity may require.

## COUNT XV – ACTION TO COLLECT THE LAWRENCE GUARANTIES

100.    FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 78 through 79 of this Complaint, as Paragraph 100.

101.    As consideration for FirstMerit's agreement to extend credit to the Lawrence Borrower on May 28, 2008, the Lawrence Guarantors unconditionally agreed to pay all amounts due FirstMerit by the Lawrence Borrower in connection with the Lawrence Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

102.    After the Lawrence Borrower's default under the Lawrence Note, the Lawrence Guarantors have made no payment on behalf of the Lawrence Borrower to satisfy the balance due FirstMerit under the Lawrence Note.

103.    Based upon the foregoing, the Lawrence Guarantors are in breach of the obligations under the Lawrence Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $7,225,710.19.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court

enter judgment in its favor and against Defendants, Hodo Menetti and Sam Menetti, on Count

XV as follows:

A.  Damages of $7,225,710.19, plus all pre-judgment interest accruing under the
    Lawrence Note between December 19, 2012, and the date of judgment;

B.  Costs of this suit and attorneys' fees pursuant to the Lawrence Note; and

C.  Any such further relief as justice and equity may require.

### COUNT XVI – ACTION TO COLLECT THE S&H FEBRUARY GUARANTIES

104.  FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through

47, and 82 through 83 of this Complaint, as Paragraph 104.

105.  Attached to this Complaint and incorporated by reference are the following

exhibits related to the S&H February Guaranties, which are true and correct copies of the

originals:

a.  **Exhibit 42** is a true and accurate copy of the guaranty of Tefik.
b.  **Exhibit 43** is a true and accurate copy of the guaranty of Burim.
c.  **Exhibit 44** is a true and accurate copy of the guaranty of Pullump.

106.  As consideration for FirstMerit's agreement to extend credit to the S&H

Borrower, the S&H February Guarantors unconditionally agreed to pay all amounts due

FirstMerit by the S&H February Borrower in connection with the S&H February Note, including

FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

107.  After the S&H Borrower's default under the S&H February Note, the S&H

February Guarantors have made no payment on behalf of the S&H February Borrower to satisfy

the balance due FirstMerit under the S&H February Note.

108.  Based upon the foregoing, the S&H February Guarantors are in breach of their

obligations under the S&H February Guaranties, and FirstMerit is entitled to recover from them,

after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $717,254.97.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Pullump L. Mehmeti, a/k/a Pullump L. Menetti, individually and as Trustee of the Pullump Menetti 2007 Irrevocable Trust, Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, Burim Mehmeti, a/k/a Burim Menetti, individually and as Trustee of the Burim Menetti 2007 Irrevocable Trust,, on Count XVI as follows:

A. Damages of $717,254.97, plus all pre-judgment interest accruing under the S&H February Note between December 19, 2012, and the date of judgment;

B. Costs of this suit and attorneys' fees pursuant to the S&H February Note; and

C. Any such further relief as justice and equity may require.

## COUNT XVII – ACTION TO COLLECT UNDER THE S&H SEPTEMBER GUARANTIES

109.    FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 86 through 87 of this Complaint as Paragraph 109.

110.    Attached to this Complaint and incorporated by reference are the following exhibits related to the S&H September Guaranties, which are true and correct copies of the originals:

   a. **Exhibit 45** is a true and accurate copy of the guaranty of Tefik.
   b. **Exhibit 46** is a true and accurate copy of the guaranty of Burim.
   c. **Exhibit 47** is a true and accurate copy of the guaranty of Pullump.

111.    As consideration for FirstMerit's agreement to extend credit to the S&H Borrower on September 3, 2008, the S&H September Guarantors unconditionally agreed to pay all

amounts due FirstMerit by the S&H September Borrower in connection with the S&H September Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

112.     After the S&H Borrower's default under the S&H September Note, the S&H September Guarantors have made no payment on behalf of the S&H Borrower to satisfy the balance due FirstMerit under the September Note.

113.     Based upon the foregoing, the S&H September Guarantors are breach of their obligations under the S&H September Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $314,632.48.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, Pullump L. Mehmeti, a/k/a Pullump L. Menetti, individually and as Trustee of the Pullump Menetti 2007 Irrevocable Trust, Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, Burim Mehmeti, a/k/a Burim Menetti, individually and as Trustee of the Burim Menetti 2007 Irrevocable Trust,, on Count XVII as follows:

A. Damages $314,632.48, plus all pre-judgment interest accruing under the S&H September Note between December 19, 2012, and the date of judgment;

B. Costs of this suit and attorneys' fees pursuant to the S&H September Note; and

C. Any such further relief as justice and equity may require.

Respectfully submitted,

FirstMerit Bank, N.A., as successor-in-interest to the FDIC, as Receiver for Midwest Bank and Trust Company,

By One of Its Attorneys:

s/William J. Serritella, Jr.
wserritella@agdglaw.com


William J. Serritella, Jr. (ARDC #6210001)
Katherine A. Attebery (ARDC # 6292944)
Brianna M. Sansone (ARDC #6298677)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 828-9600