## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FirstMerit Bank, N.A., as successor-in-interest to the Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust Company, <br><br> Plaintiff, <br><br> v. <br><br> 2200 North Ashland, LLC, 7645 North Sheridan, LLC, 6770 N. Clark, LLC, 4526 North Sheridan, LLC, Lawrence House, LLC, Astor House, LLC, First S & H Management, LLC, Sam Menetti, Hodo Menetti, Pullump L. Mehmeti, a/k/a Pullump L. Menetti, individually and as Trustee of the Pullump Menetti 2007 Irrevocable Trust, Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, Burim Mehmeti, a/k/a Burim Menetti, individually and as Trustee of the Burim Menetti 2007 Irrevocable Trust, Schmidt, Salzman & Moran, Ltd., City of Chicago, Mid-American Elevator Company, Inc., Diamond Bancorp, Inc., and AEP Energy, Inc. f/k/a Bluestar Entergy Solutions, Inc. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  No. 1:12-cv-00572 |

### DEFENDANTS HODO MENETTI'S AND TEFIK H. MEHMETI'S A/K/A TEFIK H. MENETTI'S VERIFIED ANSWER AND AFFIRMATIVE DEFENSE TO SECOND AMENDED VERIFIED COMPLAINT TO FORECLOSE MORTGAGES AND FOR OTHER RELIEF

Defendants Hodo Menetti ("Hodo") and Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust ("Tefik") (collectively, the "Defendants"), by their attorneys, Robbins, Salomon & Patt, Ltd., for their answer to Plaintiff's Second Amended Verified Complaint to Foreclose Mortgages and for Other Relief ("Second Amended Complaint"), state as follows:

1.      Plaintiff, FirstMerit Bank, N.A. ("FirstMerit"), as successor-in-interest to the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Midwest Bank and Trust

Company ("Midwest"), files this matter to foreclose the mortgages and collect the indebtedness hereinafter described.

**ANSWER:** For their answer to Paragraph 1 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

2.     Jurisdiction in this Court is based upon diversity of citizenship. 28 U.S.C. § 1332. There is complete diversity among the parties, and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.00.

**ANSWER:** For their answer to Paragraph 2 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

3.     FirstMerit is a citizen of the State of Ohio because it is a national association chartered under the laws of the State of Ohio, and it maintains its principal place of business and headquarters in the State of Ohio. FirstMerit is the successor-in-interest to Midwest Bank by virtue of its acquisition of certain of the assets of that entity, including the all of the loans described in this Complaint (the "Loans"), from the FDIC on May 14, 2010.

**ANSWER:** For their answer to Paragraph 3 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

4.     The citizenship of the mortgagors (hereinafter sometimes collectively referred to as the "Borrowers") joined as defendants is as follows:

     a.     Upon information and belief, 2200 North Ashland, LLC ("Ashland Borrower") is citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

b.     Upon information and belief, 7645 North Sheridan, LLC ("7645 Sheridan Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

c.     Upon information and belief, 6770 N. Clark, LLC ("Clark Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

d.     Upon information and belief, 4526 North Sheridan, LLC ("4526 Sheridan Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

e.     Upon information and belief, Lawrence House, LLC ("Lawrence Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

f.     First S & H Management, LLC ("S&H Borrower") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

**<u>ANSWER:</u>**     For his answer to Paragraph 4 of the Second Amended Complaint, Hodo admits the allegations in subsections (c), (d) and (e), but states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained in subsections (a), (b) and (f) and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 4 of the Second Amended Complaint, Tefik admits the allegations in subsections (a), (b) and (f), but states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained in subsections (c), (d) and (e) and, therefore, neither admits nor denies the same but demands strict proof thereof.

5.     The citizenship of certain guarantors (hereinafter sometimes collectively referred to as the "Guarantors") joined as defendants is as follows:

a.    Upon information and belief, Astor House, LLC ("Astor House") is citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

b.    Sam Menetti ("Sam") is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

c.    Hodo Menetti ("Hodo") is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

d.    Pullump L. Mehmeti, a/k/a Pullump L. Menetti, individually and as trustee of the Pullump L. Menetti 2007 Irrevocable Trust ("Pullump"), is a citizen of the State of Illinois because he maintains his principal place of residence in Park Ridge, Illinois.

e.    Tefik H. Mehmeti, a/k/a/ Tefik H. Menetti, individually and as trustee of the Tefik Menetti 2007 Irrevocable Trust ("Tefik"), is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

f.    Burim Mehmeti, a/k/a Burim Menetti, individually and as trustee of the Burim Menetti 2007 Irrevocable Trust ("Burim"), is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

**<u>ANSWER:</u>**    For his answer to Paragraph 5 of the Second Amended Complaint, Hodo admits the allegations in subsections (b), (c), (d), (e) and (f), but states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained in subsection (a) and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 5 of the Second Amended Complaint, Tefik admits the allegations therein.

6.    The citizenship of other persons or entities joined as defendants is as follows:

a.    Upon information and belief, Schmidt Salzman & Moran ("SSM") is a citizen of the State of Illinois because it is an Illinois limited company with its principal place of business in Chicago, Illinois, and its members are citizens of the State of Illinois.

b.    The City of Chicago ("City") is a citizen of the State of Illinois because it is an Illinois municipal corporation with its principal place of business in Chicago, Illinois.

c. Upon information and belief, Mid-American Elevator Company, Inc. ("Mid-American") is a citizen of the State of Illinois because it is an Illinois Corporation with its principal place of business in Chicago, Illinois.

d. Upon information and belief, Diamond Bankcorp, Inc. ("Diamond Bank") is a citizen of the State of Nevada because it has been incorporated in Nevada. Diamond Bank is also a citizen of the State of Illinois because its principal place of business is located in Schaumburg, Illinois.

e. Upon information and belief, AEP Energy, Inc. f/k/a Bluestar Entergy Solutions, Inc. ("Blue Star") is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Chicago, Illinois.

**ANSWER:** For their answer to Paragraph 6 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

7. Venue is proper in this District because the mortgages at issue are secured by property located in this District, and a substantial portion of the acts and omissions giving rise to the claim occurred here. 18 U.S.C. § 1391.

**ANSWER:** For their answer to Paragraph 7 of the Second Amended Complaint, Defendants admit the allegations therein.

8. The Ashland Borrower and FirstMerit entered into that certain Business Loan Agreement dated May 22, 2008, as amended, supplemented or modified from time to time (the "Ashland Loan Agreement"), in connection with a Loan from FirstMerit to the Ashland Borrower in an amount not to exceed THREE MILLION ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($3,100,000.00) (the "Ashland Loan"), which Ashland Loan was evidenced by, among other loan documents, that certain Promissory Note dated May 22, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "Ashland Note").

**ANSWER:** For his answer to Paragraph 8 of the Second Amended Complaint, Tefik admits that the "Ashland Borrower" entered into the "Ashland Loan Agreement." Further answering, to the extent that the documents described in Paragraph 8 of the Second Amended Complaint conflict with the allegations therein, Tefik denies those allegations.

For his answer to Paragraph 8 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

9.     The Ashland Note was secured by, among other things, that certain Mortgage dated May 22, 2008 (the "Ashland Mortgage"), on the property commonly known as 2200 N. Ashland Ave., Chicago, Illinois, and legally described in the Ashland Mortgage (the "Ashland Property").

**<u>ANSWER:</u>**     For his answer to Paragraph 9 of the Second Amended Complaint, Tefik admits the "Ashland Note" is secured by the "Ashland Mortgage."  Further answering, to the extent that the documents described in Paragraph 9 of the Second Amended Complaint conflict with the allegations therein, Tefik denies those allegations.

For his answer to Paragraph 9 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

10.     The FDIC, as Receiver for Midwest, assigned the Ashland Mortgage to FirstMerit (the "Ashland Assignment").

**<u>ANSWER:</u>**     For their answer to Paragraph 10 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demands strict proof thereof.

11.     The Ashland Loan and Ashland Note has been repaid in full. However, as more fully discussed below, the Ashland Mortgage continues to secure the other loans described herein.

**ANSWER:** For his answer to Paragraph 11 of the Second Amended Complaint, Tefik admits that the alleged "Ashland Loan" and "Ashland Note" have been repaid in full, but denies the remaining allegations therein.

For his answer to Paragraph 11 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

12. The 7645 Sheridan Borrower and FirstMerit have entered into that certain Loan Agreement dated December 15, 2008, as amended, supplemented or modified from time to time (the "7645 Sheridan Loan Agreement"), pursuant to which FirstMerit agreed to extend a loan to the 7645 Sheridan Borrower in an amount not to exceed FIVE MILLION SIX HUNDRED THOUSAND AND 00/100 DOLLARS ($5,600,000.00) (the "7645 Sheridan Loan"), which 7645 Sheridan Loan is evidenced by, among other loan documents, that certain Mortgage Note dated December 15, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "7645 Sheridan Note").

**ANSWER:** For his answer to Paragraph 12 of the Second Amended Complaint, Tefik admits that the "7645 Sheridan Borrower" entered into the "7645 Sheridan Loan Agreement." Further answering, to the extent that the documents described in Paragraph 12 of the Second Amended Complaint conflict with the allegations therein, Tefik denies those allegations.

For his answer to Paragraph 12 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

13. The 7645 Sheridan Note is secured by that certain Mortgage, Security Agreement and Fixture Financing Statement dated December 15, 2008 (the "7645 Sheridan Mortgage") on the property commonly known as 7645 North Sheridan Road, Chicago, Illinois, legally described in the 7645 Sheridan Mortgage (the "7645 Sheridan Property").

**ANSWER:** For his answer to Paragraph 13 of the Second Amended Complaint, Tefik admits that the "7645 Sheridan Note" is secured by the "7645 Sheridan Mortgage." Further

answering, to the extent that the documents described in Paragraph 13 of the Second Amended Complaint conflict with the allegations therein, Tefik denies those allegations.

For his answer to Paragraph 13 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

14. The 7645 Sheridan Note is also secured by those certain Guaranties of Payment and Performance executed by each of Astor House, Pullump, Telfif and Burim ("7645 Sheridan Guarantors"), each dated as of December 15, 2008 ("7645 Sheridan Guaranties").

**ANSWER:** For his answer to Paragraph 14 of the Second Amended Complaint, Tefik admits that he executed a document entitled "Guaranty of Payment and Performance" dated December 15, 2008, but that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 14 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

15. On or about January 20, 2012, the FDIC, as Receiver for Midwest, executed an allonge to the 7645 Sheridan Note (the "7645 Sheridan Allonge") and assigned the 7645 Sheridan Mortgage to FirstMerit (the "7645 Sheridan Assignment").

**ANSWER:** For their answer to Paragraph 15 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

16.     The 4526 Sheridan Borrower and FirstMerit have entered into that certain Business Loan Agreement dated May 22, 2008, as amended, supplemented or modified from time to time (the "4526 Sheridan Loan Agreement"), pursuant to which FirstMerit agreed to extend a loan to the 4526 Sheridan Borrower in an amount not to exceed THREE MILLION SEVEN HUNDRED THOUSAND AND 00/100 DOLLARS ($3,700,000.00) (the "4526 Sheridan Loan"), which 4526 Sheridan Loan is evidenced by, among other loan documents, that certain Promissory Note dated May 22, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "4526 Sheridan Note").

**ANSWER:**     For his answer to Paragraph 16 of the Second Amended Complaint, Hodo admits that the "4526 Sheridan Borrower" entered into the "4526 Sheridan Loan Agreement." Further answering, to the extent that the documents described in Paragraph 16 of the Second Amended Complaint conflict with the allegations therein, Hodo denies those allegations.

For his answer to Paragraph 16 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

17.     The 4526 Sheridan Note is secured by that certain Mortgage dated May 22, 2008 (the "4526 Sheridan Mortgage") on the property commonly known as 4526 N. Sheridan Rd., Chicago, Illinois, legally described in the 4526 Sheridan Mortgage (the "4526 Sheridan Property").

**ANSWER:**     For his answer to Paragraph 17 of the Second Amended Complaint, Hodo admits that the "4526 Sheridan Note" is secured by the "4526 Sheridan Mortgage." Further answering, to the extent that the documents described in Paragraph 17 of the Second Amended Complaint conflict with the allegations therein, Hodo denies those allegations.

For his answer to Paragraph 17 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

18.     The 4526 Sheridan Note is also secured by those certain Commercial Guaranties executed by each of Sam and Hodo ("4526 Sheridan Guarantors"), each dated May 22, 2008 ("4526 Sheridan Guaranties").

**ANSWER:**     For his answer to Paragraph 18 of the Second Amended Complaint, Hodo admits that he executed a document entitled "Commercial Guaranty" dated May 22, 2008, but that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 18 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

19.     On or about January 20, 2012 the FDIC, as Receiver for Midwest, executed an allonge to the 4526 Sheridan Note (the "4526 Sheridan Allonge") and assigned the 4526 Sheridan Mortgage to FirstMerit (the "4526 Sheridan Assignment").

