# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey Gilbert | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0572 | **DATE** | 4/1/2013 |
| **CASE TITLE** | FirstMerit Bank, NA vs. 2200 North Ashland, LLC et al | | |

**DOCKET ENTRY TEXT**

The Court has reviewed Plaintiff's Motion For Appointment Of Receiver Over Non-Residential Property [DE 111] and the various filings in support of and in opposition to that Motion. The Motion is set for further hearing and ruling on 4/5/13 at 10:00 a.m. At least 24 hours before that hearing, Defendant 2200 North Ashland LLC shall produce to Plaintiff, if it has not already done so, any lease between Defendant 2200 and any person or entity currently leasing space at 2200 North Ashland Avenue and documents sufficient to show the payment of any rent to Defendant 2200 or any other entity pursuant to that lease. See Statement below for further details.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

# STATEMENT

The Court finds that the only Defendant with standing to oppose the Motion For Appointment of Receiver is the mortgagor, Defendant 2200 North Ashland LLC ("Defendant 2200"). The Court has, however, reviewed the objections filed by Defendants Sam and Hodo Menetti and Defendant Tefik Mehmeti [DE 125, 127, 131, 132] which raise essentially the same arguments against the appointment of a receiver as does Defendant 2200 [DE 127, 132]. For present purposes, therefore, the Court focuses on Defendant 2200's objections.

The Court overrules Defendant 2200's objection to the appointment of a receiver based upon the argument that the mortgage loan on that property was repaid and the mortgage therefore should have been released by the Plaintiff Bank. Before the mortgage loan was repaid, the parties agreed that the mortgage granted to Plaintiff Bank by Defendant 2200 would cross-collateralize other loans made by the Bank to entities owned or controlled by the same people that own or control Defendant 2200. [DE 102, 102-1 and 102-3, being the Second Amended Complaint, 2011 Modification Agreement, and Forbearance Agreement.]

Illinois law apparently long has held that "[p]arties to a mortgage, as between themselves, notwithstanding payment in full has been made by the debtor, may continue the lien of the mortgage for the security of another debt. . . ." *Albers v. Westberg*, 19 N.E.2d 436, 439, 299 Ill. App. 41, 46-47 (1st Dist. 1939). The parties' intent that the mortgage on the 2200 North Ashland property would continue in effect after the original loan on that property was repaid, and that it would cross-collateralize the outstanding loans on the other properties, is clear on the face of the relevant documents including the 2011 Modification Agreement and the Forbearance Agreement. In fact, as Plaintiff points out, Defendant 2200 admitted that the 2200 North Ashland property cross-collateralized the other loans at a February 21, 2013 hearing before this Court. [DE 134-3, at Tr. 6.] That was before it came up with the new argument, which the Court now rejects, that Plaintiff is not entitled to the appointment of a receiver because the loan to Defendant 2200 had been repaid.

**STATEMENT**

The other loans remain outstanding and Plaintiff alleges they are in default. Indeed, Defendants, including Defendant 2200, acknowledged the loans were in default in the Forbearance Agreement. [DE 102-3.] A default under those other loans constitutes a default under the 2200 North Ashland LLC mortgage pursuant to the Forbearance Agreement. [Id.] That mortgage expressly authorizes the appointment of a receiver "preceding foreclosure or sale." [DE 102-7 at p. 9.]

The other arguments raised by Defendant 2200 (and the individual objectors) lack merit as well. The forgery argument, for example, is rebutted by the notarized signature of Tefik Mehmeti for Defendant 2200 on the 2011 Modification Agreement. The other arguments similarly are conclusively rebutted by Plaintiff's comprehensive and well-supported arguments laid out in its Reply Memorandum [DE 128] and will not be rehashed here.

Accordingly, Plaintiff has satisfied the two elements it is required to show under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1701(b)(2), to be placed in possession of the property and, in furtherance thereof, to the appointment of a receiver. The mortgage so authorizes and the Court is satisfied that there is a reasonable probability that Plaintiff will prevail in this case. Where a plaintiff establishes that a payment default under the promissory note secured by the mortgage exists, it is presumed that the plaintiff will ultimately succeed on the merits. *Travelers Ins. Co. v. LaSalle Nat'l Bank*, 200 Ill. App. 3d 139, 143 (2nd Dist. 1990). *See also Mellon Bank, N.A. v. Midwest Bank & Trust Co.*, 265 Ill. App. 3d 859, 869 (1st Dist. 1993).

At the hearing on 4/5/13, the Court will consider whether Defendant 2200 has satisfied its burden of showing that good cause exists not to appoint a receiveras as it is permitted to do under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1701(b)(2)(ii). At least 24 hours before that hearing, Defendant 2200 shall produce to Plaintiff, if it has not already done so, any lease between Defendant 2200 and any person or entity currently leasing space at 2200 North Ashland Avenue, and documents sufficient to show the payment of any rent to Defendant 2200 or any other entity pursuant to that lease or those leases. The Court notes that Defendant 2200 has offered to provide this information at least twice during previous court proceedings, and the Court believes it is at least potentially relevant to the good cause issue.

It is so ordered.