IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

FIRSTMERIT BANK, N.A., )
as successor-in-interest to the FDIC, )
as Receiver for Midwest Bank and )
Trust Company, )
                                        )    12 C 572
       Plaintiff, )
                                        )    Jeffrey T. Gilbert
v. )   Unites States Magistrate Judge
                                        )
2200 NORTH ASHLAND, LLC, *et al.*, )
       Defendants. )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff FirstMerit Bank, N.A.'s Amended Motion for Summary Judgment [Dkt.#331].[1] Plaintiff FirstMerit Bank, N.A. ("FirstMerit"), as successor-in-interest to the FDIC as Receiver for Midwest Bank and Trust Company ("Midwest Bank"), seeks summary judgment of foreclosure and sale on Counts I through IV and judgment on Counts VI through XVII of its Second Amended Complaint to Foreclose Mortgages and For Other Relief ("Second Amended Complaint") against Defendants 2200 North Ashland LLC, 7645 North Sheridan LLC, 6770 N. Clark LLC, 4526 North Sheridan LLC, Lawrence House LLC, Astor House LLC, Sam Menetti, Pullump L. Mehmeti, otherwise known as Pullump L. Menetti, individually and as Trustee of the Pullump Menetti 2007 Irrevocable Trust, Tefik H. Mehmeti,

---

[1] Plaintiff FirstMerit previously filed but withdrew two motions for summary judgment. *See* [Dkt.##178, 210]. FirstMerit also filed and noticed two other motions for summary judgment on July 15 and 23, 2013, without any supporting memoranda of law. *See* [Dkt.##200, 207]. On July 29, 2013, FirstMerit filed its Amended Motion for Summary Judgment and Judgment of Foreclosure and Sale [Dkt.#210] with an accompanying memorandum of law [Dkt.#211]. Pursuant to the Court's Order [Dkt.#320] on March 5, 2014, the parties agreed to modify the discovery closure deadlines and set a new briefing schedule for First Merit to file a second Amended Motion for Summary Judgment [Dkt.#331], which was filed April 21, 2014, with an accompanying memorandum of law [Dkt.#332] and Local Rule 56.1 Statement of Undisputed Material Facts [Dkt.#333]. It is that Amended Motion for Summary Judgment that is presently before the Court.

otherwise known as Tefik H. Menetti, individually and as Trustee of the Tefik Menetti 2007 Irrevocable Trust, and Burim Mehmeti, otherwise known as Burim Menetti, individually and as Trustee of the Burim Menetti 2007 Irrevocable Trust, pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] For all of the reasons set forth below, FirstMerit's Amended Motion for Summary Judgment [Dkt.#331] is denied.

## BACKGROUND[3]

This case involves various loans secured by properties located in Chicago, Illinois. The properties are owned by Defendants 2200 North Ashland LLC, 7645 North Sheridan LLC, 6770 N. Clark LLC, 4526 North Sheridan LLC, Lawrence House LLC, and Astor House LLC (hereinafter sometimes collectively referred to as the "Apartment Building Borrowers"). The members of the LLCs are members of the Menetti family, including individual Defendants Sam Menetti, Pullump Menetti, Tefik Menetti and Burim Menetti.[4]

In 2008, the Apartment Building Borrowers independently and separately borrowed money from Midwest Bank for business purposes, which transactions are evidenced by loan documents and promissory notes executed by the Apartment Building Borrowers. The promissory notes are secured by mortgages on the underlying properties, some or all of which also are secured by personal guaranties signed by the individual Defendants. In 2011, the FDIC assigned the mortgages to FirstMerit, as successor-in-interest to the FDIC as Receiver for

---

[2] Hodo Menetti also was named as a defendant in FirstMerit's Second Amended Complaint. However, on October 23, 2014, counsel for Hodo Menetti filed a notice of Suggestion of Death [Dkt.#379]. Thereafter, FirstMerit filed a Motion to Voluntarily Dismiss Hodo Menetti [Dkt.#380], and on October 30, 2014, the Court entered an Order [Dkt.#382] granting FirstMerit's Motion to Dismiss without prejudice. Hodo Menetti was dismissed after the briefing on the Amended Motion for Summary Judgment was completed, and he opposed FirstMerit's Motion. The Court, however, will not address the arguments raised by Hodo Menetti at this time in light of FirstMerit's voluntary dismissal without prejudice.

[3] The Court is summarizing to the best of its ability the general background facts of this case for background purposes only. These facts are taken from the parties' briefs and statements of facts but should not be construed as findings of fact by the Court.