**ANSWER:**     For their answer to Paragraph 19 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

20.     The Clark Borrower and FirstMerit have entered into that certain Business Loan Agreement dated May 22, 2008, as amended, supplemented or modified from time to time (the "Clark Loan Agreement"), pursuant to which FirstMerit agreed to extend a loan to the Clark Borrower in an amount not to exceed TWO MILLION NINE HUNDRED TEN THOUSAND AND 00/100 DOLLARS ($2,910,000.00) (the "Clark Loan"), which Clark Loan is evidenced by that certain Promissory Note dated May 22, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "Clark Note").

**ANSWER:**     For his answer to Paragraph 20 of the Second Amended Complaint, Hodo admits that the "Clark Borrower" entered into the "Clark Loan Agreement."  Further answering,

to the extent that the documents described in Paragraph 20 of the Second Amended Complaint conflict with the allegations therein, Hodo denies those allegations.

For his answer to Paragraph 20 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

21. The Clark Note is secured by that certain Mortgage dated May 22, 2008 (the "Clark Mortgage") and recorded on May 29, 2008 with the Recorder's Office as Document No. 0815040157 on the property commonly known as 1673 W. Pratt, Chicago, Illinois, legally described in the Clark Mortgage (the "Clark Property").

**ANSWER:** For his answer to Paragraph 21 of the Second Amended Complaint, Hodo admits that the "Clark Note" is secured by the "Clark Mortgage." Further answering, to the extent that the documents described in Paragraph 21 of the Second Amended Complaint conflict with the allegations therein, Hodo denies those allegations.

For his answer to Paragraph 21 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

22. The Clark Note is also secured by those certain Commercial Guaranties executed by each of Sam and Hodo (the "Clark Guarantors"), each dated May 22, 2008 ("Clark Guaranties").

**ANSWER:** For his answer to Paragraph 22 of the Second Amended Complaint, Hodo admits that he executed a document entitled "Commercial Guaranty" dated May 22, 2008, but that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 22 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

23. On or about January 20, 2012 the FDIC, as Receiver for Midwest, executed an allonge to the Clark Note (the "Clark Allonge") and assigned the Clark Mortgage to FirstMerit (the "Clark Assignment").

**ANSWER:** For their answer to Paragraph 23 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

24. The Lawrence Borrower and FirstMerit have entered into that certain Business Loan Agreement dated May 28, 2008, as amended, supplemented or modified from time to time (the "Lawrence Loan Agreement"), pursuant to which FirstMerit agreed to extend a loan to the Lawrence Borrower in an amount not to exceed SIX MILLION NINE HUNDRED FIFTY-SIX THOUSAND AND 00/100 DOLLARS ($6,956,000.00) (the "Lawrence Loan"), which Lawrence Loan is evidenced by, among other loan documents, that certain Promissory Note dated May 28, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, the "Lawrence Note").

**ANSWER:** For his answer to Paragraph 24 of the Second Amended Complaint, Hodo admits that the "Lawrence Borrower" entered into the "Lawrence Loan Agreement." Further answering, to the extent that the documents described in Paragraph 24 of the Second Amended Complaint conflict with the allegations therein, Hodo denies those allegations.

For his answer to Paragraph 24 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

25.     The Lawrence Note is secured by that certain Mortgage dated May 28, 2008 (the "Lawrence Mortgage") on the property commonly known as 1020 W. Lawrence Avenue, Chicago, Illinois, legally described in the Lawrence Mortgage (the "Lawrence Property").

**ANSWER:**     For his answer to Paragraph 25 of the Second Amended Complaint, Hodo admits that the "Lawrence Note" is secured by the "Lawrence Mortgage." Further answering, to the extent that the documents described in Paragraph 25 of the Second Amended Complaint conflict with the allegations therein, Hodo denies those allegations.

For his answer to Paragraph 25 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

26.     The Lawrence Note is also secured by those certain Commercial Guaranties executed by each of Sam and Hodo ("Lawrence Guarantors"), each dated May 28, 2008 ("Lawrence Guaranties").

**ANSWER:**     For his answer to Paragraph 26 of the Second Amended Complaint, Hodo admits that he executed a document entitled "Commercial Guaranty" dated May 28, 2008, but that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 26 of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

27.     On or about January 20, 2012 the FDIC, as Receiver for Midwest, executed an allonge to the Lawrence Note (the "Lawrence Allonge") and assigned the Lawrence Mortgage to FirstMerit (the "Lawrence Assignment").

**ANSWER:** For their answer to Paragraph 27 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

28. The S&H Borrower and FirstMerit entered into a Business Loan Agreement dated February 4, 2008 pursuant to which FirstMerit agreed to loan to the S&H Borrower an amount not to exceed SIX HUNDRED THREE THOUSAND AND 00/100 DOLLARS ($603,000.00) (the "S&H February Loan"). The S&H February Loan is evidenced by that certain Promissory Note executed by the S&H Borrower dated February 4, 2008, payable to FirstMerit, (as it may have been amended, restated, modified or supplemented from time to time, the "S&H February Note").

**ANSWER:** For his answer to Paragraph 28 of the Second Amended Complaint, Tefik admits that the "S&H Borrower" entered into a document entitled "Business Loan Agreement" dated February 4, 2008 with Plaintiff. Further answering, to the extent that the documents described in Paragraph 28 of the Second Amended Complaint conflict with the allegations therein, Tefik denies those allegations.

For his answer to Paragraph 28 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

29. The S&H February Note is also secured by those certain Commercial Guaranties executed by each of Pullump, Tefik, and Burim ("S&H February Guarantors"), each dated February 4, 2008 ("S&H February Guaranties").

**ANSWER:** For his answer to Paragraph 29 of the Second Amended Complaint, Tefik admits that he executed a certain Commercial Guaranty dated February 4, 2008, but that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 29 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

30.     On or about January 20, 2012, the FDIC, as Receiver for Midwest, executed an allonge to the S&H February Note (the "S&H February Allonge").

**ANSWER:**     For their answer to Paragraph 30 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

31.     The S&H Borrower and FirstMerit entered into a Business Loan dated September 3, 2008 pursuant to which FirstMerit agreed to loan and to the S&H Borrower an amount not to exceed TWO HUNDRED SEVENTY TWO THOUSAND AND 00/100 DOLLARS ($272,000.00) (the "S&H September Loan"). The S&H September Loan is evidence by, among other loan documents, certain Promissory Note executed by the S&H Borrower dated September 3, 2008, payable to Midwest (as it may have been amended, restated, modified or supplemented from time to time, (the "S&H September Note").

**ANSWER:**     For his answer to Paragraph 31 of the Second Amended Complaint, Tefik admits that the "S&H Borrower" entered into the "S&H September Note."  Further answering, to the extent that the document described in Paragraph 31 of the Second Amended Complaint conflict with the allegations therein, Tefik denies those allegations.

For his answer to Paragraph 31 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

32.     The S&H September Note is also secured by those certain Commercial Guaranties executed by each of Pullup, Tefik, and Burim ("S&H September Guarantors"), each dated September 4, 2008 (S&H September Guaranties").

**ANSWER:** For his answer to Paragraph 32 of the Second Amended Complaint, Tefik admits that he executed a document entitled "Commercial Guaranty" dated February 4, 2008, but that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 32 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

33. On or about January 20, 2012 the FDIC, as Receiver for Midwest, executed an allonge to the September Note (the "S&H September Allonge").

**ANSWER:** For their answer to Paragraph 33 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

34. On or about September 20, 2011, the Ashland Loan, 7645 Sheridan Loan, 4526 Sheridan Loan, Clark Loan, and Lawrence Loan (collectively the "Apartment Building Loans") were restructured, and the indebtedness under those promissory notes was cross-collateralized and cross-defaulted (the "Restructure"). The Restructure is evidenced by the Loan Document Modification and Cross-Collateralization and Cross-Default Agreement between the Ashland Borrower, the 7645 Sheridan Borrower, the Clark Borrower, the 4526 Sheridan Borrower, and the Lawrence Borrower (collectively the "Apartment Building Borrowers") and FirstMerit dated August 19, 2011 (the "2011 Modification Agreement"). A true and accurate copy of the Modification Agreement is attached hereto as Exhibit 1.

**ANSWER:** For their answer to Paragraph 34 of the Second Amended Complaint, Defendants deny the allegations therein.

35. Pursuant to the 2011 Modification Agreement, FirstMerit and the Apartment Building Borrowers agreed, among other things, that each of the Ashland Mortgage, 7645 Sheridan Mortgage, 4526 Sheridan Mortgage, Clark Mortgage, and Lawrence Mortgage

(collectively, the "Mortgages") secured each of the Loans, and that an event of default under any of the Apartment Building Loans would constitute a default under each of them.

**ANSWER:** For their answer to Paragraph 35 of the Second Amended Complaint, Defendants deny the allegations therein.

36. As a result of the occurrence of certain defaults under the Apartment Building Loans, the S&H September Loan, and the S&H February Loan, on or about December 14, 2011, FirstMerit elected to declare the whole of the principal sum of the indebtedness thereunder, remaining unpaid, together with interest, fees, and costs thereon, immediately due and payable. True and accurate copies of the December 14, 2011 Default and Acceleration Notices are attached hereto as Group Exhibit 2.

**ANSWER:** For his answer to 36 of the Second Amended Complaint, Hodo admits that the purported "December 14, 2011 Default" and "Acceleration Notices" are attached as exhibits to the Second Amended Complaint, but denies that Plaintiff was entitled to accelerate the "Apartment Building Loans." Further answering, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 36 of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 36 of the Second Amended Complaint, Tefik admits that the purported "Decembert 14, 2011 Default" and "Acceleration Notices" are attached as exhibits to the Second Amended Complaint, but denies that Plaintiff was entitled to accelerate the "Apartment Building Loans," the "S&H September Loan" and the "S&H February Loan." Further answering, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 36 of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

37. FirstMerit confirmed its election to declare the Ashland Loans, the S&H September Loan, and the S&H February Loan in default by commencing against the Borrowers and Guarantors the instant action (the "Ashland Lawsuit"), and an action entitled *FirstMerit Bank, NA., et al vs. First S & H Management, LLC, et al.*, No. 1:12-cv-00580, in the U.S. District

Court for the Northern District of Illinois (the "S&H Lawsuit"). The S&H Lawsuit was dismissed without prejudice on August 14, 2012.

**ANSWER:** For their answer to Paragraph 37 of the Second Amended Complaint, Defendants admit that the action entitled <u>FirstMerit Bank, N.A., et al. vs. First S & H Management, LLC, et al.</u>, No. 1:12-cv-00580, was dismissed without prejudice on August 14, 2012. Further answering, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 37 of the Second Amended Complaint and, therefore, neither admit nor deny the same but demand strict proof thereof.

38. FirstMerit and the Apartment Building Borrowers entered into that certain Forbearance Agreement, dated August 2, 2012 (the "Apartment Building Forbearance Agreement"), pursuant to which FirstMerit agreed to forbear for a limited period of time from exercising certain of its rights and remedies available to it under the credit agreements evidencing and/or related to the Apartment Building Loans, subject to and upon the terms and conditions set forth therein. A true and accurate copy of the Apartment Building Forbearance Agreement is attached hereto as Exhibit 3.

**ANSWER:** For their answer to Paragraph 38 of the Second Amended Complaint, Defendants admit that they entered into a Forbearance Agreement dated August 2, 2012, which is attached as an exhibit to the Second Amended Complaint. Further answering, to the extent that the document described in Paragraph 38 of the Second Amended Complaint conflicts with the allegations therein, Defendants deny those allegations.

39. FirstMerit and the S&H Borrower entered into that certain Forbearance Agreement, dated August 2, 2012 ("S&H Forbearance Agreement"), under which FirstMerit agreed to forbear for a limited period of time from exercising certain of its rights and remedies available to it under the credit agreements evidencing and/or related to the S&H September Loan and the S&H February Loan (collectively the "S&H Loans"), subject to and upon the terms and conditions set forth therein. A true and accurate copy of the S&H Forbearance Agreement is attached hereto as Exhibit 4.

**ANSWER:** For his answer to Paragraph 39 of the Second Amended Complaint, Tefik admits executing a Forbearance Agreement dated August 2, 2012, which is attached as an exhibit

to the Second Amended Complaint. To the extent that the document described in Paragraph 39 of the Second Amended Complaint conflicts with the allegations therein, Tefik denies those allegations.

For his answer to Paragraph 39 of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

40. Pursuant to the Apartment Building Forbearance Agreement and the S&H Forbearance Agreement, FirstMerit, the Apartment Building Borrowers, and the S&H Borrowers agreed that each of the Mortgages secured each of the S&H Loans as well as the Apartment Building Loans.

**ANSWER:** For their answer to Paragraph 40 of the Second Amended Complaint, Defendants deny the allegations therein.

41. As a result of the occurrence of certain defaults under the Apartment Building Forbearance Agreement and the S&H Forbearance Agreement, on or about December 12, 2012, FirstMerit elected to declare the whole of the principal sum of the indebtedness of the Apartment Building Borrowers and the S&H Borrower remaining unpaid, together with interest, fees, and costs thereon, to be immediately due and payable. True and accurate copies of the December 12, 2012 Default and Acceleration Notices are attached hereto as Group Exhibit 5.