[4] Hodo Menetti also was a member of certain Apartment Building LLCs.

2

Midwest Bank. In 2012, the FDIC executed allonges to the underlying promissory notes in favor of FirstMerit.

On August 19, 2011, FirstMerit contends that the Apartment Building Borrowers and FirstMerit entered into a Loan Document Modification and Cross-Collateralization and Cross-Default Agreement ("2011 Modification Agreement"), in which the parties agreed to restructure the loans, as evidenced by the underlying promissory notes, so that, among other things, they were cross-collateralized and cross-defaulted. The effect of the 2011 Modification Agreement was supposed to be that each of the underlying properties secured all of the loans and a default under one of the loans would constitute a default under all the loans. The 2011 Modification Agreement was part of an overall restructuring of all of the loans and included, among other things, an extension of the maturity dates of the loans. The Apartment Building Borrowers and individual Defendants Sam Menetti, Pullump Menetti, and Burim Menetti challenge the validity of the 2011 Modification Agreement and raise certain affirmative defenses to that Agreement. Defendant Tefik Menetti also challenges the validity of the 2011 Modification Agreement, claiming that his signature was forged on that document, and he also raises other defenses to that Agreement.

The Apartment Building Borrowers and FirstMerit subsequently entered into a forbearance agreement ("Apartment Building Forbearance Agreement") on August 2, 2012, pursuant to which FirstMerit agreed to forbear for a limited time from exercising its rights and remedies under the 2011 Modification Agreement. The Apartment Building Borrowers and individual Defendants Sam Menetti, Pullump Menetti and Burim Menetti, however, raise certain affirmative defenses to the Apartment Building Forbearance Agreement, and Defendant Tefik

3

Menetti also challenges the validity of that Agreement claiming that his signature was forged on it as well as on the 2011 Modification Agreement.

As discussed above, FirstMerit has filed an Amended Motion for Summary Judgment [Dkt.#331] with a supporting memorandum of law [Dkt.#332] and Local Rule 56.1 Statement of Undisputed Material Facts [Dkt.#333] seeking judgments of foreclosure and sale of the underlying properties and damages under the promissory notes and personal guaranties, as well as prejudgment interest, attorneys' fees and costs. All Defendants filed memoranda of law in opposition to the Amended Motion for Summary Judgment [Dkt.##352, 355] and accompanying Local Rule 56.1(b)(C)(2) Responses to FirstMerit's Local Rule 56.1 Statement as well as Local Rule 56.1(b)(C)(3) Statements of Additional Facts [Dkt.##353, 355-1]. Defendant Tefik Menetti also filed a Motion to Strike (1) Portions of Plaintiff FirstMerit Bank, N.A.'s Reply in Support of its Statement of Facts and Response to the Statement of Additional and (2) The Supplemental Rule 56(c) Affidavit of Lori Snelson [Dkt.#362].

## ANALYSIS

Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56(c). A court must construe all facts in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmoving party must offer something more than a 'scintilla' of evidence to overcome summary judgment . . . and must do more than 'simply show that there is some metaphysical doubt as to the material facts.'" *Roger Whitmore's Auto. Servs. v.*

4

*Lake County,* 424 F.3d 659, 667 (7th Cir. 2005) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of Du Page,* 715 F.2d 1238, 1243 (7th Cir. 1983). Conclusory allegations will not defeat a motion for summary judgment. *Thomas v. Christ Hosp. and Medical Center,* 328 F.3d 890, 893-94 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Federation,* 497 U.S. 871, 888-89 (1990)). Unsupported speculation also will not defeat a summary judgment motion; and an affidavit that includes general opinions and beliefs does not create a genuine issue of material fact sufficient to defeat summary judgment. *Cleveland v. Porco Co.*, 38 F.3d 289, 295 (7th Cir. 1994).

Importantly, in considering whether summary judgment is appropriate, the Court relies on the statements of facts submitted by the parties. To that end, the parties must comply with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Local Rules of the District Court of the Northern District of Illinois.

## A. Local Rule 56.1 Requirements

Local Rule 56.1 requires a party moving for summary judgment to submit a statement of material facts with "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts . . . ." Local Rule 56.1(a). The non-moving party opposing the motion for summary judgment then must file a response to this statement, as well as its own statement of additional facts if necessary. *See* Local Rule 56.1(b)(3). The moving party then has an opportunity to admit, or deny the non-moving party's statement of additional facts. *See* Local Rule 56.1(a) ("If additional material facts are submitted by the opposing party

pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party.").