**ANSWER:** For their answer to 41 of the Second Amended Complaint, Defendants admit that the purported "December 12, 2011 Default" and "Acceleration Notices" are attached as exhibits to the Second Amended Complaint, but deny that Plaintiff was entitled to accelerate the "Apartment Building Loans" and "S&H Loans." Further answering, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 41 of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

42. Any pre-suit notice requirements have been met, and any and all grace periods have expired or have been a waived.

**ANSWER:** For their answer to Paragraph 42 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

43. The following events of default have occurred under the Apartment Building Forbearance Agreement:

a. The Apartment Building Borrowers have failed produce to FirstMerit, or its agent, tax bills, and information on capital expenses, ownership history, and the scope of construction (including construction costs) for the Ashland Property, as required by Paragraph 4(ii) of the Apartment Building Forbearance Agreement;

b. The Apartment Building Borrowers have failed to provide to FirstMerit all listing agreements related to the Apartment Buildings (as defined in the Forbearance Agreement), as required by Paragraph 4(iii) of the Apartment Building Forbearance Agreement;

c. The Apartment Building Borrowers have failed to pay the first and second installment 2011 real estate tax bills, plus penalties and fees, on the Ashland Property, as required by Paragraph 4(vi) of the Apartment Building Forbearance Agreement;

d. The Apartment Building Borrowers have failed to establish a tax escrow account at FirstMerit, and have failed to deposit therein the required monthly payment of $3,834.00 for the estimated first installment 2012 real estate tax bill for the Ashland Property, as required by Paragraph 4(vii) of the Apartment Building Forbearance Agreement;

e. The Apartment Building Borrowers have failed to make the monthly due under the 7645 Sheridan Note, the 4526 Sheridan Note, and the Clark Note, in accordance with the terms of each such Note, in and after October, 2012, as required by Paragraph 4(viii) of the Apartment Building Forbearance Agreement;

f. The Apartment Building Borrowers have failed to resolve the pending mechanics lien claims asserted against the Borrowers, as required by Paragraph 4(ix) of the Apartment Building Forbearance Agreement; and

g. The Lawrence Borrower failed to close the sale of the Lawrence Property on or before October 31, 2012, as required by Paragraph 4(iv) of the Apartment Building Forbearance Agreement.

**ANSWER:** For their answer to Paragraph 43 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof. Further answering, Defendants affirmatively state that to the extent that it is alleged that any payments were not made after the appointment of the Receiver herein, the Receiver failed to use operational cash flow to pay them. When Defendants turned the properties over to the Receiver, there was sufficient cash flow to pay the real estate taxes and monthly debt service. If there was not enough cash flow to make those payments while the Receiver controlled the properties, it was because he breached his duties to market and mange the properties as required by law.

44. The following events of default have occurred under the S&H Forbearance Agreement:

    a. The S&H Borrower has failed to repay to FirstMerit $23,479.37, which was advanced by FirstMerit to pay past due real estate taxes on the Properties (as defined in the S&H Forbearance Agreement).

    b. The S&H Borrower has failed to use commercially reasonable efforts to market and sell the Properties or to submit all listing agreements as evidence thereof (as defined in the S&H Forbearance Agreement).

**ANSWER:** For their answer to Paragraph 44 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

45. After the forbearance defaults described above, the Apartment Building Borrowers have defaulted under the Apartment Building Notes, and the S&H Borrowers have defaulted under the S&H Notes, because they have failed and refused to pay the entire balance due thereunder, including interest thereon, after FirstMerit accelerated them on December 12 2012.

**ANSWER:** For their answer to Paragraph 45 of the Second Amended Complaint, Defendants deny that Plaintiff had the right to accelerate the subject loans. Further answer, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

46. Each of the foregoing failures and refusals also constitute events of default ("Events of Default") under each of the Mortgages described herein.

**ANSWER:** For their answer to Paragraph 46 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

47. To date, the foregoing Events of Default have not been cured.

**ANSWER:** For their answer to Paragraph 47 of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

## COUNT I

48. FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 50 [sic].

**ANSWER:** For their answer to Paragraph 48 of Count I of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

49. FirstMerit files this Count I pursuant to 735 ILCS 5/15-1101, *et seq*., to foreclose the Ashland Mortgage, and in connection therewith joins the following as defendants:

    a.    Ashland Borrower.
    b.    7645 Sheridan Borrower.

<div style="margin-left: 2em;">

    c.        4526 Sheridan Borrower.

    d.        Clark Borrower.

    e.        Lawrence Borrower.

    f.        S&H Borrower.

    g.        SSM.

</div>

**ANSWER:**  For their answer to Paragraph 49 of Count I of the Second Amended Complaint, Defendants admit that Plaintiff has joined the persons/entities enumerated therein as parties defendant hereto.  Further answering, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 49 of Count I of the Second Amended Complaint and, therefore, neither admit nor deny the same but demand strict proof thereof.

50.  Attached to this Complaint and incorporated herein by reference are the following exhibits related to the Ashland Loan, which are true and correct copies of the originals:

<div style="margin-left: 2em;">

    a.        Exhibit 6 is a true copy of the Ashland Note.

    b.        Exhibit 7 is a true copy of the Ashland Mortgage.

    c.        Exhibit 8 is a true copy of the Ashland Assignment.

</div>

**ANSWER:**  For his answer to Paragraph 50 of Count I of the Second Amended Complaint, Tefik admits that copies of the "Ashland Note" and "Ashland Mortgage" are attached as exhibits to the Second Amended Complaint.  To the extent that the documents described in Paragraph 50 of the Second Amended Complaint conflict with the allegations therein, Tefik denies those allegations.  Further answering, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 50 of Count I of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 50 of Count I of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the

allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

51.    Information concerning the Ashland Mortgage is as follows:

    a.    Nature of Instrument: Mortgage
    b.    Date of Mortgage: May 22, 2008
    c.    Name of mortgagor: 2200 North Ashland, LLC
    d.    Name of mortgagee:

        i.    Original Mortgagee:    Midwest Bank and Trust Company
        ii.   Current Mortgagee:    FirstMerit Bank, N.A.
        iii.  Current Loan Servicer:    n/a

    e.    Date and place of initial recording: May 29, 2008, Cook County Recorder
    f.    Identification of recording: 081504154
    g.    Estate conveyed: Mortgage of Fee Simple Interest
    h.    Amount of original principal indebtedness, including subsequent advances made under the mortgage: $3,100,000.00
    i.    Legal description of secured Property:

        THAT PART OF THE NORTHEAST 1/4 OF THE NORTHEAST '/4 OF SECTION 31, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING SOUTH AND WEST OF THE NORTH BRANCH OF THE CHICAGO RIVER AND BOUNDED ON THE NORTH AND EAST BY THE CHICAGO RIVER, CHICAGO AND NORTHWESTERN RAILROAD (EXCEPT THAT PARTY OF SAID TRACT OF THE LAND CONDEMNED FOR THE WIDENING OF NORTH ASHLAND AVENUE CONVEYED TO THE CITY OF CHICAGO BY DEED DATED JULY 16, 1930 AND RECORDED JULY 28, 1930 AS DOCUMENT 10713775), IN COOK COUNTY, ILLINOIS.

        Property Index Number: 14-31-200-032-0000

        Common Address: 2200 North Ashland Avenue, Chicago, 60614 Illinois

    j.    Statements as to defaults and amounts now due:

        Plaintiff expressly incorporates herein by reference the Events of Default alleged in Paragraphs 43 and 44 of this Complaint.

        The amounts due as of December 19, 2012 are:

        i.    Total Principal:                     $ 18,923,643.68
             A. 7645 Sheridan Note:                  5,349,635.26
             B. 4526 Sheridan Note:                  3,500,376.59

|  | C. Clark Note: | 2,753,430.66 |
|---|---|---|
|  | D. Lawrence Note: | 6,485,380.21 |
|  | E. S&H February Note: | 570,807.31 |
|  | F. S&H September Note: | 264,013.65 |

| ii. | Total Interest: | $907,212.34 |
|---|---|---|
|  | A. 7645 Sheridan Note: | 293,890.46 |
|  | B. 4526 Sheridan Note: | 159,400.69 |
|  | C. Clark Note: | 125,386.08 |
|  | D. Lawrence Note: | 266,536.02 |
|  | E. S&H February Note: | 42,359.14 |
|  | F. S&H September Note: | 19,639.95 |

| iii. | Total Late Fees: | $210,765.34 |
|---|---|---|
|  | A. 7645 Sheridan Note: | 56,544.46 |
|  | B. 4526 Sheridan Note: | 28,627.83 |
|  | C. Clark Note: | 20,662.66 |
|  | D. Lawrence Note: | 59,787.94 |
|  | E. S&H February Note: | 30,867.62 |
|  | F. S&H September Note: | 14,274.83 |

| iv. | Total Advances for Real Estate Taxes: | $310,525.72 |
|---|---|---|
|  | A. 7645 Sheridan Note: | 104,127.26 |
|  | B. 4526 Sheridan Note: | 28,932.53 |
|  | C. Clark Note: | 71,701.91 |
|  | D. Lawrence Note: | 94,045.29 |
|  | E. S&H February Note: | 11,673.71 |
|  | F. S&H September Note: | 45.02 |

| v. | Total Forced Place Insurance: | $171,239.76 |
|---|---|---|
|  | A. 7645 Sheridan Property: | 27,513.00 |
|  | B. 4526 Sheridan Property: | 27,800.00 |
|  | C. Clark Property | 27,648.00 |
|  | D. Lawrence Property: | 88,278.76 |

| vi. | Total Receivership Fees | $300,228.97 |
|---|---|---|
|  | A. 7645 Sheridan Property: | 52,845.39 |
|  | B. 4526 Sheridan Property: | 18,969.25 |
|  | C. Clark Property: | 4,637.50 |
|  | D. Lawrence Property: | 187,488.20 |
|  | E. S&H February Property: | 27,341.55 |
|  | F. S&H September Property | 8,947.08 |

| vii. | Total Other Fees (Appraisal, Title, etc.): | 45,675.08 |
|---|---|---|
|  | A. 7645 Sheridan Property: | 8,293.60 |
|  | B. 4526 Sheridan Property: | 7,773.00 |
|  | C. Clark Property: | 8,418.44 |
|  | D. Lawrence Property: | 11,733.11 |
|  | E. S&H February Property: | 9,106.93 |
|  | F. S&H September Property: | 350.00 |

|        |                          |              |
|--------|--------------------------|--------------|
| viii.  | Legal Fees               | 131,362.48   |
|        | A. 7645 Sheridan Note:   | 34,780.24    |
|        | B. 4526 Sheridan Note:   | 16,417.81    |
|        | C. Clark Note:           | 15,243.11    |
|        | D. Lawrence Note:        | 32,460.66    |
|        | E. S&H February Note:    | 25,098.71    |
|        | F. S&H September Note:   | 7,361.95     |

ix.     Total due:                          $ 21,000,653.37

x.      Statement as to per diem interest

accruing at the default rate after default:
A. 7645 Sheridan Note:          $947.33
B. 4526 Sheridan Note:          534.78
C. Clark Note:                  420.66
D. Lawrence Note:               990.82
E. S&H February Note:           103.06
F. S&H September Note:          47.67

    k.    Name of present owner(s) of the Ashland Property: The Ashland Borrower.

    l.    Names of additional defendants whose interest in or lien on the Property subordinate to that of Plaintiff and is sought to be terminated:

    i.    SSM, under and by virtue of the following liens:

    A.    Claim for lien in the amount of $37,138.50, recorded April 8, 2011, as document number 1109844095.

    B.    Claim for lien in the amount of $8,399.00, recorded April 23, 2012 as document number 1211416005.

    m.    Names of persons claimed to be personally liable for deficiency:

    i.    7645 Sheridan Borrower.
    ii.    4526 Sheridan Borrower.
    iii.    Clark Borrower.
    iv.    Lawrence Borrower.
    v.    S&H Borrower.
    vi.    Astor House (as to the 7645 Sheridan Note).
    vii.    Pullump (as to the 7645 Sheridan Note and the S&H Notes).
    viii.    Tefik (as to the 7645 Sheridan Note and the S&H Notes).
    ix.    Burim (as to the 7645 Sheridan Note and the S&H Notes).
    x.    Sam (as to the 4526 Sheridan Note, the Clark Note and the Lawrence Note).
    xi.    Hodo (as to the 4526 Sheridan Note, the Clark Note and the Lawrence Note).

n.     Capacity in which FirstMerit brings this suit: As the owner and legal holder of, inter alia, the Ashland Mortgage.

o.     Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the Ashland Mortgage.

p.     Facts in support of waiver right of redemption period:

Pursuant to the terms of the Ashland Mortgage, the right of redemption has been waived.

q.     Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the Ashland Mortgage, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the Ashland Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r.     Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s.     FirstMerit does not at this time offer to the Ashland Borrower, in accordance with Section 15-1402, to accept title to the Ashland Property in satisfaction of all indebtedness and obligations secured by the Ashland Mortgage without judicial sale.

t.     Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Ashland Borrower, by virtue of its interest as owner of record.