The purpose of the Local Rule 56.1 statement of facts is to identify the relevant evidence supporting material facts that the moving party contends are undisputed, not to make factual or legal argument. *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006). A party's obligation to support its facts with evidence is mandatory, and the Seventh Circuit repeatedly has held that a district court is within its discretion to enforce strict compliance with the requirements of Local Rule 56.1. *See Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009); *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 528 (7th Cir. 2000).

**B.    The Parties Have Failed to Comply with Local Rule 56.1**

As a threshold matter, the Court notes that neither FirstMerit nor Defendants bothered to include a statement of fact section in their memoranda of law in support of the summary judgment motion or in opposition thereto, electing instead to leave it to the Court to sift through the parties' Local Rule 56.1 statements and responses, and the underlying exhibits, to determine the factual background and sequence of relevant events. Courts in this district repeatedly have informed litigants that a Local Rule 56.1 statement of facts is not a substitute for a statement of facts contained in a supporting memorandum of law. *See e.g., Condon v. City of Chicago*, 2011 WL 5546009, at *1 (N.D. Ill. 2011); *Cleveland v. Prairie State College*, 208 F. Supp. 2d 967, 972-73 (N.D. Ill. 2002); *Duchossois Industries, Inc. v. Crawford & Co.*, 2001 WL 59031, at *1 (N.D. Ill. 2001) ("The purpose of LR 56.1 statements [is] not intended to be substitutes for a statement of facts section of a memorandum of law. Rather, their purpose is to assist the court in identifying those material, uncontested facts in the record that entitle the movant to judgment.").

6

1. **FirstMerit's Memorandum of Law and Local Rule 56.1 Statement of Facts in Support of its Amended Motion for Summary Judgment**

More problematic, however, is that FirstMerit does not cite to its Local Rule 56.1 Statement of Undisputed Material Facts [Dkt.#333] in its memorandum of law in support of its Amended Motion for Summary Judgment [Dkt.#332], and instead cites directly to the record, including a host of underlying documents, pleadings and exhibits. Courts in this district also repeatedly have held that, in memoranda of law filed in support of, or in opposition to, motions for summary judgment, parties should cite to the specific Local Rule 56.1 statement or statements of fact in support of their arguments, not to the record directly. *See Morningware, Inc. v. Hearthware Home Products Inc.*, 2012 WL 3721350, at *3 (N.D. Ill. 2012); *LaSalvia v. City of Evanston*, 806 F. Supp. 2d 1043, 1046 (N.D. Ill. 2011); *Daoust v. Abbott Laboratories*, 2006 WL 2711844, at * 4 (N.D. Ill. 2006) **("[C]itations in the [summary judgment memoranda] . . . should be to the 56.1(a) or (b) statement only.")** (Emphasis supplied).

FirstMerit's failure to fulfill its obligations under Local Rule 56.1 justifies the wholesale denial of its Amended Motion for Summary Judgment. Facts are to be set forth in properly submitted Local Rule 56.1 statements and cited thereto in a party's memorandum of law, and it is not the role of the court to parse the parties' exhibits to construct the undisputed facts. Judges are not "like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). "Nor are they archaeologists searching for treasure." *Jeralds ex rel. Jeralds v. Astrue*, 754 F. Supp. 2d 984, 985 (N.D. Ill. 2010) (citing *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999)). It simply is not the court's job to sift through the record to determine whether there is sufficient undisputed evidence to support a party's claim or defense as a matter of law. *Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is "[a]n advocate's job . . . to make it easy for the court to rule in his client's favor . . . ." *Dal Pozzo v. Basic Machinery Co.,*

*Inc.*, 463 F.3d 609, 613 (7th Cir 2006). Properly constructed and cited Local Rule 56.1 statements are the vehicles by which the parties and their counsel put the relevant facts before the court either in support of or in opposition to a summary judgment motion.