**ANSWER:**     For his answer to subsections (a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (r) of Paragraph 51 of Count I of the Second Amended Complaint, Tefik admits the allegations therein.  For his answer to subsections (m) and (q) of Paragraph 51 of Count I of the Second Amended Complaint, Tefik denies the allegations therein.  For his answer to subsections (j), (l),

(n), (o), (p), (s) and (t) to Paragraph 51 of Count I of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 51 of Count I of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT II

52. FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 52 [sic].

**ANSWER:** For their answer to Paragraph 52 of Count II of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

53. FirstMerit files this Count II pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the 7645 Sheridan Mortgage, and in connection therewith joins the following as defendants:

　　a.　7645 Sheridan Borrower.
　　b.　4526 Sheridan Borrower.
　　c.　Clark Borrower.
　　d.　Lawrence Borrower.
　　e.　Astor House.
　　f.　Pullump L. Menetti, individually and as Trustee of the Pullump L. Menetti Trust.
　　g.　Tefik H. Menetti, individually and as Trustee of the Pullump L. Menetti Trust.
　　h.　Burim Menetti, individually and as Trustee of the Burim Menetti Trust.
　　i.　The City.

**ANSWER:** For their answer to Paragraph 53 of Count II of the Second Amended Complaint, Defendants admit that Plaintiff has joined the persons/entities enumerated therein as parties defendant hereto. Further answering, Defendants state that they are without sufficient

knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 53 of Count II of the Second Amended Complaint and, therefore, neither admit nor deny the same but demand strict proof thereof.

54.     Attached to this Complaint and incorporated herein by reference are the following exhibits related to the 7645 Sheridan Loan, which are true and correct copies of the originals:

a.     Exhibit 9 is a true copy of the 7645 Sheridan Note.
b.     Exhibit 10 is a true copy of the 7645 Sheridan Mortgage.
c.     Exhibit 11 is a true copy of the 7645 Sheridan Allonge.
d.     Exhibit 12 is a true copy of the 7645 Sheridan Assignment.
e.     Exhibit 13 is a true copy of the guaranty of Astor House.
f.     Exhibit 14 is a true copy of the guaranty of Pullump.
g.     Exhibit 15 is a true copy of the guaranty of Tefik.
h.     Exhibit 16 is a true copy of the guaranty of Burim.

**ANSWER:**     For his answer to Paragraph 54 of Count II of the Second Amended Complaint, Tefik admits that copies of the "7645 Sheridan Note," "7645 Sheridan Mortgage," and a guaranty executed by him are attached as exhibits to the Seconded Amended Complaint. To the extent that those documents conflict with the allegations of Paragraph 54 of Count II of the Second Amended Complaint, Tefik denies those allegations. Further answering, Tefik states that he is is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 54 of Count II of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 54 of Count II of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

55.     Information concerning the 7645 Sheridan Mortgage is as follows:

a.     Nature of Instrument: Mortgage
b.     Date of Mortgage: December 15, 2008
c.     Name of mortgagor: 7645 North Sheridan, LLC

d. Name of mortgagee:

    i. Original Mortgagee: Midwest Bank and Trust Company
    ii. Current Mortgagee: FirstMerit Bank, N.A.
    iii. Current Loan Servicer: n/a

e. Date and place of initial recording: January 21, 2009, Cook County Recorder
f. Identification of recording of mortgage: 0902129031
g. Estate conveyed: Mortgage of Fee Simple Interest
h. Amount of original principal indebtedness, including subsequent advances made under the mortgage: $5,600,000.00
i. Legal description of secured Property:

LOTS 28 AND 29 IN LOWENMEYER'S LAKESIDE TERRACE ADDITION TO EVANSTON, A SUBDIVISION OF BLOCK 1 IN DREYER'S LAKE SHORE ADDITION TO SOUTH EVANSTON, A SUBDIVISION OF THE SOUTH 1/2 OF THE NORTHWEST 1/40F SECTION 29, TOWNSHIP 41 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Property Index Number: 11-29-103-009-0000

Common Address: 7645 North Sheridan Road, Chicago, Illinois 60626

j. Statements as to defaults and amounts now due:

Plaintiff expressly incorporates herein by reference the Events of Default alleged in Paragraphs 43 and 44 of this Complaint.

The amounts due as of December 19, 2012 are:

| | | |
|---|---|---:|
| i. | Total Principal: | $ 18,923,643.68 |
| | A. 7645 Sheridan Note: | 5,349,635.26 |
| | B. 4526 Sheridan Note: | 3,500,376.59 |
| | C. Clark Note: | 2,753,430.66 |
| | D. Lawrence Note: | 6,485,380.21 |
| | E. S&H February Note: | 570,807.31 |
| | F. S&H September Note: | 264,013.65 |
| | | |
| ii. | Total Interest: | $907,212.34 |
| | A. 7645 Sheridan Note: | 293,890.46 |
| | B. 4526 Sheridan Note: | 159,400.69 |
| | C. Clark Note: | 125,386.08 |
| | D. Lawrence Note: | 266,536.02 |
| | E. S&H February Note: | 42,359.14 |
| | F. S&H September Note: | 19,639.95 |

| | | |
|---|---|---|
| iii. | Total Late Fees: | $210,765.34 |
| | A. 7645 Sheridan Note: | 56,544.46 |
| | B. 4526 Sheridan Note: | 28,627.83 |
| | C. Clark Note: | 20,662.66 |
| | D. Lawrence Note: | 59,787.94 |
| | E. S&H February Note: | 30,867.62 |
| | F. S&H September Note: | 14,274.83 |
| | | |
| iv. | Total Advances for Real Estate Taxes: | $310,525.72 |
| | A. 7645 Sheridan Note: | 104,127.26 |
| | B. 4526 Sheridan Note: | 28,932.53 |
| | C. Clark Note: | 71,701.91 |
| | D. Lawrence Note: | 94,045.29 |
| | E. S&H February Note: | 11,673.71 |
| | F. S&H September Note: | 45.02 |
| | | |
| v. | Total Forced Place Insurance: | $171,239.76 |
| | A. 7645 Sheridan Property: | 27,513.00 |
| | B. 4526 Sheridan Property: | 27,800.00 |
| | C. Clark Property | 27,648.00 |
| | D. Lawrence Property: | 88,278.76 |
| | | |
| vi. | Total Receivership Fees | $300,228.97 |
| | A. 7645 Sheridan Property: | 52,845.39 |
| | B. 4526 Sheridan Property: | 18,969.25 |
| | C. Clark Property: | 4,637.50 |
| | D. Lawrence Property: | 187,488.20 |
| | E. S&H February Property: | 27,341.55 |
| | F. S&H September Property | 8,947.08 |
| | | |
| vii. | Total Other Fees (Appraisal, Title, etc.): | 45,675.08 |
| | A. 7645 Sheridan Property: | 8,293.60 |
| | B. 4526 Sheridan Property: | 7,773.00 |
| | C. Clark Property: | 8,418.44 |
| | D. Lawrence Property: | 11,733.11 |
| | E. S&H February Property: | 9,106.93 |
| | F. S&H September Property: | 350.00 |
| | | |
| viii. | Legal Fees | 131,362.48 |
| | A. 7645 Sheridan Note: | 34,780.24 |
| | B. 4526 Sheridan Note: | 16,417.81 |
| | C. Clark Note: | 15,243.11 |
| | D. Lawrence Note: | 32,460.66 |
| | E. S&H February Note: | 25,098.71 |
| | F. S&H September Note: | 7,361.95 |
| | | |
| ix. | Total due: | $ 21,000,653.37 |
| | | |
| x. | Statement as to per diem interest accruing at the default rate after default: | |
| | A. 7645 Sheridan Note: | $947.33 |

        B.  4526 Sheridan Note:                                 534.78

        C.  Clark Note:                                       420.66

        D.  Lawrence Note:                                 990.82

        E.  S&H February Note:                            103.06

        F.  S&H September Note:                           47.67

       k.      Name of present owner(s) of the 7645 Sheridan Property: The 7645 Sheridan Borrower.

       l.      Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

          i.      The City, under and by virtue of the following liens:

              A.  Judgment Lien in the amount of $4,540.00, recorded December 2, 2010, as document number 1033612189.

              B.  Judgment Lien in the amount of $1,140.00, recorded September 22, 2012, as document number 1227126114.

              C.  Judgment Lien in the amount of $1,140.00, recorded September 27, 2012, as document number 1227126116.

              D.  Judgment Lien in the amount of $1,140.00, recorded September 27, 2012, as document number 1227126132.

              E.  Judgment Lien in the amount of $540.00, recorded October 29, 2012, as document number 1230341107.

              F.  Judgment Lien in the amount of $1,140.00, recorded October 29, 2012, as document number 1230341120.

       m.     Names of persons claimed to be personally liable for deficiency:

          i.      The 7645 Sheridan Borrower.

         ii.      The 4526 Sheridan Borrower.

        iii.      The Clark Borrower.

        iv.      The Lawrence Borrower.

         v.      Astor House.

        vi.      Pullump.

       vii.      Tefik.

      viii.      Burim.

       n.      Capacity in which FirstMerit brings this suit: As the owner and legal holder of, inter alia, the 7645 Sheridan Mortgage.

       o.      Facts in support of shortened redemption period:

           FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the 7645 Sheridan Mortgage.

       p.      Facts in support of waiver right of redemption period:

Pursuant to the terms of the 7645 Sheridan Mortgage, the right of redemption has been waived.

q. Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the 7645 Sheridan Mortgage and Note, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the 7645 Sheridan Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r. Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s. FirstMerit does not at this time offer to the 7645 Sheridan Borrower, in accordance with Section 15-1402, to accept title to the 7645 Sheridan Property in satisfaction of all indebtedness and obligations secured by the 7645 Sheridan Mortgage without judicial sale.

t. Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

7645 Sheridan Borrower, by virtue of its interest as owner of record.

**ANSWER:** For his answer to subsections (a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (r) of Paragraph 55 of Count I of the Second Amended Complaint, Tefik admits the allegations therein. For his answer to subsections (m) and (q) of Paragraph 55 of Count I of the Second Amended Complaint, Tefik denies the allegations therein. For his answer to subsections (j), (l), (n), (o), (p), (s) and (t) to Paragraph 55 of Count I of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 55 of Count I of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT III

56.     FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 56 [sic].

**ANSWER:**     For their answer to Paragraph 56 of Count III of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

57.     FirstMerit files this Count III pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the 4526 Sheridan Mortgage, and in connection therewith joins the following as defendants:

        a.     7645 Sheridan Borrower.
        b.     4526 Sheridan Borrower.
        c.     Clark Borrower.
        d.     Lawrence Borrower.
        e.     S&H Borrower.
        f.     Hodo.
        g.     Sam.
        h.     City.
        i.     Mid-American.
        j.     SSM.
        k.     Diamond Bank.

**ANSWER:**     For their answer to Paragraph 57 of Count III of the Second Amended Complaint, Defendants admit that Plaintiff has joined the persons/entities enumerated therein as parties defendant hereto.  Further answering, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 57 of Count III of the Second Amended Complaint and, therefore, neither admit nor deny the same but demand strict proof thereof.

58.     Attached to this Complaint and incorporated herein by reference are the following exhibits related to the 4526 Sheridan Loan, which are true and correct copies of the originals:

    a.    Exhibit 17 is a true copy of the 4526 Sheridan Note.
    b.    Exhibit 18 is a true copy of the 4526 Sheridan Mortgage.
    c.    Exhibit 19 is a true copy of the 4526 Sheridan Allonge.
    d.    Exhibit 20 is a true copy of the 4526 Sheridan Assignment.
    e.    Exhibit 21 is a true copy of the guaranty of Sam.
    f.    Exhibit 22 is a true copy of the guaranty of Hodo.

**ANSWER:**     For his answer to Paragraph 58 of Count III of the Second Amended Complaint, Hodo admits that copies of the "4526 Sheridan Note," "4526 Sheridan Mortgage," and a guaranty executed by him are attached as exhibits to the Second Amended Complaint.  To the extent that those documents conflict with the allegations of Paragraph 58 of Count III of the Second Amended Complaint, Hodo denies those allegations  Further answering, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 58 of Count III of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 58 of Count III of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

59.     Information concerning the 4526 Sheridan Mortgage is as follows:

    a.    Nature of Instrument: Mortgage
    b.    Date of Mortgage: May 22, 2008
    c.    Name of mortgagor: 4526 North Sheridan, LLC
    d.    Name of mortgagee:

        i.    Original Mortgagee: Midwest Bank and Trust Company
        ii.    Current Mortgagee: FirstMerit Bank, N.A.
        iii.    Current Loan Servicer: n/a

    e.    Date and place of initial recording: May 29, 2008, Cook County Recorder
    f.    Identification of recording of mortgage: 0815040159

g.     Estate conveyed: Mortgage of Fee Simple Interest

h.     Amount of original principal indebtedness, including subsequent advances made under the mortgage: $3,700,000.00

i.     Legal description of secured Property:

LOT 13 IN WILLIAM DEERING SURRENDEN SUBDIVISION IN THE WEST 1/2 OF THE NORTHWEST 1/4 OF SECTION 17, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED MAY 6, 1896 AS DOCUMENT NUMBER 2384355, IN COOK COUNTY, ILLINOIS

Property Index Number: 14-17-219-008-0000

Common Address: 4526 N. Sheridan Road, Chicago, Illinois 60640

j.     Statements as to defaults and amounts now due:

Plaintiff expressly incorporates herein by reference the Events of Default alleged in Paragraphs 43 and 44 of this Complaint.