The Court recognizes that in some cases other judges in this district will cite the cases referenced above that permit district courts to require strict compliance with their Local Rules, identify the deficiencies in a party's memorandum of law or Local Rule 56.1(a)(1)(3) statement of facts, Rule 56.1(b)(3)(B) response or Rule 56.1(b)(3)(C) statement of additional facts, but then proceed to rule substantively on the motion for summary judgment despite a movant's or opponent's non-compliance with the Local Rule. Like the judge in *Daoust v. Abbott Laboratories*, this Court will not do so here. *See* 2006 WL 2711844. No party in this case bothered to set out its version of the facts in a supporting memorandum as required under our Local Rules. *Id.* at *2. There are numerous loan documents at issue and agreements entered into, or purportedly entered into, by and between the parties in this case that require interpretation. The underlying facts are nuanced enough that the Court would have to do a tremendous amount of work itself and without guidance from the parties or a proper reference to a statement of facts, to determine conclusively what is and is not disputed. This process is fraught with pitfalls and potential error not to mention being overly burdensome and time consuming for the Court, and the Court is not required to engage in such an exercise.

At the center of this case is the matter of what, if any, payment or other default(s) existed at the time FirstMerit declared all of the Apartment Building Borrowers' loans to be in default, and the validity of agreements purportedly entered into by all the relevant parties in 2011 and 2012 that FirstMerit argues gave it the right to foreclose upon all the loans and notes and obtain appointment of a receiver. FirstMerit does a poor job of teeing up for the Court in compliance

with Local Rule 56.1 the underlying facts that it says give it the undisputed legal right to do what it did and to obtain the legal relief it seeks on summary judgment. It may be that, at the end of the day, FirstMerit is correct and it is entitled to the relief it seeks as a matter of law. On the other hand, it may be that one or more of the Defendants is right that FirstMerit does not have all of the legal rights it says it has because, among other things, one or more of the documents under which FirstMerit claims these rights – particularly the right to foreclose on all of the properties because of a default affecting only one of those properties – is invalid. FirstMerit's failure to comply with Local Rule 56.1 makes it infinitely more difficult for the Court to rule on its Amended Motion for Summary Judgment than would be the case if FirstMerit had complied with the Local Rule.

For example, in its memorandum of law in support of its Amended Motion for Summary Judgment, FirstMerit asserts that it is "the current rightful holder and owner of all of the Notes and Mortgages described in the Complaint." FirstMerit's Memorandum of Law [Dkt.#332], at 3. As support for that statement, FirstMerit cites directly to ten exhibits to the Complaint [Dkt.#102] and the affidavit of Lori Snelson. *Id.* It does not cite to its Local Rule 56.1(a) statement. And then in the next sentence without any citation to support its assertion, FirstMerit states: "Borrowers are not contesting these facts." *Id.*

The Court recognizes that FirstMerit probably does own and hold the Notes and Mortgages in question and Defendants probably do not, and cannot, dispute those facts. But the appropriate way for FirstMerit to establish the facts that give rise to the conclusion that FirstMerit is the current and rightful owner of the Notes and Mortgages is to lay out the relevant facts in a Local Rule 56.1(a) statement and then to cite to those supposedly undisputed Local Rule 56.1(a) fact statements in its memorandum of law. Defendants then would have the

opportunity to admit or deny those facts. FirstMerit defeats the purpose of Local Rule 56.1 by ignoring and not citing to its Local Rule 56.1(a) statement in its memorandum of law and, instead referring the Court to the raw underlying exhibits, affidavits, and deposition testimony. That is not how it is done. The Court should not have to read 11 exhibits to FirstMerit's Complaint and eight paragraphs of Snelson's affidavit to determine or even to confirm whether FirstMerit's statement is true. It should be able to go to FirstMerit's Local Rule 56.1 statement of facts and Defendants' responses to that statement to determine whether the relevant facts are contested or uncontested.

As another example, FirstMerit states in its memorandum of law that "the Borrowers expressly acknowledge that they were in default under [the Notes and Mortgages]," citing an exhibit to its Complaint [Dkt.#102]. *See* FirstMerit's Memorandum of Law [Dkt.#332], at 4. FirstMerit cites nothing to establish that Defendants admit they were in default either as a matter of fact or law. Citing to an exhibit to its Complaint does not provide the Court with any indication as to whether Defendants admit or deny that they were in default, or whether they admit or deny the facts that would give rise to that legal conclusion. The Court should not have to engage in any guesswork nor should it have to scour the record to determine if a fact is in dispute or not.

Further, to the extent a borrower's default is a mixed question of law and fact, FirstMerit does not cite facts from which the legal conclusion can be drawn (as discussed in a different context below). Finally, and significantly, Defendants actually do appear to dispute that all of the loans were in default as a matter of fact and law, and FirstMerit's attempt to blow through that apparent dispute without a properly constructed and cited Local Rule 56.1 statement dooms its Amended Motion for Summary Judgment.