The amounts due as of December 19, 2012 are:

| | | |
|---|---|---:|
| i. | Total Principal: | $ 18,923,643.68 |
| | A. 7645 Sheridan Note: | 5,349,635.26 |
| | B. 4526 Sheridan Note: | 3,500,376.59 |
| | C. Clark Note: | 2,753,430.66 |
| | D. Lawrence Note: | 6,485,380.21 |
| | E. S&H February Note: | 570,807.31 |
| | F. S&H September Note: | 264,013.65 |
| | | |
| ii. | Total Interest: | $907,212.34 |
| | A. 7645 Sheridan Note: | 293,890.46 |
| | B. 4526 Sheridan Note: | 159,400.69 |
| | C. Clark Note: | 125,386.08 |
| | D. Lawrence Note: | 266,536.02 |
| | E. S&H February Note: | 42,359.14 |
| | F. S&H September Note: | 19,639.95 |
| | | |
| iii. | Total Late Fees: | $210,765.34 |
| | A. 7645 Sheridan Note: | 56,544.46 |
| | B. 4526 Sheridan Note: | 28,627.83 |
| | C. Clark Note: | 20,662.66 |
| | D. Lawrence Note: | 59,787.94 |
| | E. S&H February Note: | 30,867.62 |
| | F. S&H September Note: | 14,274.83 |

| iv. | Total Advances for Real Estate Taxes: | $310,525.72 |
|-----|---------------------------------------|-------------|
| | A. 7645 Sheridan Note: | 104,127.26 |
| | B. 4526 Sheridan Note: | 28,932.53 |
| | C. Clark Note: | 71,701.91 |
| | D. Lawrence Note: | 94,045.29 |
| | E. S&H February Note: | 11,673.71 |
| | F. S&H September Note: | 45.02 |

| v. | Total Forced Place Insurance: | $171,239.76 |
|-----|---------------------------------------|-------------|
| | A. 7645 Sheridan Property: | 27,513.00 |
| | B. 4526 Sheridan Property: | 27,800.00 |
| | C. Clark Property | 27,648.00 |
| | D. Lawrence Property: | 88,278.76 |

| vi. | Total Receivership Fees | $300,228.97 |
|-----|---------------------------------------|-------------|
| | A. 7645 Sheridan Property: | 52,845.39 |
| | B. 4526 Sheridan Property: | 18,969.25 |
| | C. Clark Property: | 4,637.50 |
| | D. Lawrence Property: | 187,488.20 |
| | E. S&H February Property: | 27,341.55 |
| | F. S&H September Property | 8,947.08 |

| vii. | Total Other Fees (Appraisal, Title, etc.): | 45,675.08 |
|-----|---------------------------------------|-------------|
| | A. 7645 Sheridan Property: | 8,293.60 |
| | B. 4526 Sheridan Property: | 7,773.00 |
| | C. Clark Property: | 8,418.44 |
| | D. Lawrence Property: | 11,733.11 |
| | E. S&H February Property: | 9,106.93 |
| | F. S&H September Property: | 350.00 |

| viii. | Legal Fees | 131,362.48 |
|-----|---------------------------------------|-------------|
| | A. 7645 Sheridan Note: | 34,780.24 |
| | B. 4526 Sheridan Note: | 16,417.81 |
| | C. Clark Note: | 15,243.11 |
| | D. Lawrence Note: | 32,460.66 |
| | E. S&H February Note: | 25,098.71 |
| | F. S&H September Note: | 7,361.95 |

| ix. | Total due: | $ 21,000,653.37 |
|-----|---------------------------------------|-------------|

| x. | Statement as to per diem interest accruing at the default rate after default: | |
|-----|---------------------------------------|-------------|
| | A. 7645 Sheridan Note: | |
| | B. 4526 Sheridan Note: | $947.33 |
| | C. Clark Note: | 534.78 |
| | D. Lawrence Note: | 420.66 |
| | E. S&H February Note: | 990.82 |
| | F. S&H September Note: | 103.06 |
| | | 47.67 |

k.      Name of present owner(s) of the 4526 Sheridan Property: 4526 Sheridan Borrower.

l.      Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

    i.      City, under and by virtue of the following liens:

        A.  Judgment Lien in the amount of $1,040.00, recorded April 14, 2009, as document number 0910435065.

        B.  Judgment Lien in the amount of $975.00, recorded September 21, 2009, as document number 0926426541.

        C.  Judgment Lien in the amount of $5,500.00, recorded December 7, 2009, as document number 0934135063.

        D.  Judgment Lien in the amount of $500.00, recorded May 19, 2010, as document number 1013926359.

        E.  Judgment Lien in the amount of $2,540.00, recorded January 17, 2011, as document number 1100712202.

        F.  Judgment Lien in the amount of $5,175.00, recorded February 1, 2011, as document number 1103240084.

        G.  Lien in the amount of $6,261.18, recorded June 24, 2009, as document number 0917526291 (in favor of the City of Chicago Department of Water Management).

    ii.     SSM, under and by virtue of a claim for lien in the amount of $37,138.50, recorded April 8, 2011, as document number 1109844095.

    iii.    Mid-American, under and by virtue of a mechanic's lien in the amount of $4,920.00, recorded November 18, 2011, as document number 1132255019.

    iv.     Diamond Bank, under and by virtue of the following:

        A.  mortgage dated May 18, 2006, and recorded October 27, 2006, as document number 0630055002, and re-recorded June 14, 2010, as document No. 1016526092, to secure an indebtedness of $4,695,000.00.

        B.  assignment of rents dated May 18, 2006, and recorded October 27, 2006, as document number 0630055003, and re-recorded June 14, 2010, as document number 1016526093.

        C.  Loan modification agreement recorded as document number 1129731021.

        D.  Mortgage dated May 18, 2006, and recorded October 27, 2006, as document number 0630055017.

E.  Loan modification agreement recorded as document number 1129731022.

m.  Names of persons claimed to be personally liable for deficiency:

    i.  7645 Sheridan Borrower.
    ii.  4526 Sheridan Borrower.
    iii.  Clark Borrower.
    iv.  Lawrence Borrower.
    v.  S&H Borrower.
    vi.  Sam.
    vii.  Hodo.

n.  Capacity in which FirstMerit brings this suit: As the owner and legal holder of, inter alia, the 4526 Sheridan Mortgage.

o.  Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the 4526 Sheridan Mortgage.

p.  Facts in support of waiver right of redemption period:

Pursuant to the terms of the 4526 Sheridan Mortgage, the right of redemption has been waived.

q.  Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the 4526 Sheridan Mortgage and Note, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the 4526 Sheridan Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r.  Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s.  FirstMerit does not at this time offer to the 4526 Sheridan Borrower, in accordance with Section 15-1402, to accept title to the 4526 Sheridan Property in satisfaction of all indebtedness and obligations secured by the 4526 Sheridan Mortgage without judicial sale.

t.     Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

4526 Sheridan Borrower, by virtue of its interest as owner of record.

**ANSWER:**     For his answer to subsections (a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (r) of Paragraph 59 of Count III of the Second Amended Complaint, Hodo admits the allegations therein.  For his answer to subsections (j), (l), (n), (o), (p), (s) and (t) to Paragraph 59 of Count III of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.  For his answer to subsections (m) and (q) of Paragraph 59 of Count III of the Second Amended Complaint, Hodo denies the allegations therein.

For his answer to Paragraph 59 of Count III of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT IV

60.     FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 62 [sic].

**ANSWER:**     For their answer to Paragraph 60 of Count IV of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

61.     FirstMerit files this Count IV pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Clark Mortgage, and in connection therewith joins the following as defendants:

a.     7645 Sheridan Borrower.
b.     4526 Sheridan Borrower.

      c.      Clark Borrower.
      d.      Lawrence Borrower.
      e.      S&H Borrower.
      f.      Sam.
      g.      Hodo.
      h.      City.
      i.      SSM.

**ANSWER:** For their answer to Paragraph 61 of Count IV of the Second Amended Complaint, Defendants admit that Plaintiff has joined the persons/entities enumerated therein as parties defendant hereto. Further answering, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 61 of Count IV of the Second Amended Complaint and, therefore, neither admit nor deny the same but demand strict proof thereof.

62. Attached to this Complaint and incorporated herein by reference are the following exhibits related to the Clark Loan, which are true and correct copies of the originals:

      a.      Exhibit 23 is a true copy of the Clark Note.
      b.      Exhibit 24 is a true copy of the Clark Mortgage.
      c.      Exhibit 25 is a true copy of the Clark Allonge.
      d.      Exhibit 26 is a true copy of the Clark Assignment.
      e.      Exhibit 27 is a true copy of the guaranty of Sam.
      f.      Exhibit 28 is a true copy of the guaranty of Hodo.

**ANSWER:** For his answer to Paragraph 62 of Count IV of the Second Amended Complaint, Hodo admits that copies of the "Clark Note," "Clark Mortgage," and a guaranty executed by him are attached as exhibits to the Second Amended Complaint. To the extent that those documents conflict with the allegations of Paragraph 62 of Count IV of the Second Amended Complaint, Hodo denies those allegations Further answering, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 62 of Count IV of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 62 of Count IV of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

63. Information concerning the Clark Mortgage is as follows:

    g.    Nature of Instrument: Mortgage
    h.    Date of Mortgage: May 22, 2008
    i.    Name of mortgagor: 6770 N. Clark, LLC
    j.    Name of mortgagee:

        i.    Original Mortgagee: Midwest Bank and Trust Company
        ii.    Current Mortgagee: FirstMerit Bank, N.A.
        iii.    Current Loan Servicer: n/a

    k.    Date and place of initial recording: May 29, 2008, Cook County Recorder
    l.    Identification of recording of mortgage: 0815040157
    m.    Estate conveyed: Mortgage of Fee Simple Interest
    n.    Amount of original principal indebtedness, including subsequent advances made under the mortgage: $2,910,000.00
    o.    Legal description of secured Property:

    LOTS 9 TO 13, BOTH INCLUSIVE, IN MANN'S ADDITION TO ROGERS PARK, BEING A SUBDIVISION IN THE NORTH 1/3 OF THE NORTHEAST 1/4 OF THE EAST 1/2 OF THE SOUTHEAST 1/3 OF SECTION 31, TOWNSHIP 41 NORTH, RANGE 14, EAT OF THE THIRD PRINCIPAL MERIDIAN, LYING EAST OF CLARK STREET, IN COOK COUNTY, ILLINOIS

    Property Index Number: 11-31-408-001-0000

    Common Address: 1673 W. Pratt, Chicago, Illinois 60626

    p.    Statements as to defaults and amounts now due:

    Plaintiff expressly incorporates herein by reference the Events of Default in Paragraphs 43 and 44 of this Complaint.
    The amounts due as of December 19, 2012 are:

| | | |
|---|---|---|
| i. | Total Principal: | $ 18,923,643.68 |
| | A. 7645 Sheridan Note: | 5,349,635.26 |
| | B. 4526 Sheridan Note: | 3,500,376.59 |
| | C. Clark Note: | 2,753,430.66 |

|  |  |  |  |
|---|---|---|---|
|  | D. Lawrence Note: | | 6,485,380.21 |
|  | E. S&H February Note: | | 570,807.31 |
|  | F. S&H September Note: | | 264,013.65 |

| ii. | Total Interest: | $907,212.34 |
|---|---|---|
|  | A. 7645 Sheridan Note: | 293,890.46 |
|  | B. 4526 Sheridan Note: | 159,400.69 |
|  | C. Clark Note: | 125,386.08 |
|  | D. Lawrence Note: | 266,536.02 |
|  | E. S&H February Note: | 42,359.14 |
|  | F. S&H September Note: | 19,639.95 |

| iii. | Total Late Fees: | $210,765.34 |
|---|---|---|
|  | A. 7645 Sheridan Note: | 56,544.46 |
|  | B. 4526 Sheridan Note: | 28,627.83 |
|  | C. Clark Note: | 20,662.66 |
|  | D. Lawrence Note: | 59,787.94 |
|  | E. S&H February Note: | 30,867.62 |
|  | F. S&H September Note: | 14,274.83 |

| iv. | Total Advances for Real Estate Taxes: | $310,525.72 |
|---|---|---|
|  | A. 7645 Sheridan Note: | 104,127.26 |
|  | B. 4526 Sheridan Note: | 28,932.53 |
|  | C. Clark Note: | 71,701.91 |
|  | D. Lawrence Note: | 94,045.29 |
|  | E. S&H February Note: | 11,673.71 |
|  | F. S&H September Note: | 45.02 |

| v. | Total Forced Place Insurance: | $171,239.76 |
|---|---|---|
|  | A. 7645 Sheridan Property: | 27,513.00 |
|  | B. 4526 Sheridan Property: | 27,800.00 |
|  | C. Clark Property | 27,648.00 |
|  | D. Lawrence Property: | 88,278.76 |

| vi. | Total Receivership Fees | $300,228.97 |
|---|---|---|
|  | A. 7645 Sheridan Property: | 52,845.39 |
|  | B. 4526 Sheridan Property: | 18,969.25 |
|  | C. Clark Property: | 4,637.50 |
|  | D. Lawrence Property: | 187,488.20 |
|  | E. S&H February Property: | 27,341.55 |
|  | F. S&H September Property | 8,947.08 |

| vii. | Total Other Fees (Appraisal, Title, etc.): | 45,675.08 |
|---|---|---|
|  | A. 7645 Sheridan Property: | 8,293.60 |
|  | B. 4526 Sheridan Property: | 7,773.00 |
|  | C. Clark Property: | 8,418.44 |
|  | D. Lawrence Property: | 11,733.11 |
|  | E. S&H February Property: | 9,106.93 |
|  | F. S&H September Property: | 350.00 |

| viii. | Legal Fees | 131,362.48 |
|---|---|---|
| | A. 7645 Sheridan Note: | 34,780.24 |
| | B. 4526 Sheridan Note: | 16,417.81 |
| | C. Clark Note: | 15,243.11 |
| | D. Lawrence Note: | 32,460.66 |
| | E. S&H February Note: | 25,098.71 |
| | F. S&H September Note: | 7,361.95 |

| ix. | Total due: | $ 21,000,653.37 |
|---|---|---|

| x. | Statement as to per diem interest accruing at the default rate after default: | |
|---|---|---|
| | A. 7645 Sheridan Note: | |
| | B. 4526 Sheridan Note: | $947.33 |
| | C. Clark Note: | 534.78 |
| | D. Lawrence Note: | 420.66 |
| | E. S&H February Note: | 990.82 |
| | F. S&H September Note: | 103.06 |
| | | 47.67 |

q.   Name of present owner(s) of the Clark Property:  Clark Borrower.

r.   Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

   i.   City, under and by virtue of the following liens:

      A.   Judgment Lien in the amount of $1,075.00, recorded September 28, 2009, as document number 0927126381.

      B.   Judgment Lien in the amount of $6,040.00, recorded October 8, 2010, as document number 1028111077.

      C.   Judgment Lien in the amount of $1,040.00, recorded January 19, 2011, as document number 1101912338.

      D.   Judgment Lien in the amount of $1,540.00, recorded April 20, 2011, as document number 1111012121.

   ii.   SSM, under and by virtue of the following:

      A.   Claim for lien in the amount of $37,138.50, recorded April 8, 2011, as document number 1109844095.

      B.   Claim for a lien in the amount of $8,399.00, recorded April 23, 2012, as document number 121146005.

s.   Names of persons claimed to be personally liable for deficiency:

   i.   7645 Sheridan Borrower.
   ii.   4526 Sheridan Borrower.

       iii.     Clark Borrower.
       iv.     Lawrence Borrower.
       v.     S&H Borrower.
       vi.     Sam.
       vii.     Hodo.

t.      Capacity in which FirstMerit brings this suit: As the owner and legal holder of, inter alia, the Clark Mortgage.

u.      Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the Clark Mortgage. P. Facts in support of waiver right of redemption period:

Pursuant to the terms of the Clark Mortgage, the right of redemption has been waived.

v.      Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the Clark Mortgage and Note, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the Clark Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

w.      Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

x.      FirstMerit does not at this time offer to the Clark Borrower, in accordance with Section 15-1402, to accept title to the Clark Property in satisfaction of all indebtedness and obligations secured by the Clark Mortgage without judicial sale.

y.      Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Clark Borrower, by virtue of its interest as owner of record.

**<u>ANSWER:</u>**    For his answer to subsections (a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and

(r) of Paragraph 63 of Count IV of the Second Amended Complaint, Hodo admits the allegations

therein.  For his answer to subsections (m) and (q) of Paragraph 63 of Count IV of the Second

Amended Complaint, Hodo denies the allegations therein. For his answer to subsections (j), (l), (n), (o), (p), (s) and (t) to Paragraph 63 of Count IV of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 63 of Count IV of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT V

64. FirstMerit realleges and incorporates by references paragraphs 1 through 47 as if fully set forth herein as paragraph 64 [sic].

**ANSWER:** For their answer to Paragraph 64 of Count V of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

65. FirstMerit files this Count V pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Lawrence Mortgage, and in connection therewith joins the following as defendants:

       a.     7645 Sheridan Borrower.
       b.     4526 Sheridan Borrower.
       c.     Clark Borrower.
       d.     Lawrence Borrower.
       e.     S&H Borrower.
       f.     City.
       g.     SSM.
       h.     AEP Energy.

**ANSWER:** For their answer to Paragraph 65 of Count V of the Second Amended Complaint, Defendants admit that Plaintiff has joined the persons/entities enumerated therein as parties defendant hereto. Further answering, Defendants state that they are without sufficient

knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 65 of Count V of the Second Amended Complaint and, therefore, neither admit nor deny the same but demand strict proof thereof.

66.     Attached to this Complaint and incorporated herein by reference are the following exhibits related to the Lawrence Loan, which are true and correct copies of the originals:

a.     Exhibit 29 is a true copy of the Lawrence Note.
b.     Exhibit 30 is a true copy of the Lawrence Mortgage.
c.     Exhibit 31 is a true copy of the Lawrence Allonge.
d.     Exhibit 32 is a true copy of the Lawrence Assignment.
e.     Exhibit 33 is a true copy of the guaranty of Sam.
f.     Exhibit 34 is a true copy of the guaranty of Hodo.

**ANSWER:**     For his answer to Paragraph 66 of Count V of the Second Amended Complaint, Hodo admits that copies of the Lawrence Note," "Lawrence Mortgage," and a guaranty executed by him are attached as exhibits to the Second Amended Complaint.  To the extent that those documents conflict with the allegations of Paragraph 66 of Count V of the Second Amended Complaint, Hodo denies those allegations  Further answering, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 66 of Count V of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

67.     Information concerning the Lawrence Mortgage is as follows:

a.     Nature of Instrument: Mortgage
b.     Date of Mortgage: May 28, 2008
c.     Name of mortgagor: Lawrence House, LLC
d.     Name of mortgagee:

i.     Original Mortgagee: Midwest Bank and Trust Company
ii.     Current Mortgagee: FirstMerit Bank, N.A.
iii.     Current Loan Servicer: n/a

e.     Date and place of initial recording: June 5, 2008, Cook County Recorder
f.     Identification of recording of mortgage: 0815705193
g.     Estate conveyed: Mortgage of Fee Simple Interest

h.  Amount of original principal indebtedness, including subsequent advances made under the mortgage: $6,956,000.00

i.  Legal description of secured Property:

LOTS 25, 26, AND 27 IN SNOW & DICKERSON'S SUBDIVISION OF THE SOUTH 20 ACRES OF THE SOUTHEAST FRACTIONAL 1/4 OF SECTION 8, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Property Index Number: 14-08-416-030-0000

Common Address: 1020 W. Lawrence Avenue, Chicago, Illinois 60640

j.  Statements as to defaults and amounts now due:

Plaintiff expressly incorporates herein by reference the Events of Default alleged in Paragraphs 43 and 44 of this Complaint.

The amounts due as of December 19, 2012 are:

| | | |
|---|---|---:|
| i. | Total Principal: | $ 18,923,643.68 |
| | A. 7645 Sheridan Note: | 5,349,635.26 |
| | B. 4526 Sheridan Note: | 3,500,376.59 |
| | C. Clark Note: | 2,753,430.66 |
| | D. Lawrence Note: | 6,485,380.21 |
| | E. S&H February Note: | 570,807.31 |
| | F. S&H September Note: | 264,013.65 |
| ii. | Total Interest: | $907,212.34 |
| | A. 7645 Sheridan Note: | 293,890.46 |
| | B. 4526 Sheridan Note: | 159,400.69 |
| | C. Clark Note: | 125,386.08 |
| | D. Lawrence Note: | 266,536.02 |
| | E. S&H February Note: | 42,359.14 |
| | F. S&H September Note: | 19,639.95 |
| iii. | Total Late Fees: | $210,765.34 |
| | A. 7645 Sheridan Note: | 56,544.46 |
| | B. 4526 Sheridan Note: | 28,627.83 |
| | C. Clark Note: | 20,662.66 |
| | D. Lawrence Note: | 59,787.94 |
| | E. S&H February Note: | 30,867.62 |
| | F. S&H September Note: | 14,274.83 |
| iv. | Total Advances for Real Estate Taxes: | $310,525.72 |
| | A. 7645 Sheridan Note: | 104,127.26 |
| | B. 4526 Sheridan Note: | 28,932.53 |
| | C. Clark Note: | 71,701.91 |
| | D. Lawrence Note: | 94,045.29 |
| | E. S&H February Note: | 11,673.71 |
| | F. S&H September Note: | 45.02 |

| | | |
|---|---|---:|
| v. | Total Forced Place Insurance: | $171,239.76 |
| | A. 7645 Sheridan Property: | 27,513.00 |
| | B. 4526 Sheridan Property: | 27,800.00 |
| | C. Clark Property | 27,648.00 |
| | D. Lawrence Property: | 88,278.76 |
| | | |
| vi. | Total Receivership Fees | $300,228.97 |
| | A. 7645 Sheridan Property: | 52,845.39 |
| | B. 4526 Sheridan Property: | 18,969.25 |
| | C. Clark Property: | 4,637.50 |
| | D. Lawrence Property: | 187,488.20 |
| | E. S&H February Property: | 27,341.55 |
| | F. S&H September Property | 8,947.08 |
| | | |
| vii. | Total Other Fees (Appraisal, Title, etc.): | 45,675.08 |
| | A. 7645 Sheridan Property: | 8,293.60 |
| | B. 4526 Sheridan Property: | 7,773.00 |
| | C. Clark Property: | 8,418.44 |
| | D. Lawrence Property: | 11,733.11 |
| | E. S&H February Property: | 9,106.93 |
| | F. S&H September Property: | 350.00 |
| | | |
| viii. | Legal Fees | 131,362.48 |
| | A. 7645 Sheridan Note: | 34,780.24 |
| | B. 4526 Sheridan Note: | 16,417.81 |
| | C. Clark Note: | 15,243.11 |
| | D. Lawrence Note: | 32,460.66 |
| | E. S&H February Note: | 25,098.71 |
| | F. S&H September Note: | 7,361.95 |
| | | |
| ix. | Total due: | $ 21,000,653.37 |
| | | |
| x. | Statement as to per diem interest accruing at the default rate after default: | |
| | A. 7645 Sheridan Note: | $947.33 |
| | B. 4526 Sheridan Note: | 534.78 |
| | C. Clark Note: | 420.66 |
| | D. Lawrence Note: | 990.82 |
| | E. S&H February Note: | 103.06 |
| | F. S&H September Note: | 47.67 |

k.   Name of present owner(s) of the Lawrence Property: Lawrence Borrower.

l.   Names of additional defendants whose interest in or lien on the Property is sought to be terminated:

    i.   City, under and by virtue of the following liens:

<ol type="A" start="1">
<li>Judgment Lien in the amount of $5,075.00, recorded June 12, 2009, as document number 0916341081.</li>
<li>Judgment Lien in the amount of $2,540.00, recorded August 5, 2010, as document number 1021726] 32.</li>
<li>Judgment Lien in the amount of $1,040.00, recorded March 8, 2011, as document number 1106711147.</li>
<li>Judgment Lien in the amount of $575.00, as document number 1223326050.</li>
<li>Judgment Lien in the amount of $1,040.00, as document number 1230341120.</li>
</ol>

    ii.    Mid-American, under and by virtue of a claim of mechanic's lien in the amount of $6,591.50, recorded November 18, 2011, as document number 1132255018.

    iii.    Blue Star Energy, under and by virtue of a judgment lien in the amount of $51,250.20, recorded as document number 122076110.

m.    Names of persons claimed to be personally liable for deficiency:

    i.    7645 Sheridan Borrower.
    ii.    4526 Lawrence Borrower.
    iii.    Clark Borrower.
    iv.    Lawrence Borrower.
    v.    S&H Borrower
    vi.    Sam.
    vii.    Hodo.

n.    Capacity in which FirstMerit brings this suit: As the legal holder of the indebtedness and owner of the Lawrence Mortgage.

o.    Facts in support of shortened redemption period:

FirstMerit does not at this time request that the redemption period be shortened because it has been waived in the Lawrence Mortgage.

p.    Facts in support of waiver right of redemption period:

Pursuant to the terms of the Lawrence Mortgage, the right of redemption has been waived.

q.    Facts in support of request for attorneys' fees, costs and expenses:

Pursuant to the terms of the Lawrence Mortgage and Note, FirstMerit is entitled to recover all expenses of collection it incurs including, but not limited to, attorney's fees and costs. FirstMerit has been required to retain counsel for prosecution of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs, and other expenses which should be added to the balance secured by the Lawrence

Mortgage to allow FirstMerit to recover such attorneys' fees, court costs, title insurance or abstract costs and other expenses.

r.     Facts in support of a request for appointment of a receiver, and the identity of such receiver, if sought:

Receiver presently appointed.

s.     FirstMerit does not at this time offer to the Lawrence Borrower, in accordance with Section 15-1402, to accept title to the Lawrence Property in satisfaction of all indebtedness and obligations secured by the Lawrence Mortgage without judicial sale.

t.     Name or Names of Defendants whose right to possess the mortgaged real estate, after the confirmation of the foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Lawrence Borrower, by virtue of its interest as owner of record.