FirstMerit also failed to comply with its obligations under Local Rule 56.1 in that many fact statements in its Statement of Undisputed Material Facts do not consist of "*short* numbered paragraphs." *See* L.R. 56(a)(1) (emphasis added). And many of the statements contain a significant amount of legal argument and legal conclusions. *See Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec,* 529 F.3d 371, 382 n. 2 (7th Cir. 2008) (holding that "[i]t is inappropriate to make legal arguments in a Rule 56.1 statement of facts"); *see also Malec v. Sandford,* 191 F.R.D. 581, 585 (N.D. Ill. 2000) (explaining that "[t]he purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument").

For example, looking at Statement of Fact No. 41, FirstMerit states:

> The Apartment Building Borrowers defaulted under the Apartment Building Loans because, among other defaults, they failed to make monthly payment due under the Lawrence Note and Clark Note on and after November 25, 2011, and failed to pay the real estate taxes due on the Ashland Property, 4526 Sheridan Property, Clark Property, and 7645 Sheridan Property (the "Apartment Building Properties") for the second installment of the 2010 calendar year, and under the Lawrence Property for the first and second installment of the 2010 calendar year. Compl. [102] at ¶11, Ex.1 (¶¶2, 7(a), 14, and 16), Ex. 3) ¶A; Written Opinion [137], FRCP Snelson Aff. at ¶38.

*See* FirstMerit's Local Rule 56.1 Statement of Undisputed Material Facts [Dkt.#333], at 9. The matter of a default may be, in the first instance, a legal conclusion and not a proper undisputed statement of fact. Indeed, Defendants responded to FirstMerit's Statement of Fact No. 41 as follows: "Whether the Apartment Building Borrowers are in default of the Apartment Building Loans is not "material fact," but rather an issue of law." *See* Defendant Tefik Menetti's Local Rule 56.1(b)(3) Response to Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts [Dkt.#353], at ¶41; Defendants Sam Menetti, Pullump Menetti, and Burim Menetti and the

11

Menetti LLC's Local Rule 56.1(b)(3) Response to Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts [Dkt.#355-1], at ¶41.

In addition, however, to the extent there are statements of fact within Statement of Fact No. 41, there are a lot of them. It is improper to load all of them into one statement of fact. FirstMerit's Statement of Fact No. 41 does not allow an easy response nor does it enlighten this Court as to whether the underlying facts actually are undisputed. Indeed, it appears that although FirstMerit alleged in its original Complaint that the Apartment Building Borrowers failed to make a monthly payment on the Clark Note, it omitted the allegation of a missed monthly payment on the Clark Note from its Second Amended Complaint. Lumping factual statements together in the way FirstMerit has done makes it difficult to focus on what is and is not disputed.

Instead, FirstMerit should have set forth the individual facts, like: (1) the Apartment Building Borrowers failed to make monthly payment due under the Lawrence Note on and after November 25, 2011; (2) the Apartment Building Borrowers failed to make monthly payment due under the Clark Note on and after November 25, 2011; and (3) the Apartment Building Borrowers failed to pay the real estate taxes due on the Ashland Property for the second installment of the 2010 calendar year. Defendants then could have admitted or denied each of those facts, and FirstMerit could have argued the legal conclusion in its memorandum of law that the Apartment Building Borrowers are in default because they failed to make certain monthly payments or pay certain installments of the property taxes, as appropriate. In deciding that question, had FirstMerit presented the issue properly, the Court would know which facts Defendants dispute and which facts they do not or cannot dispute.

Local Rule 56.1 exists for a reason, and the Seventh Circuit repeatedly has held that the district court may rigorously enforce compliance with it. *See, e.g., Stevo v. Frasor*, 662 F.3d 880,

886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings.") (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)). The examples cited above are just a few of many examples of how FirstMerit's summary judgment submissions are deficient.