**ANSWER:**     For his answer to subsections (a), (b), (c), (d), (e), (f), (g), (h), (i), (k) and (r) of Paragraph 67 of Count V of the Second Amended Complaint, Hodo admits the allegations therein.  For his answer to subsections (m) and (q) of Paragraph 67 of Count V of the Second Amended Complaint, Hodo denies the allegations therein.  For his answer to subsections (j), (l), (n), (o), (p), (s) and (t) to Paragraph 67 of Count V of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 67 of Count V of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT VI

68.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 68 [sic].

**ANSWER:**   For their answer to Paragraph 68 of Count VI of the Second Amended Complaint, Defendants realleges and incorporates by reference its answers to Paragraphs 1-47 of its Verified Answer to the Second Amended Complaint as if fully set forth herein.

69.   By reason of the foregoing, as of December 19, 2012, the 7645 Sheridan Borrower is indebted to FirstMerit in the following amount:

|   |   |   |
|---|---|---|
| a. | Principal Balance: | $ 5,349,635.26 |
| b. | Interest: | 293,890.46 |
| c. | Late Fees: | 56,544.46 |
| d. | Real Estate Taxes: | 104,127.26 |
| e. | Insurance: | 27,513.00 |
| f. | Receivership Fees: | 52,845.39 |
| g. | Appraisal and Other Fees: | 8,293.60 |
| h. | Legal Fees: | 34,780.24 |
|   | Total Due as of December 19, 2012: | $ 5,927,629.67 |

**ANSWER:**   For their answer to Paragraph 69 of Count VI of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

70.   Interest on the 7645 Sheridan Note is accruing at $947.33 per diem.

**ANSWER:**   For their answer to Paragraph 70 of Count VI of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

**COUNT VII**

71.   FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 71 [sic].

**ANSWER:**   For their answer to Paragraph 71 of Count VII of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

72.     By reason of the foregoing, as of December 19, 2012, the 4526 Sheridan Borrower is indebted to FirstMerit in the following amount:

|     |                           |                |
| --- | ------------------------- | -------------- |
| a.  | Principal Balance:        | $ 3,500,376.59 |
| b.  | Interest:                 | 159,400.69     |
| c.  | Late Fees:                | 28,672.83      |
| d.  | Real Estate Taxes:        | 28,932.53      |
| e.  | Insurance:                | 27,800.00      |
| f   | Receivership Fees:        | 18,969.25      |
| g.  | Title and Other Fees:     | 7,773.00       |
| h.  | Legal Fees:               | 16,417.81      |
|     | Total Due as of January 20, 2012: | $ 3,788,342.70 |

**ANSWER:**     For their answer to Paragraph 72 of Count VII of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

73.     Interest on the 4526 Sheridan Note is accruing at $534.78 per diem.

**ANSWER:**     For their answer to Paragraph 73 of Count VII of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

## COUNT VIII

74.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 74 [sic].

**ANSWER:**     For their answer to Paragraph 74 of Count VIII of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

75.     By reason of the foregoing, as of December 19, 2012, the Clark Borrower is indebted to FirstMerit in the following amount:

|     |                    |                |
| --- | ------------------ | -------------- |
| a.  | Principal Balance: | $ 2,753,430.66 |
| b.  | Interest:          | 125,386.08     |

| | | |
|---|---|---|
| c. Late Fees: | | 20,662.66 |
| d. Real Estate Taxes: | | 71,701.91 |
| e. Insurance: | | 27,648.00 |
| f. Receivership Fees: | | 4,637.50 |
| g. Title and Other Fees: | | 8,418.44 |
| h. Legal Fees: | | 15,243.11 |
| Total Due as of January 20, 2012: | | $ 3,027,128.36 |

**ANSWER:**  For their answer to Paragraph 75 of Count VIII of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

76.    Interest on the Clark Note is accruing at $420.66 per diem.

**ANSWER:**  For their answer to Paragraph 76 of Count VIII of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

## COUNT IX

77.    FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 77 [sic].

**ANSWER:**  For their answer to Paragraph 77 of Count IX of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

78.    By reason of the foregoing, as of December 19, 2012, the Lawrence Borrower is indebted to FirstMerit in the following amount:

| | | |
|---|---|---|
| a. Principal Balance: | | $ 6,485,380.21 |
| b. Interest: | | 59,787.94 |
| c. Late Fees: | | 266,536.02 |
| d. Insurance: | | 88,278.76 |
| f. Receivership Fees: | | 187,488.20 |
| g. Title and Other Fees: | | 11,733.11 |
| h. Legal Fees: | | 32,460.66 |

Total Due as of January 20, 2012: $ 7,225,710.19

**ANSWER:**     For their answer to Paragraph 78 of Count IX of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

79.     Interest on the Lawrence Note is accruing at $990.82 per diem.

**ANSWER:**     For their answer to Paragraph 79 of Count IX of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

## COUNT X

80.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 80 [sic].

**ANSWER:**     For their answer to Paragraph 80 of Count X of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

81.     Attached to this Complaint and incorporated herein by reference are the following exhibits related to the S&H February Loan, which are true and correct copies of the originals:

    a.     Exhibit 35 is a true copy of the February 4, 2008 S&H February Note.
    b.     Exhibit 36 is a true copy of the February 4, 2009 S&H February Note.
    c.     Exhibit 37 is a true copy of the August 4, 2009 S&H February Note.
    d.     Exhibit 38 is a true copy of the S&H February Allonge.

**ANSWER:**     For his answer to Paragraph 81 of Count X of the Second Amended Complaint, Tefik admits that copies of the "February 4, 2008 S&H February Note," "February 4, 2009 S&H February Note," and "August 4, 2009 S&H February Note" are attached as exhibits to the Second Amended Complaint.   To the extent that those documents conflict with the

allegations of Paragraph 81 of Count X of the Second Amended Complaint, Tefik denies those allegations. Further answering, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 81 of Count X of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 81 of Count X of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

82. By reason of the foregoing, as of December 19, 2012, the S&H Borrower is indebted to FirstMerit in the following amount:

|   |   |   |
|---|---|---|
| a. | Principal Balance: | 570,807.31 |
| b. | Interest: | 42,359.14 |
| c. | Late Fees: | 30,867.62 |
| d. | Real Estate Taxes: | 11,673.71 |
| e. | Receivership Fees: | 27,341.55 |
| f. | Title and Other Fees: | 9,106.93 |
| g. | Legal Fees: | 25,098.71 |
|   | Total Due as of December 19, 1012: | 717,254.97 |

**ANSWER:** For their answer to Paragraph 82 of Count X of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

83. Interest on the S&H February Note is accruing at 103.06 per diem.

**ANSWER:** For their answer to Paragraph 83 of Count X of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the

truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

## COUNT XI

84.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as Paragraph 84 [sic].

**ANSWER:**     For their answer to Paragraph 84 of Count XI of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

85.     Attached to this Complaint and incorporated herein by reference are the following exhibits related to the S&H September Loan, which are true and correct copies of the originals:

  a.     Exhibit 39 is a true copy of the September 3, 2008 S&H September Note.
  b.     Exhibit 40 is a true copy of the September 3, 2009 S&H September Note.
  c.     Exhibit 41 is a true copy of the S&H September Allonge.

**ANSWER:**     For his answer to Paragraph 85 of Count XI of the Second Amended Complaint, Tefik admits that copies of the "September 3, 2008 S&H September Note," and "September 3, 2009 S&H September Note," are attached as exhibits to the Second Amended Complaint.  To the extent that those documents conflict with the allegations of Paragraph 85 of Count XI of the Second Amended Complaint, Tefik denies those allegations.  Further answering, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 85 of Count XI of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 85 of Count XI of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

86. By reason of the foregoing, as of December 19, 2012, the S&H Borrower is indebted to FirstMerit in the following amount:

| | | | |
|---|---|---|---|
| a. | Principal Balance: | $ | 264,013.65 |
| b. | Interest: | | 19,639.95 |
| c. | Late Fees: | | 14,274.83 |
| d. | Real Estate Taxes: | | 45.02 |
| e. | Receivership Fees: | | 8,947.08 |
| f. | Title and Other Fees: | | 350.00 |
| g. | Legal Fees: | | 7,361.95 |
| | Total Due as of December 19, 2012 | $ | 314,632.48 |

**ANSWER:** For their answer to Paragraph 86 of Count XI of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

87. Interest on the S&H September Note is accruing at 47.67 per diem.

**ANSWER:** For their answer to Paragraph 87 of Count XI of the Second Amended Complaint, Defendants state that they are without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admit nor deny the same but demand strict proof thereof.

## COUNT XII

88. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 69 through 70, of this Complaint as Paragraph 88 [sic].

**ANSWER:** For their answer to Paragraph 88 of Count XII of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-4 and 69-70 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

89. As consideration for FirstMerit's agreement to extend credit to the 7645 Sheridan Borrower, the 7645 Sheridan Guarantors unconditionally agreed to pay all amounts due FirstMerit by the 7645 Sheridan Borrower in connection with the 7645 Sheridan Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:** For his answer to Paragraph 89 of Count XII of the Second Amended Complaint, Tefik states that the allegations therein set forth a legal conclusion to which no answer is required. To the extent that those allegations misstate applicable law, Tefik denies those allegations.

For his answer to Paragraph 89 of Count XII of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

90.     After the 7645 Sheridan Borrower's default under the 7645 Sheridan Note, the 7645 Sheridan Guarantors have made no payment on behalf of the 7645 Sheridan Borrower to satisfy the balance due FirstMerit under the 7645 Sheridan Note.

**ANSWER:** For his answer to Paragraph 90 of Count XII of the Second Amended Complaint, Tefik denies that no payments have been made to Plaintiff after "7645 Sheridan Borrower's" alleged default under the "7645 Sheridan Note."

For his answer to paragraph 90 of Count XII of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

91.     Based upon the foregoing, the 7645 Sheridan Guarantors are in breach of their obligations under the 7645 Sheridan Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $5,927,629.67.

**ANSWER:** For his answer to Paragraph 91 of Count XII of the Second Amended Complaint, Tefik denies that Plaintiff is entitled to recover any sums from him. Further answering, Tefik states that the allegations as to whether he is in breach of any obligations under the "7645 Sheridan Guaranty" executed by him set forth a legal conclusion to which no answer is

required. To the extent that such allegations misstate applicable law, Tefik denies those allegations. Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 91 of Count XII of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to paragraph 91 of Count XII of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT XIII

92. FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 72 through 73 of this Complaint, as Paragraph 92 [sic].

**ANSWER:** For their answer to Paragraph 92 of Count XIII of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 and 72-73 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

93. As consideration for FirstMerit's agreement to extend credit to the 4526 Sheridan Borrower, the 4526 Sheridan Guarantors unconditionally agreed to pay all amounts due FirstMerit by the 4526 Sheridan Borrower in connection with the 4526 Sheridan Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:** For their answer to Paragraph 93 of Count XIII of the Second Amended Complaint, Hodo states that the allegations therein set forth a legal conclusion to which no answer is required. To the extent that those allegations misstate applicable law, Hodo denies those allegations.

For his answer to Paragraph 93 of Count XIII of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the

allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

94.     After the 4526 Sheridan Borrower's default under the 4526 Sheridan Note, the 4526 Sheridan Guarantors have made no payment on behalf of the 4526 Sheridan Borrower to satisfy the balance due FirstMerit under the 4526 Sheridan Note.

**ANSWER:**     For his answer to Paragraph 94 of Count XIII of the Second Amended Complaint, Hodo denies that no payments have been made to Plaintiff after "4526 Sheridan Borrower's" alleged default under the "4526 Sheridan Note."

For his answer to paragraph 94 of Count XIII of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

95.     Based upon the foregoing, the 4526 Sheridan Guarantors are in breach of the obligations under the 4526 Sheridan Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $3,788,342.70.