Had FirstMerit submitted short numbered paragraphs as required by Local Rule 56.1 and properly cited to its Local Rule 56.1 Statement of Undisputed Material Facts in its memorandum of law in support of its Amended Motion for Summary Judgment, then the matters FirstMerit wants the Court to consider would be presented in a way that the Court could do so in an organized and efficient manner. *See Daoust*, 2006 WL 2711844, at *4 ("Citing directly to the record in the memorandum . . . rather than citing to [Local Rule 56.1(a) or (b) statements] negates the purpose of the summary judgment exercise. . . . The court should be spared from engaging in this type of guesswork. The aim of a [Rule 56.1] statement is to organize the arguments, give the [nonmovant] an opportunity to respond, and economize court resources by lessening the need to scour the record."). It is not the Court's role to attempt to connect the facts identified in FirstMerit's Local Rule 56.1 statement with the facts discussed and referenced in its memorandum of law, but without citation to any statement of fact in its Local Rule 56.1 statement, to rule substantively on FirstMerit's Amended Motion for Summary Judgment. Similarly, the Court should not have to figure out what facts discussed in an affidavit are undisputed, or what facts are established by a referenced exhibit. The Local Rule 56.1 process is supposed to provide the Court with a factual record upon which to consider the parties' legal

13

arguments. FirstMerit failed to do that here, and it is not the Court's job to construct the record when the moving party fails to do so.

For litigants appearing in the Northern District of Illinois, compliance with Local Rule 56.1 is a critical, and mandatory, component of summary judgment motion practice. "The purpose of the local rule is to make the summary judgment process less burdensome on district courts, by requiring the parties to nail down the relevant facts and the way they propose to support them." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012). As movant, FirstMerit has complicated this process, and the Court is not required to scour the record and piece together, if that even is possible, the undisputed facts necessary to grant summary judgment in its favor. Defendants also have made the process more burdensome.[5]

Accordingly, for all of the reasons discussed herein, FirstMerit's Amended Motion for Summary Judgment [Dkt.#331] is denied.

## B. Tefik Menetti's Motion to Strike

Tefik Menetti filed a Motion to Strike (1) Portions of Plaintiff FirstMerit Bank, N.A.'s Reply in Support of its Statement of Facts and Response to His Statement of Additional Facts and (2) The Supplemental Rule 56(c) Affidavit of Lori Snelson [Dkt.#362]. In that motion, Tefik Menetti argues that FirstMerit's reply in support of its statement of facts must be stricken because it is improper and not authorized by the Local Rules.

---

[5] Defendants cannot escape criticism. In many instances, Defendants also have failed to comply with their obligations under Local Rule 56.1. Defendants' responses to FirstMerit's Local Rule 56.1 Statement of Undisputed Material Facts contain a significant amount of legal argument and legal conclusions. In addition, although Defendants made some attempt to cite to their Local Rule 56.1(b)(3)(B) response and Local Rule 56.1(b)(3)(C) statement of additional facts in their memoranda of law in opposition to FirstMerit's Amended Motion for Summary Judgment, rather than to raw evidence in the record, they too cite directly to the record in many instances instead of to their Local Rule 56.1(b)(3)(B) response to FirstMerit's statement of facts and their Local Rule 56.1(b)(3)(C) statement of additional facts in support of their memoranda of law in opposition to FirstMerit's Amended Motion for Summary Judgment. As discussed herein, this does not comply with Local Rule 56.1.

The Court agrees that the Local Rules do not contemplate a reply brief in support of a movant's statement of facts. *See Miller v. Ameritech Corp.*, 2005 WL 2266614, at *1 n. 2 (N.D. Ill. 2005); *see also Richards v. Burgett, Inc.*, 2011 WL 6156838, at *1 (N.D. Ill. 2011). While the procedural vehicle FirstMerit chose to raise its arguments challenging Defendants' responses to FirstMerit's Local Rule 56.1 statements was improper, FirstMerit's arguments have merit. The substantive arguments FirstMerit raised in its reply in support of its statement of facts could have been included in its reply brief in support of its Amended Motion for Summary Judgment, and would have been properly raised therein. In any event, however, Tefik Menetti's Motion to Strike (1) Portions of Plaintiff FirstMerit Bank, N.A.'s Reply in Support of its Statement of Facts and Response to His Statement of Additional Facts and (2) The Supplemental Rule 56(c) Affidavit of Lori Snelson [Dkt.#362] is denied as moot in light of the Court's denial of FirstMerit's Amended Motion for Summary Judgment.

### C. Material Fact Disputes Appear to Preclude Summary Judgment Even if FirstMerit Had Complied with Local Rule 56.1

Even if the Court were to consider the merits of the arguments raised in FirstMerit's Amended Motion for Summary Judgment, it likely would be denied. On the record presently before the Court, there appear to be disputed material facts that bring into question the validity of both the 2011 Modification Agreement and the Apartment Building Forbearance Agreement. Because FirstMerit relies on the validity of those two Agreements to support its legal arguments in support of its Amended Motion for Summary Judgment, this precludes the entry of summary judgment in this case in favor of FirstMerit, at least at the present time.