**ANSWER:**     For his answer to Paragraph 95 of Count XIII of the Second Amended Complaint, Hodo denies that Plaintiff is entitled to recover any sums from him.  Further answering, Hodo states that the allegations as to whether he is in breach of any obligations under the "4526 Sheridan Guaranty" executed by him set forth a legal conclusion to which no answer is required.  To the extent that such allegations misstate applicable law, Hodo denies those allegations.  Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 95 of Count XIII of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 95 of Count XIII of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT XIV

96.     FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 75 through 76, of this Complaint as Paragraph 96 [sic].

**ANSWER:**     For their answer to Paragraph 96 of Count XIV of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 and 75-76 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

97.     As consideration for FirstMerit's agreement to extend credit to the Clark Borrower, the Clark Guarantors unconditionally agreed to pay all amounts due FirstMerit by the Clark Borrower in connection with the Clark Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:**     For his answer to Paragraph 97 of Count XIV of the Second Amended Complaint, Hodo states that the allegations therein set forth a legal conclusion to which no answer is required.  To the extent that those allegations misstate applicable law, Hodo denies those allegations.

For his answer to Paragraph 97 of Count XIV of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

98.     After the Clark Borrower's default under the Clark Note, the Clark Guarantors have made no payment on behalf of the Clark Borrower to satisfy the balance due FirstMerit under the Clark Note.

**ANSWER:**    For his answer to Paragraph 98 of Count XIV of the Second Amended Complaint, Hodo denies that no payments have been made to Plaintiff after "Clark Borrower's" alleged default under the "Clark Note."

For his answer to paragraph 98 of Count XIV of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

99.    Based upon the foregoing, the Clark Guarantors are in breach of their obligations under the Clark Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $3,027,128.36.

**ANSWER:**    For his answer to Paragraph 99 of Count XIV of the Second Amended Complaint, Hodo denies that Plaintiff is entitled to recover any sums from him.  Further answering, Hodo states that the allegations as to whether he is in breach of any obligations under the "Clark Guaranty" executed by him set forth a legal conclusion to which no answer is required.  To the extent that such allegations misstate applicable law, Hodo denies those allegations.  Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 99 of Count XIV of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to paragraph 99 of Count XIV of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

100.    FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 78 through 79 of this Complaint, as Paragraph 100 [sic].

**ANSWER:**    For their answer to Paragraph 100 of Count XV of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 and 78-79 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

101.    As consideration for FirstMerit's agreement to extend credit to the Lawrence Borrower on May 28, 2008, the Lawrence Guarantors unconditionally agreed to pay all amounts due FirstMerit by the Lawrence Borrower in connection with the Lawrence Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:**    For his answer to Paragraph 101 of Count XV of the Second Amended Complaint, Hodo states that the allegations therein set forth a legal conclusion to which no answer is required.  To the extent that those allegations misstate applicable law, Hodo denies those allegations.

For his answer to Paragraph 101 of Count XV of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

102.    After the Lawrence Borrower's default under the Lawrence Note, the Lawrence Guarantors have made no payment on behalf of the Lawrence Borrower to satisfy the balance due FirstMerit under the Lawrence Note.

**ANSWER:**    For his answer to Paragraph 102 of Count XV of the Second Amended Complaint, Hodo denies that no payments have been made to Plaintiff after "Lawrence Borrower's" alleged default under the "Lawrence Note."

For his answer to paragraph 102 of Count XV of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the

allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

103.    Based upon the foregoing, the Lawrence Guarantors are in breach of the obligations under the Lawrence Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $7,225,710.19.

**ANSWER:**    For his answer to Paragraph 103 of Count XV of the Second Amended Complaint, Hodo denies that Plaintiff is entitled to recover any sums from him.  Further answering, Hodo states that the allegations as to whether he is in breach of any obligations under the "4526 Sheridan Guaranty" executed by him set forth a legal conclusion to which no answer is required.  To the extent that such allegations misstate applicable law, Hodo denies those allegations.  Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 103 of Count XV of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to paragraph 103 of Count XV of the Second Amended Complaint, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT XVI

104.    FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 82 through 83 of this Complaint, as Paragraph 104 [sic].

**ANSWER:**    For their answer to Paragraph 104 of Count XVI of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 and 82-83 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

105.    Attached to this Complaint and incorporated by reference are the following exhibits related to the S&H February Guaranties, which are true and correct copies of the originals:

       a.      Exhibit 42 is a true and accurate copy of the guaranty of Tefik.
       b.      Exhibit 43 is a true and accurate copy of the guaranty of Burim.
       c.      Exhibit 44 is a true and accurate copy of the guaranty of Pullump.

**ANSWER:**    For his answer to Paragraph 105 of Count XVI of the Second Amended Complaint, Tefik admits that a copy of a guaranty executed by him is attached as an exhibit to the Second Amended Complaint.  To the extent that that document conflicts with the allegations of Paragraph 105 of Count XVI of the Second Amended Complaint, Tefik denies those allegations.  Further answering, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 105 of Count XVI of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

106.    As consideration for FirstMerit's agreement to extend credit to the S&H Borrower, the S&H February Guarantors unconditionally agreed to pay all amounts due FirstMerit by the S&H February Borrower in connection with the S&H February Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:**    For his answer to Paragraph 106 of Count XVI of the Second Amended Complaint, Tefik states that the allegations therein constitute a legal conclusion to which no answer is required.  To the extent that those allegations misstate applicable law, Tefik denies those allegations.

For his answer to Paragraph 106 of Count XVI of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the

allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

107. After the S&H Borrower's default under the S&H February Note, the S&H. February Guarantors have made no payment on behalf of the S&H February Borrower to satisfy the balance due FirstMerit under the S&H February Note.

**ANSWER:** For his answer to Paragraph 107 of Count XVI of the Second Amended Complaint, Tefik denies that no payments have been made to Plaintiff after "S&H Borrower's" alleged default under the "S&H February Note."

For his answer to paragraph 107 of Count XVI of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

108. Based upon the foregoing, the S&H February Guarantors are in breach of their obligations under the S&H February Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $717,254.97.

**ANSWER:** For his answer to Paragraph 108 of Count XVI of the Second Amended Complaint, Tefik denies that Plaintiff is entitled to recover any sums from him. Further answering, Tefik states that the allegations as to whether he is in breach of any obligations under the "S&H February Guaranty" executed by him set forth a legal conclusion to which no answer is required. To the extent that such allegations misstate applicable law, Tefik denies those allegations. Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 108 of Count XVI of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to paragraph 108 of Count XVI of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

## COUNT XVII

109.    FirstMerit restates, re-alleges and incorporates by reference Paragraphs 1 through 47, and 86 through 87 of this Complaint as Paragraph 109 [sic].

**ANSWER:**    For their answer to Paragraph 109 of Count XVII of the Second Amended Complaint, Defendants reallege and incorporate by reference their answers to Paragraphs 1-47 and 86-87 of their Verified Answer to the Second Amended Complaint as if fully set forth herein.

110.    Attached to this Complaint and incorporated by reference are the following exhibits related to the S&H September Guaranties, which are true and correct copies of the originals:

      a.    Exhibit 45 is a true and accurate copy of the guaranty of Tefik.
      b.    Exhibit 46 is a true and accurate copy of the guaranty of Burim.
      c.    Exhibit 47 is a true and accurate copy of the guaranty of Pullump.

**ANSWER:**    For his answer to Paragraph 110 of Count XVII of the Second Amended Complaint, Tefik admits that a copy of a guaranty executed by him is attached as an exhibit to the Second Amended Complaint.  To the extent that that document conflicts with the allegations of Paragraph 110 of Count XVII of the Second Amended Complaint, Tefik denies those allegations.  Further answering, Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 110 of Count XVII of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of

the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

111. As consideration for FirstMerit's agreement to extend credit to the S&H Borrower on September 3, 2008, the S&H September Guarantors unconditionally agreed to pay all amounts due FirstMerit by the S&H September Borrower in connection with the S&H September Note, including FirstMerit's attorney's fees and costs incurred in enforcing its rights thereunder.

**ANSWER:** For his answer to Paragraph 111 of Count XVII of the Second Amended Complaint, Tefik states that the allegations therein constitute a legal conclusion to which no answer is required. To the extent that those allegations misstate applicable law, Tefik denies those allegations.

For his answer to Paragraph 111 of Count XVII of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

112. After the S&H Borrower's default under the S&H September Note, the S&H September Guarantors have made no payment on behalf of the S&H Borrower to satisfy the balance due FirstMerit under the September Note.

**ANSWER:** For his answer to Paragraph 112 of Count XVII of the Second Amended Complaint, Tefik denies that no payments have been made to Plaintiff after "S&H Borrower's" alleged default under the "S&H September Note."

For his answer to paragraph 112 of Count XVII of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

113. Based upon the foregoing, the S&H September Guarantors are breach of their obligations under the S&H September Guaranties, and FirstMerit is entitled to recover from them, after credit for all payments received by FirstMerit, as of December 19, 2012, the amount of $314,632.48.

**ANSWER:**  For his answer to Paragraph 113 of Count XVII of the Second Amended Complaint, Tefik denies that Plaintiff is entitled to recover any sums from him.  Further answering, Tefik states that the allegations as to whether he is in breach of any obligations under the "S&H September Guaranty" executed by him set forth a legal conclusion to which no answer is required.  To the extent that such allegations misstate applicable law, Tefik denies those allegations.  Tefik states that he is without sufficient knowledge to form a belief as to the truth and falsity of the remaining allegations contained in Paragraph 113 of Count XVII of the Second Amended Complaint and, therefore, neither admits nor denies the same but demands strict proof thereof.

For his answer to Paragraph 113 of Count XVII of the Second Amended Complaint, Hodo states that he is without sufficient knowledge to form a belief as to the truth and falsity of the allegations contained therein and, therefore, neither admits nor denies the same but demands strict proof thereof.

WHEREFORE, Defendants Hodo Menetti and Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, pray that this Court enter judgment in their favor and against Plaintiff on the Second Amended Complaint, and award such other and further relief as this Court deems reasonable and just.

## AFFIRMATIVE DEFENSE
### (Forgery)

1. Neither Hodo nor Tefik signed the document entitled "Loan Document Modification and Cross-Collateralization and Cross-Default Agreement" (the "Purported Agreement") attached as Exhibit 1 to the Second Amended Complaint.

2.      Hodo and Tefik did not give anyone authorization to sign their respective names on the Purported Agreement or otherwise agree to be bound the terms thereof.

3.      Hodo's and Tefik's signatures on the Purported Agreement were the result of forgeries.

4.      Therefore, the Purported Agreement is void and unenforceable as against Hodo and Tefik.

WHEREFORE, Defendants Hodo Menetti and Tefik H. Mehmeti, a/k/a Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, pray that this Court enter judgment in its favor and against Plaintiff on the Second Amended Complaint, and award such other and further relief as this Court deems reasonable and just.

Respectfully submitted,

HODO MENETTI and TEFIK H. MEHMETI a/k/a
TEFIK H. MENETTI, individually and as Trustee
of the Tefik Menetti 2007 Irrevocable Trust


By:  /s/ Kimberly A. Doucas

Vincent T. Borst (ARDC # 6192904)
Diana Psarras (ARDC # 6283780)
Kimberly A. Doucas (ARDC # 6283992)
ROBBINS, SALOMON & PATT, LTD.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000
vborst@rsplaw.com
dpsarras@rsplaw.com
kdoucas@rsplaw.com

STATE OF ILLINOIS )
                  ) ss:
COUNTY OF COOK )

## VERIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements as set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true to the best of his knowledge and belief.

Pursuant to 735 ILCS 5/2-610(b) and under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned further certifies that to the extent he has made statements in the foregoing pleading to the effect that he is without sufficient knowledge to form a belief as to certain allegations made by the plaintiff, those statements as to his lack of knowledge are true and correct.

                             _____

                      HODO MEHMETI a/k/a HODO MENETTI

STATE OF ILLINOIS )
                         ) SS:
COUNTY OF COOK )

## VERIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements as set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true to the best of his knowledge and belief.

Pursuant to 735 ILCS 5/2-610(b) and under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned further certifies that to the extent he has made statements in the foregoing pleading to the effect that he is without sufficient knowledge to form a belief as to certain allegations made by the plaintiff, those statements as to his lack of knowledge are true and correct.

                                        TEFIK H. MEHMETI a/k/a TEFIK H. MENETTI,
                                        individually and as Trustee of the Tefik Menetti
                                        2007 Irrevocable Trust

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on February 18, 2013, she served a true and correct copy of the above Defendant Hodo Menetti's and Tefik H. Mehmeti a/k/a Tefik H. Menetti's Verified Answer and Affirmative Defense to Second Amended Verified Complaint to Foreclose Mortgages and for Other Relief upon the following parties by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification to said parties:

William J. Serritella , Jr. (wserritella@agdglaw.com)
Danica Lee Werhand (dwerhand@agdglaw.com)
John Michael Riccione (jriccione@agdglaw.com)
Katherine Anne Attebery (kattebery@agdglaw.com)
Brianna Marie Sansone (bsansone@agdglaw.com)
Aronberg, Goldgehn, Davis & Garmisa
330 N. Wabash Avenue, #1700
Chicago, IL 60611
(312) 828-9600

Robert C. Keck , Jr. (kecklawfirm@yahoo.com)
Keck & Associates, P.C.
333 North Michigan Ave., Suite 501
Chicago, IL 60601
(312)201-1200


By: /s/ Kimberly A. Doucas