As to the 2011 Modification Agreement, Tefik Menetti denies signing the Agreement, and the notary denies that she notarized his signature on the Agreement. *See* Tefik Menetti's Local Rule 56.1(b)(3)(C) Statement of Additional Facts [Dkt.#353], at ¶¶ 3, 4, 6-8. This creates

a disputed material fact as to the validity of the 2011 Modification Agreement. The Court cannot say as a matter of law on this record that Tefik Menetti cannot come forward with clear and convincing evidence that his signature on the 2011 Modification Agreement was forged. If he is able to do so, that may call into question the validity of the 2011 Modification Agreement that FirstMerit says gave it the right to declare all of the loans and notes in default when the Apartment Building Borrowers failed to make a required payment as to at least (and perhaps only) one of the properties.

In response, FirstMerit argues that it does not matter whether Tefik Menetti's signature was forged on the 2011 Modification Agreement because the Apartment Building Forbearance Agreement ratified the Modification Agreement, and Tefik Menetti signed the Forbearance Agreement. Tefik Menetti, however, also asserts that he did not sign the Forbearance Agreement. He argues his signature was forged on that Agreement as well. The notary who purportedly notarized his signature on that document did not testify unequivocally that Tefik signed that document in her presence. She testified at her deposition that she notarized the signatures on the Forbearance Agreement and that she believes all of the Menettis, including Tefik, signed the Agreement in front of her. Tefik Menetti's Local Rule 56.1(b)(C)(3) Statement of Additional Facts [Dkt.#353], at ¶19. But she also testified that she would not be able to identify Tefik Menetti and that she notarized the Agreement quickly with the intent of getting all of the Menettis in and out of her office quickly. *Id.*

The Court recognizes that Tefik Menetti bears the burden of proving by clear and convincing evidence that his signature was forged on the Forbearance Agreement. *Koepke v. Schumacher*, 406 Ill. 93, 96, 92 N.E.2d 152, 155 (1950). The Court, however, cannot say as a matter of law on this record that Tefik Menetti cannot bring forth clear and convincing evidence

16

that his signature was forged on the Forbearance Agreement. He denies signing that document and the notary who purportedly notarized his signature testified in an equivocal manner. Visual comparison of Tefik Menetti's signature on documents he does not contest, such as his guaranty, against the signatures he does contest appears to support his claim that the documents were not signed by the same person. Therefore, there is a disputed question of material fact as to the validity of his signature on both the 2011 Modification Agreement and the Forbearance Agreement.[6]

FirstMerit does not argue that the 2011 Modification Agreement and/or the Forbearance Agreement are valid even if Tefik and/or Hodo Menetti's signatures were forged. If the signatures are deemed to be forgeries, the contracts would appear to be void. *See Kruger v. Dorr*, 22 Ill. App. 2d 513, 161 N.E.2d 433, 439-40 (1959) ("[A] forged note is by the common law absolutely void, unless it has in some way been ratified by the payor."); *Chrystyan v. Feinberg*, 156 Ill. App. 3d 781, 510 N.E.2d 33, 36 (holding that a trustee's deed was void because signature was forged on letter of direction), *appeal denied*, 116 Ill. 2d 549, 515 N.E.2d 103 (1987); *Mruk v. Chicago Title & Trust Co.*, 328 Ill. App. 2d 402, 66 N.E.2d 478, 481 (1946) (holding that "a certificate of deposit with forged indorsement cannot confer any power or transfer any right"). Because there is a disputed question of fact as to the signature of Tefik Menetti on both the 2011 Modification Agreement and the Apartment Building Forbearance Agreement, there are disputed questions of fact as to the validity of both Agreements.

---

[6] Although the Court has not dealt with the arguments raised by Hodo Menetti in opposition to FirstMerit's Amended Motion for Summary Judgment for the reasons discussed earlier (see footnote 2 *supra*), it notes that Hodo Menetti also claimed that his signature on the 2011 Modification Agreement was forged and the notary who purportedly notarized his signature on that document also denied doing so. *See* Hodo Menetti's Local Rule 56.1(b)(3)(C) Statement of Additional Facts [Dkt.#353], at ¶¶ 1, 2, 5,7, 8. If nothing else, these are facts that support Tefik Menetti's claim that his signature also was forged.

17

If FirstMerit is not entitled to declare all of the properties in default pursuant to the cross-collateralization and cross-default provisions in the 2011 Modification Agreement because the Modification Agreement is void, then FirstMerit may not be entitled to judgment of foreclosure and sale of all of the underlying properties nor to all of the damages it seeks. Even if FirstMerit is correct that the Forbearance Agreement ratified the 2011 Modification Agreement (an issue the Court is not deciding at this juncture), a forged signature on the Forbearance Agreement might negate the legal effect of that purported ratification. The potential failure of the cross-collateralization and cross-default provisions also might call into question the appointment of a receiver for all of the properties back in April 2012. Whether FirstMerit ultimately bears the burden of any forgery or forgeries as opposed to the forger, whose identity may or not be known, is unclear and no party has addressed that issue.[7]

Because the Court is denying FirstMerit's Amended Motion for Summary Judgment for the reasons discussed above in Section B of this Memorandum Opinion and Order, it need not rule definitively on the validity of the 2011 Modification Agreement or the Forbearance Agreement at this juncture nor need it determine where the chips ultimately should fall. The Court does, however, want to note these issues for the parties as the case moves forward.

The Court also is skeptical, however, of some of Defendants' other arguments in opposition to FirstMerit's Amended Motion. The Court is not persuaded, for example, by Defendants' arguments concerning the Receiver's purported mismanagement of the properties in light of the decrease in net income or profits after the Receiver was put in place. With the Court's approval, the Receiver has been addressing various housing code violations, security and life safety issues at the properties that had been ignored by Defendants when they controlled the

---

[7] Tefik Menetti does not accuse any particular person of forging his signature on the relevant documents nor does he directly accuse FirstMerit of doing so.

properties. Comparing the income generated by the properties under the Receiver's management with the profits realized under Defendants' management is, therefore, comparing apples to oranges. In addition, Defendants kept records on a different accounting basis than has the Receiver. Defendants, so far, have not brought forth persuasive evidence of mismanagement by the Receiver or any economic effect that would have on the amounts ultimately owed to FirstMerit.

The Court also is not persuaded by Defendants' argument that the 2011 Modification Agreement is not valid because FirstMerit violated a purported duty of good faith and fair dealing in securing signatures on the document. But a duty of good faith and fair dealing does not arise until parties have entered into a contract. Here, Defendants argue that FirstMerit breached a duty of good faith and fair dealing it owed Defendants before entering into the contract. That is not the law. Illinois courts recognize, under certain circumstances, an implied duty of good faith and fair dealing as an aid in construing a contract or the intent of the contracting parties, *Mid-West Energy Consultants, Inc. v. Covenant Home, Inc.*, 352 Ill. App.3d 160, 165, 815 N.E.2d 911, 916 (1st Dist. 2004), or in measuring a party's performance under a contract, *Goldberg v. 401 North Wabash Ventures LLC*, 755 F3d 456, 462 (7th Cir. 2014), but not in the context of the formation of a contract, *Citadel Group Ltd. v. Washington Regional Medical Center*, 692 F.3d 580, 592 (7th Cir. 2012) ("Unlike the duty of good faith imposed on parties in contract performance, there is no inherent duty of good faith and fair dealing with respect to contract formation.").

Finally, there are material fact disputes about FirstMerit's alleged damages and the amount of money it is owed even aside from Defendants' argument that the Receiver's alleged mismanagement of the properties increased their exposure to FirstMerit. Defendants raise

questions about specific amounts owed by or charged to each property. Accordingly, these fact disputes also would prevent entry of judgment in favor of FirstMerit as to damages and deny it the complete relief it seeks, at least on this record.

Accordingly, even apart from the procedural deficiencies in FirstMerit's Amended Motion for Summary Judgment [Dkt.#331], the Court also seriously doubts that FirstMerit would be entitled to summary judgment as a matter of law for the reasons outlined in this Section C of its Memorandum Opinion and Order.

## CONCLUSION

For the reasons discussed in the Court's Memorandum Opinion and Order, FirstMerit's Amended Motion for Summary Judgment [Dkt.#331] is denied. Defendant Tefik Menetti's Motion to Strike (1) Portions of Plaintiff FirstMerit Bank, N.A.'s Reply in Support of its Statement of Facts and Response to the Statement of Additional Facts and (2) The Supplemental Rule 56(c) Affidavit of Lori Snelson [Dkt.#362] also is denied as moot. This matter is set for a status hearing on November 19, 2014 at 11:00 a.m. so that the Court can discuss with the parties the next steps in this litigation.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 13, 2014